E-FILED
Thursday, 09 September, 2004 03:06:18 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and Compaq Trademark B.V. | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 04-3055 |
| Midwest Information Technology Group, Inc. and Michael Lauber | § § § § | |
| Defendants. | § | |

## STIPULATED PROTECTIVE ORDER

Upon Joint Motion of counsel in the above-captioned matter, and pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown, the Court hereby enters the following Agreed Protective Order:

WHEREAS, Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V. ("Hewlett-Packard" or "Plaintiffs") and Midwest Information Technology Group, Inc. ("MITG") and Michael Lauber (collectively "Defendants"), recognize that, pursuant to discovery or otherwise during the course of the lawsuit between Plaintiffs and Defendants (the "Lawsuit"), the parties may be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have agreed that a Protective Order pursuant to Rule 26(c) is necessary in this case to prevent unnecessary disclosure or dissemination of such confidential information.

THEREFORE, IT IS HEREBY ORDERED that the following provisions of this Agreed Protective Order (hereafter the "Order") shall control the disclosure, dissemination, and use of confidential information in the lawsuit:

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with the lawsuit and designated in accordance with this Order. A party may designate information or documents produced, used, or disclosed in connection with the lawsuit as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and therefore subject to the protections and requirements of this Order, if so designated in writing to the other party, or orally if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order. Information and documents that a party believes contain or refer to information that is not generally available to or accessible by the general public, or that is to be kept confidential due to pre-existing obligations, or that if disclosed would tend to damage the party's competitive position, may be designated as "CONFIDENTIAL." Information and documents that a party believes contain or refer to trade secrets or other confidential research, development, business, or financial information, or other confidential commercial information, and that, if disclosed to a business competitor, would tend to damage the party's competitive position may be designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2. In the case of a document, a designation of "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be accomplished by marking each page of the document with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

3. Information conveyed or discussed in testimony at a party or non-party deposition, or a court proceeding, shall be subject to this Order, provided that it is designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" orally or in writing either at the time of the deposition or court proceeding, or within thirty (30) days after receipt by the parties of the transcript. During such time as any information or documents designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are disclosed in a deposition, the party whose information or documents are to be disclosed shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order. During the thirty (30) day post-receipt designation period, the entire deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," during which time a party may designate in writing specific portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", as appropriate. If, within such time, neither party designates in writing any portions of the transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", either party shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality.

4. The failure of a party to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this order, and the failure to object to such a designation, shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES

ONLY." The parties understand and acknowledge that a party's failure to designate information or documents as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" relieves the other party of any obligation of confidentiality until such a designation is made. Promptly after any such subsequent designation, the receiving party shall mark with the appropriate legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" any such subsequently designated documents, and all documents containing any such subsequently designated information, in the receiving party's possession, custody, or control will be thereafter appropriately treated in accordance with this Order.

5. In designating information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," a party will make such designation only as to that information that it in good faith believes contains confidential information. The parties shall not frivolously or *en masse* designate documents or information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Any designation of a document may be challenged at any time by motion of a party. Should any designation be found to have been made frivolously or *en masse*, the party so designating shall reimburse the other party its attorneys fees to bring a motion challenging such action.

6. Other than by the producing party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this lawsuit and shall not be disclosed to anyone other than:

   (a) The Court and court personnel;

   (b) Employees of the receiving party provided that:

(i) such disclosure is needed to assist in the prosecution or defense of this action;

(ii) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons; and

(iii) before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto;

(c) Counsel of record (including non-attorney personnel such as secretaries and paralegals employed by counsel of record, who must access designated information and documents in the course of assisting counsel of record);

(d) In-house counsel and employees within the legal department for Plaintiffs and Defendants;

(e) Testifying experts, investigators, consulting experts, and advisors who are retained for purposes of the lawsuit, provided that:

(i) any such person who is an employee of the receiving party counts against the limits stated in Paragraph 6(b);

(ii) before such person is shown or receives any information or document designated as "CONFIDENTIAL," he or she must execute a Declaration in the form of Exhibit A attached hereto;

