UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and COMPAQ TRADEMARK B.V., ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Civil Action No. 04-3055 |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. and MICHAEL LAUBER, ) ) ) ) | |
| Defendants. ) | |

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S INTERROGATORIES
DIRECTED TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS**

Comes Now the Defendant/Counterclaim Plaintiff, **Midwest Information Technology Group, Inc. ("MITG")**, by their attorneys, **Schmiedeskamp, Robertson, Neu & Mitchell**, and submits the following Interrogatories to Plaintiffs/Counterclaim Defendants, to be answered in writing and signed under oath, in accordance with the federal rules of civil procedure:

In answering these Interrogatories, furnish all information that is available to you, including information that is in the possession of your attorneys, insurers, and agents. In the event that any answer or portion thereof will be withheld because of a claim of privilege or work product:

(a) State the basis upon which the privilege is or will be claimed;

EXHIBIT
Group A

(b) If a document is involved, state the author of the document, the date of the document, and the identity of the person possessing the document; and

(c) If you are unable to answer any of the following Interrogatories in full, answer to the greatest extent possible, specifying the information that you are unable to provide and the reasons that you are unable to provide it.

You are required to supplement your responses pursuant to Federal rules.

## DEFINITIONS

When used in these interrogatories, the following terms shall have the meanings assigned unless the context clearly requires another construction.

1. The terms **"you"**, **"yours"**, or **"yourself"** shall refer to Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V., and to its representatives, employees, insurers, and attorneys, or any of them.

2. The term **"document"** shall mean all material within the scope of the Federal Rules of Civil Procedure, any medium upon or through which intelligence or information may be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memoranda (including any memoranda or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, card, print, graph, index, list tape, photograph, sound recording, microfilm, data sheet or data processing card, e-mail or any other written, recorded, transcribed, punch, taped, filmed, computer, e-mail or graphic matter, however produced or reproduced, which is in your possession, custody or control or which was, but is no longer, in your possession, custody or control. To the extent a hard copy of

a requested document does not exist, the term "document" shall include information, however stored, on computers, including disks, tapes and any other form of storage for computer information.

3. **"Concerning"** includes referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

4. The term **"person"** or **"persons"** shall mean a natural person or an artificial person, including corporations, partnerships, associations, joint ventures, or any other legally cognizable association.

5. With regard to a person who is an individual, the term **"identify"** shall require that you state his full name, present or last known residence address and telephone number and present or last known business affiliation, and telephone number.

6. With regard to a person other than a natural person, the term **"identify"** shall require that you state its full name and present or last known address, its legal form (e.g., partnership, corporation, etc.) and the identity of its chief executive officer..

7. With regard to a document or tangible thing, the use of the term **"identify"** shall require that you:

    (a) Describe its nature, e.g., letter, memorandum, etc.;

    (b) State the identity of the author and the person, if any, to whom the document was addressed;

    (c) In lieu of providing the information requested in (a)-(b), you may instead append a copy of the document to your response;

(d) State the location of the original of the document and any copies that differ from the original; and

(e) If the document has been altered or destroyed, identify the person who did so, the date this occurred, and the reason, if known to you.

8. The term **"Communication"** shall refer to any oral, written or computer transmitted exchange between persons, including but not limited to, face-to-face conversations, telephone calls, correspondence, memoranda, and electronic mail.

## INTERROGATORIES

1. Please identify the person responsible for preparing the answers to these Interrogatories, his/her or their address, his/her or their position of employment with Plaintiff and his/her or their duration of employment with Plaintiff.

**ANSWER:**


2. Please state the name, position of employment and present business address of each and every individual who supplied information used to answer these Interrogatories and identify his, her, or their legal capacity within Plaintiffs' corporate administration.

**ANSWER:**


3. State the name, current address and telephone number of each employee/representative of the Plaintiffs responsible for management of the Standard Support Agreement entered into between the parties.

**ANSWER:**

4. State the name, current address and telephone number of each employee/representative of the Plaintiffs responsible for management of the Middleware Agreement entered into between the parties.

**ANSWER:**

5. State specifically how or in what fashion MITG is using domain names in connection with the sale of various products causing confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services and that the public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with Hewlett-Packard.

**ANSWER:**

6. State specifically the irreparable harm suffered by Hewlett-Packard based on MITG's alleged use of any domain names in connection with the sale of various products.

**ANSWER:**

7. State specifically how Plaintiffs contend that the Defendants' actions are being done willfully and with the intention of trading upon Hewlett-Packard's valuable goodwill.