(f) Service bureaus (as that term is herein defined):

"Service bureau" means a company that

(i) is independent of the parties, but a company will not be deemed non-independent solely because it does business, regularly or irregularly, with a party;

  (ii) is engaged by counsel of record to perform clerical-type services in connection with this litigation (e.g., photocopying, imaging, computer data entry, preparation of exhibits, and the like); and

  (iii) has executed an undertaking to be bound by the provisions of this Order in substantially the form of Exhibit A attached hereto, including the specific undertaking to instruct its employees who have access to "confidential" information or documents about their duty not to use or disclose such information or documents.

 (g) Witnesses being shown documents authored, created, or received by that witness.

7. Any information or document designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be used by the receiving party solely in connection with this lawsuit and shall not be disclosed to anyone other than:

 (a) The Court and court personnel;

 (b) Counsel of record for the parties (including non-attorney personnel such as secretaries and paralegals employed by counsel of record, who must access designated information and documents in the course of assisting counsel of record) and in-house counsel and their employees within the legal department for Plaintiffs and Defendants; and

 (c) Testifying experts, investigators, consulting experts, and advisors who are retained for purposes of the lawsuit, provided that:

  (i) any such person who is an employee of the receiving party, or retained by the receiving party for purposes other than the lawsuit, shall not receive

disclosure of information or documents designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY";

  (ii) before such person is shown or receives any information or document designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," he or she must execute a Declaration in the form of Exhibit A attached hereto.

 (d) Service bureaus, as that term is defined in Paragraph 0 of this Stipulated Protective Order.

 (e) Witnesses being shown documents authored, created, or received by that witness.

8. The attorneys of record for the receiving party shall retain the original, executed Declarations (in the form of Exhibit A, hereto) that have been executed by that party, its employees, and/or that party's witnesses, testifying experts, investigators, consultants, and advisors.

9. In no event shall "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information be stored at any business premises of any receiving party to this action unless such information is stored in a secured area accessible only to persons eligible to review such information.

10. Whenever any document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or any pleading containing "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information is filed with the Court, such document or pleading shall be filed under seal and shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL - SUBJECT TO COURT ORDER PROHIBITING PUBLIC DISCLOSURE." Materials presented as sealed documents pursuant to this Agreed Protective Order shall be in a sealed envelope

or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of the sealed envelope or container, the filing date of this Agreed Protective Order, and the identity of the party filing the documents.

11. Unless otherwise permitted herein, within ninety (90) days after the final disposition of the lawsuit, including all appeals therefrom, all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," all copies of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all excerpts therefrom in the possession, custody or control of the parties, and their experts, investigators, advisors, or consultants shall be destroyed or returned to counsel for the producing party. Each counsel of record for a party may retain one (1) copy of each document, pleading, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" for archival purposes only, but shall destroy or return all other copies of such documents, pleadings, trial exhibits, deposition exhibits, work product and transcripts. A party and its counsel shall separately provide written certification to the producing party that the actions required by this Paragraph 11 have been completed.

12. The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary. Either party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the lawsuit, by judgment, dismissal, settlement, or otherwise.

13. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by either party of any information or documents: that are currently in the party's lawful possession, custody, or control; that later come into the possession of the party from others lawfully in possession of such information or documents who are not parties to the lawsuit or bound by this or a comparable Order or obligation; that are or shall have become public knowledge through no fault of the party having the obligation of confidentiality; or, that are required to be disclosed by any law, regulation, order, or rule of any governmental authority; provided, however, that if a party is required to disclose the document or information designated as confidential pursuant to any law, regulation, order or rule of any governmental authority, the party shall give immediate advance notice, to the extent possible, of any such requested disclosure in writing to the counsel of the other party to afford that party the opportunity to seek legal protection from the disclosure of such information or documents.

14. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

15. Neither this Order nor any stipulation therefor, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by either party that any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" hereunder is or is not a trade secret or confidential information for purposes of determining the merits

of any claims either party may have against one another or a third party. Neither this Order nor any stipulation therefor shall be deemed to expand the scope of discovery in the lawsuit beyond the limits otherwise prescribed by law or to enlarge the scope of discovery to matters unrelated to this lawsuit.

16. The terms of this Order shall in no way affect a party's right to withhold information on grounds of privilege or immunity from discovery such as, by way of example and not by way of limitation, attorney-client privilege or work product doctrine.

17. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party notifies the receiving party in writing via facsimile, with confirmation by first-class mail, of such inadvertent production immediately upon learning of same. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Order shall prevent either party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents either party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege.

18. Nothing in this Order shall be deemed to prohibit outside counsel for a party from advising the party in a general way based upon his or her evaluation of documents or information designated by a producing party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that such counsel does

not in so advising the client disclose the specific contents of information or documents so designated.

19. This Order shall be without prejudice to the right of any party:

    (a) to have determined by motion, at any time, whether any documents or information have been improperly designated as confidential, in which event, the party contesting the assertion of confidentiality shall have the burden of establishing the non-confidentiality of the documents or information; and

    (b) to apply to the Court for relief from any of the requirements hereof, for good cause.

20. In the event that a party seeks discovery from a non-party to this action, either of the parties to this suit may invoke the terms of this Agreed Protective Order with respect to any confidential information provided to the parties by the non-party by advising the other party to this suit in writing.

21. Any party designating any person under Paragraphs 6(b), 0, and 7(c) shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

22. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel. Until the Court issues a signed Protective Order, the parties agree to abide by and be bound by the terms of this stipulation upon signature hereof as if an order had been entered on that date.

23. This Protective Order may be amended without leave of the Court by agreement of outside counsel for the parties in the form of a written stipulation filed with the Court.

SIGNED this 9th day of September, 2004.

                                                                s/ Jeanne E. Scott
                                          UNITED STATES DISTRICT JUDGE

Agreed to and respectfully submitted by,

*[signature]*

Molly Buck Richard
Texas State Bar No. 16842800

Elizann Carroll
Texas State Bar No. 00787209

**THOMPSON & KNIGHT L.L.P.**
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700

And

Scott D. Spooner
Illinois State Bar No. 6180412

**HEYL ROYSTER VOELKER & ALLEN**
Suite 575 National City Center
1 North Old State Capital Plaza
P.O. Box 1687
Springfield, IL  62705
(217) 522-8822

**ATTORNEYS FOR PLAINTIFFS**

*[signature]*

Delmer R. Mitchell
James A. Hansen

**SCHMIEDESKAMP, ROBERTSON, NEU & MITCHELL**
525 Jersey
PO Box 1069
Quincy, Illinois  62306
(217) 223-3030

**ATTORNEYS FOR DEFENDANTS**

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and Compaq Trademark B.V.** § § § § § § § **Plaintiffs,** § § **v.** § **CIVIL ACTION NO. 04-3055** § **Midwest Information Technology** § **Group, Inc. and Michael Lauber** § § § **Defendants.** § | |

## EXHIBIT A

## DECLARATION OF (Name of Declarant)

I, _____, declare as follows:

1. My address is _____

_____.

2. My present employer is _____ located at _____

_____.

3. My present employer _____ is/ _____ is not a "service bureau" as that term is defined in paragraph 0 of the Stipulated Protective Order.

4. My present occupation or job description is _____

_____.

5. I received a copy of the Agreed Protective Order entered in this action on or about _____.

6.  I have carefully read and understand the provisions of the Agreed Protective Order.

7.  I will comply with all of the provisions of the Agreed Protective Order.

8.  I will hold in confidence, not disclose to anyone not designated in the Agreed Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the parties to this lawsuit, any information or documents designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9.  I will return all documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the party who disclosed or furnished such documents to me promptly upon the request of counsel for either party to this lawsuit, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this litigation.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement against me of the terms of the Stipulated Protective Order and of the terms of this Declaration.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON _____ (Date).

_____
(Signature)

502917.000160 Dallas 1785576.1