**ANSWER:**

8. State specifically how Plaintiffs contend that Defendants are acting or have acted willfully and with the calculated purpose of distributing a product based upon the goodwill of Hewlett-Packard's trademarks and business reputation.

**ANSWER:**

9. State specifically how and in what manner Plaintiffs contend Defendants have acted to compete unfairly by misappropriating Hewlett-Packard's work product by trading on Hewlett-Packard's competitive advantage.

**ANSWER:**

10. State whether any agent, representative or employee of Plaintiffs ever advised MITG that MITG was not performing in accordance with any of its obligations under the Standard Support Agreement. If so, please state:

    (a) The date such notice was given;

    (b) By whom such notice was given;

    (c) To whom such notice was given;

    (d) Whether said notice was given in writing or verbally; and

    (e) The response received from Plaintiffs to same.

**ANSWER:**

11. State whether Plaintiffs ever utilized the services of or referred business to any other third-party parts supplier or distributor for any of its sales call needs for spare parts, parts options or pre-merger Compaq parts from February 7, 2000, through the present. If so, please state:

    (a)     The amount paid for these invoices by Plaintiffs;

    (b)     The name of each agent, representative, or employee of Plaintiffs that made the decision to utilize these other entities; and

    (c)     The name of the other entities utilized and whether or not they were under contract with Plaintiffs.

**ANSWER:**


12. Please state Plaintiffs monthly revenues from the handling and processing of sales calls for the spare parts, parts options for HP and pre-merger Compaq parts pursuant to the Standard Support Agreement, including, but not limited to, all service call centers from February 7, 2002, through February 7, 2004.

**ANSWER:**


13. Please state Plaintiffs monthly revenues from the handling and processing of sales calls for the spare parts, parts options for HP and pre-merger Compaq parts pursuant to the Middleware Agreement, including, but not limited to, all service call centers from February 7, 2002, up to and including the present.

**ANSWER:**

                    **MIDWEST INFORMATION TECHNOLOGY GROUP, INC.**, Defendant/Counterclaim Plaintiff

By: _/s/ Jim Hansen_____
        One of their Attorneys

Delmer R. Mitchell
James A. Hansen
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendant/Counterclaim Plaintiff
525 Jersey
P.O. Box 1069
Quincy, Illinois    62306
Telephone:  217-223-3030
Facsimile:   217-223-1005

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and COMPAQ TRADEMARK B.V., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 04-3055 |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. and MICHAEL LAUBER, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFFS

COMES NOW Defendants, **Midwest Information Technology Group, Inc. and Michael Lauber,** by and through their attorneys, **Schmiedeskamp, Robertson, Neu & Mitchell**, and requests that Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and Compaq Trademark B.V. produce the documents specified herein for inspection and copying pursuant to Rule 34 of the Federal Rules of Civil Procedure, within the next thirty (30) days, at the offices of Schmiedeskamp, Robertson, Neu & Mitchell, 525 Jersey, Quincy, Illinois, or at such other time and place as may be agreed by the parties.

**A.    Definitions**

For the purpose of this Request for Production of Documents, the following definitions shall apply.

1

1. The term "documents" as defined in Federal Rule 34(a), including all non-identical copies thereof. "Documents" also includes "e-mail" and electronically-stored or recorded documents.

2. The term "concerning" means referring to, relating to, describing, evidencing or constituting.

3. The words "you" or "your" or "Plaintiff," and all variants thereof, refer to Plaintiffs, Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and Compaq Trademark B.V.

4. The word "Defendants" refers to Midwest Information Technology Group, Inc. and Michael Lauber.

5. The singular shall include the plural and the past tense shall include the present tense, and vice versa; the words "and" or "or" shall be both conjunctive and disjunctive; the word "all" means "any and all."

**B. Instructions**

1. To the extent any documents are withheld from discovery on a claim that they are privileged, Plaintiff is requested to identify the exact privilege being claimed and to provide a description of the document complying with Federal Rule 26(b)(5).

2. Each document request calls for documents in the possession, custody, or control of the Plaintiff and any and all attorneys or other representatives of Plaintiff.

**C. Request for Documents**

1. Any and all correspondence between Plaintiffs and Defendants regarding the Standard Support Agreement.

2

**RESPONSE:**

2. Any and all correspondence between Plaintiffs and Defendants regarding the Middleware Agreement.

**RESPONSE:**

3. Any and all documents showing payments due and paid to Defendants from Plaintiffs.

**RESPONSE:**

4. Any and all Hewlett-Packard InFormer documents distributed to HP or Compaq personnel that mention, discuss, reference any and all decisions made or related to HP and pre-merger Compaq parts options, including, but not limited to, HP Parts Business, hpdirectonline, hponlineparts and compaqonlineparts.

**RESPONSE:**

5. Any and all communication, including internal memoranda, e-mails, notes and any other document (excluding those protected by privilege), which refer to and/or concern the ordering of spare parts both prior to and after the termination of the Standard Support Agreement between the parties.

**RESPONSE:**

3

6. Any and all communication, including internal memoranda, e-mails, notes and any other document (excluding those protected by privilege), which refer to and/or concern the use of the software, hardware and other computer items created by MITG under the Middleware Agreement relating to the ordering of spare parts prior to and after the termination of the Middleware Agreement between the parties.

**RESPONSE:**

7. Any and all documents regarding any training provided by Plaintiffs to Defendants or Defendant MITG to Plaintiffs.

**RESPONSE:**

8. Any and all documents in your possession in support of your allegations that MITG seeks to capitalize on Hewlett-Packard's success by using domain names confusingly similar to Hewlett-Packard marks and therefore infringing on Hewlett-Packard's rights and trademarks.

**RESPONSE:**

9. Any and all documents which evidence or support your allegations that MITG is using domain names in connection with the sale of various products causing confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services and that the public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by,

4

affiliated with, or in some other way legitimately connected with Hewlett-Packard.

**RESPONSE:**

10. Any and all documents which evidence the irreparable harm allegedly suffered by Hewlett-Packard based on MITG's use of any domain names in connection with the sale of various products.

**RESPONSE:**

11. Any and all documents which evidence your damages in this case.

**RESPONSE:**

12. Any and all documents in support of your allegations that the Defendants' actions as contained in your Complaint were wilful and done with the intention of trading upon Hewlett-Packard's valuable good will.

**RESPONSE:**

13. Any and all documents in support of your allegations that Defendants' actions were for the wilful and calculated purpose of distributing its products based upon the good will of Hewlett-Packard's trademarks and business reputation.

**RESPONSE:**

5

14. Any and all documents in support of your allegations that Defendants have acted to compete unfairly by misappropriating Hewlett-Packard's work product by trading on Hewlett-Packard's competitive advantage.

**RESPONSE:**

15. Any and all documents regarding the handling and processing of sales calls for the spare parts, parts options for HP and pre-merger Compaq parts pursuant to the Standard Support Agreement including, but not limited to, all Parts Business Center Operations Metrix (commonly referred to as "PBCO Metrix") from February 7, 2002 up to and including the present.

**RESPONSE:**

16. Any and all documents which refer to, relate to, reference, discuss, or in any way mention the routing, processing or diverting of customer telephone calls to Hewlett-Packard's own service centers or other vendors besides Defendant.

**RESPONSE:**

17. Any and all documents which evidence or support any allegation or claim that MITG waived or otherwise vacated its exclusive right to provide parts and services to Plaintiffs' Customers pursuant to Paragraph 22 of the Standard Support Agreement.

**RESPONSE:**

18. Any and all documents which evidence orders placed directly into Compaq's VISTA-Order Entry System created by MITG for Plaintiffs.

**RESPONSE:**

19. Any and all documents from February 7, 2002, up to and including the present, which evidence any order that has been reviewed, released and credit approval obtained, along with any order acknowledgment for orders placed directly into Compaq's/Hewlett Packard's VISTA-Order Entry System under the Middleware software developed by MITG.

**RESPONSE:**

20. Any and all documents which evidence MITG's prior written consent for Plaintiffs to modify, revise or sub-license the Middleware to others or to use the Middleware for the benefit of parties other than MITG.

**RESPONSE:**

21. Any and all documents which evidence the call activity to any of Plaintiffs' call centers or other vendors besides Defendant from February 7, 2002, up to and including the present, for any spare parts of parts options orders.

**RESPONSE:**

22. Any and all documents which reference, discuss, or otherwise mention the individuals, processes, meetings or decisions to terminate the Standard Support Agreement between the parties.

**RESPONSE:**

23. Any and all documents which reference, discuss, or otherwise mention the individuals, processes, meetings or decisions to terminate the Middleware Agreement between the parties.

**RESPONSE:**

24. All corporate minutes of the Plaintiffs which reflect, refer to and/or concern Defendants in any manner whatsoever.

**RESPONSE:**

                                                MIDWEST INFORMATION TECHNOLOGY
                                                GROUP, INC. and MICHAEL LAUBER,
                                                Defendants

                                                By: _____
                                                           One of Its Attorneys

Delmer R. Mitchell
James A. Hansen
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendants
525 Jersey, P.O. Box 1069
Quincy, Illinois   62306
Telephone:  217-223-3030
Facsimile:   217-223-1005

8