E-FILED
Friday, 31 December, 2004 11:48:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and COMPAQ TRADEMARK B.V., ) ) ) ) ) Plaintiffs, ) ) vs. ) ) MIDWEST INFORMATION ) TECHNOLOGY GROUP, INC. and ) MICHAEL LAUBER, ) ) Defendants. ) | Civil Action No. 04-3055 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MIDWEST INFORMATION TECHNOLOGY GROUP, INC.'S MOTION TO COMPEL

The Defendant/Counterclaim Plaintiff, **Midwest Information Technology Group, Inc.** ("MITG"), submits this memorandum of law in support of its motion to compel pursuant to Fed. R. Civ. P. 37.

### INTRODUCTION

On or about July 28, 2004, MITG submitted Interrogatories and a Request for Production of Documents to Plaintiffs. (See Group Exhibit A). On or about August 31, 2004, Plaintiffs answered the Interrogatories and responded to the Request for Production of Documents. The answers and response served by Plaintiffs included numerous objections, which MITG believes to be inappropriate. (See Group Exhibit B).

Specifically, this dispute involves answers and objections to MITG's Interrogatories 11 and 12, and responses and objections to paragraphs 4, 5, 7, 14, 15, and 20 of MITG's Request for Production of Documents. (See Group Exhibits A and B).

MITG's counsel contacted Plaintiffs' counsel via letter, and counsel also conferred over the phone regarding the discovery dispute. Despite MITG's counsel's attempts to resolve the discovery dispute, Plaintiffs continue to refuse to respond fully to MITG's discovery responses. Plaintiffs' failure to comply with discovery severely inhibits MITG's ability to investigate and develop its case. Because the objections to discovery asserted by Plaintiffs are without merit, this Court should grant MITG's motion to compel. In addition, MITG should be granted reasonable attorney's fees, costs, and expenses incurred as a result of compelling the Plaintiffs' compliance with discovery.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 26(b)(1) "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery, or to the claim or defense of any other party. . . ." Fed. R. Civ. P. 26(b)(1); Shapo v. Engle, 2001 WL 629303 at *2 (N.D. Ill. 2001); Smithkline Beecham Corp. v. Apotex Corp., 1999 WL 311697 at *7 (N.D. Ill. 1999). A discovery request is proper if there is any possibility that the information sought could be relevant to an issue in the suit. Shapo, 2001 WL 629303 at *2. Courts construe the federal discovery rules liberally and disfavor placing significant restrictions on discovery, because the purpose of discovery is to find the truth. Shapo, 2001 WL 629303 at *2.

Fed. R. Civ. P. 37(a) permits a party to move for an order compelling discovery after conferring in good faith with the opposing party about the discovery dispute. Fed. R. Civ. P. 37(a)(2). A motion to compel should be granted when a party has totally failed to respond to discovery or has made an evasive or incomplete answer or response. Fed. R. Civ. P. 37(a)(2)(b), (3). In addition to compelling an answer or response, the court may award the moving party attorney's

fees and other expenses incurred in seeking an order compelling discovery. Fed. R. Civ. P. 37(a)(4)(A).

The party objecting to discovery has the burden to demonstrate why the objectionable requests are improper. Shapo, 2001 WL 629303 at *2. This burden is a heavy one. Schaap v. Executive Industries, Inc., 130 F.R.D. 384, 389 (N.D. Ill. 1990). The objecting party must explain specifically why the request can not be complied with. Schaap, 130 F.R.D. at 387. For example, the objecting party must specify why the requests are irrelevant and the precise nature of the claimed undue burden. Schaap, 130 F.R.D. at 387. A simple general objection does not suffice to avoid providing the requested answers or documents. See Schaap, 130 F.R.D. at 386, 388.

Relevancy objections are construed more expansively at the discovery stage than at trial. Schaap, 130 F.R.D. at 386; Smithkline Beecham Corp. v. Apotex Corp., 2000 WL 116082 at *3 (N.D. Ill. 2000). A party must comply with a request for discovery "unless it is clear that there is no possibility that the information sought may be relevant to the subject matter of the litigation." Schaap, 130 F.R.D. at 386. In addition, a request is not overly broad or burdensome merely because a party must spend a significant amount of time or expense to respond. Schaap, 130 F.R.D. at 387. Litigation cannot proceed fairly unless all parties have access to relevant facts. Schaap, 130 F.R.D. at 388.

Plaintiffs' objections to MITG's Interrogatories and Request for Production of Documents are insufficient and meritless general objections which are unsupported by any evidence that MITG's requests are improper. The information and documents requested are relevant, and producing them does not impose any undue burden on the Plaintiffs. The Plaintiffs have initiated a complex lawsuit and cannot avoid their corresponding responsibilities, even though those responsibilities might be

3

time consuming and costly. Because Plaintiffs cannot meet their burden of demonstrating that MITG's requests are improper, Plaintiffs should be compelled to respond.

### A. Plaintiffs' Objections to Interrogatories

Plaintiffs objected to 7 of the 13 Interrogatories asked by MITG. This discovery dispute concerns the objections to Interrogatories 11 and 12.

Interrogatory 11 asked the Plaintiffs to state whether they ever used the services of or referred business to any other third-party supplier or distributor for any of their sales call needs for spare parts, parts options, or pre-merger Compaq parts from February 7, 2000 through the present. If answered in the affirmative, the Interrogatory further requested that the Plaintiffs state (a) the amount paid for these invoices; (b) the name of each agent, representative, or employee of Plaintiffs who decided to use the other entities; and (c) the name of the other entities used and whether they were under contract with Plaintiffs. (See Group Exhibit A, Interrogatory No. 11).

Interrogatory 12 asked Plaintiffs to state their monthly revenues from the handling and processing of sales calls for spare parts, parts options for HP, and pre-merger Compaq parts pursuant to the Standard Support Agreement, including, but not limited to, all service call centers from February 7, 2002 through February 7, 2004. (See Group Exhibit A, Interrogatory No. 12).

The Plaintiffs objected to both interrogatories as "vague, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and/or seeks confidential and proprietary information of Plaintiffs." (See Group Exhibit B, Answers to Interrogatories No. 11 and 12).

Interrogatory 12 limited the time period to February 7, 2002 through February 7, 2004. MITG later agreed to limit the scope of Interrogatory No. 11 to the same period. (See Exhibit C).

4

Thus, there is no basis for the Plaintiffs' objection that the interrogatories are vague or overly broad. Regardless, the Plaintiffs' objections to both Interrogatory 11 and 12 are inappropriate. Plaintiffs' general objections are insufficient, and the Plaintiffs do not provide specific explanations regarding their objections and why the Interrogatories were not fully answered. Schaap, 130 F.R.D. at 386, 387, 388. Moreover, the information requested is relevant because Interrogatories 11 and 12 seek information pertaining to MITG's counterclaim that the Plaintiffs breached the exclusivity provision of the Standard Support Agreement and diverted service calls and monthly revenues away from MITG. Finally, although the Plaintiffs provided a partial answer to Interrogatory 11 despite their objections, the answer provided does not address the information sought in subparagraphs (a), (b), or (c) of Interrogatory 11, and is incomplete according to Fed. R. Civ. P. 37.

MITG's motion to compel should be granted, because the Plaintiffs' objections and failure to answer Interrogatories 11 and 12 are not well founded.

### B. Plaintiffs' Objections to Requests to Produce

Plaintiffs objected to 13 of the 23 requests made by MITG. (See Group Exhibit B, Response to MITG's Request for Production).

MITG originally took issue with the Plaintiffs' objections to MITG's Requests to Produce No. 3, 4, 5, 7, 14, 15, 16, and 20. (See Exhibit C). However, for now, issues pertaining to Requests No. 3 and 16 have been resolved. (See Exhibit D). Thus, MITG's motion to compel concerns Objections and Responses to Requests No. 4, 5, 7, 14, 15, and 20. The objections to these Requests include that they are vague, ambiguous, misleading, overly broad, unduly burdensome, irrelevant, assume facts not in evidence, are designed for the purpose of harassment, or seek confidential and proprietary information. (See Group Exhibit B, Response to MITG's Request for Production of Documents).

MITG agreed to limit the time scope of Requests No. 4, 5, 7, 15, and 20 to February 7, 2002 through the present, and Request No. 14 was already limited in time and scope, was limited to sales for parts under the Standard Support Agreement, and specifically identified some of the documents sought. (See Exhibit D and Group Exhibit A, Requests 4, 5, 7, 15, and 20). Thus, there is no merit to any claim that the Requests are vague, ambiguous, or overly broad. In addition, as stated above, the Plaintiffs' general objections are insufficient, and the Plaintiffs do not provide specific explanations regarding their objections or why the Requests were not complied with. Schaap, 130 F.R.D. at 386, 387, 388. The documents requested are relevant. Specifically, the documents requested in Request No. 4, 5, 15, and 20, pertain to MITG's counterclaim that the Plaintiffs breached the exclusivity provision of the Standard Support Agreement and diverted service calls and monthly revenues away from MITG.

Finally, the response to Requests No. 14 and 15 are incomplete. Request No. 14 was limited in time to the period from February 7, 2002 to the present, but Plaintiffs limited their response to the period from February 7, 2002 to February 7, 2004. (See Group Exhibit B, Response to MITG's Request for Production of Documents No. 14). Request 15 sought documents related to Hewlett-Packard, but the response was limited to "other call centers." (See Group Exhibit B, Response to MITG's Request for Production of Documents No. 15).

MITG's motion to compel should be granted, because the Plaintiffs' objections and failure to produce documents responsive to MITG's Request for Production of Documents are not justified.

## CONCLUSION

During the weeks of September 27, 2004 and October 11, 2004, MITG's counsel deposed representatives of Hewlett-Packard without the benefit of full and complete answers to

6

interrogatories and responses to production requests. These depositions occurred in Roseville, California and Omaha, Nebraska. Although Plaintiffs state that compliance with discovery is an undue burden, MITG has been the only party unduly burdened in this case. It is imperative that MITG have access to the materials requested and full disclosure of all relevant facts to properly defend this action and prosecute its counterclaim. The objections seek to prevent the revelation of the truth that discovery is designed to promote. The liberal construction afforded the discovery rules requires this Court to compel the Plaintiffs to fully answer MITG's Interrogatories and respond to outstanding Requests for Production of Documents.

        s/        James A. Hansen
        James A. Hansen IL Bar #6244534
        Attorney for Defendant/Counterclaim Plaintiff,
        Midwest Information Technology Group, Inc.
        Schmiedeskamp, Robertson, Neu & Mitchell
        525 Jersey Street, P. O. Box 1069
        Quincy, IL 62306-1069
        Telephone: (217) 223-3030
        Facsimile: (217) 223-1005
        E-mail: jhansen@srnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Molly Buck Richard
>Thompson & Knight, LLP
>1700 Pacific Avenue, Suite 3300
>Dallas, TX 75201-4693
>
>Elizann Carroll
>Juneau, Boll & Ward
>15301 Spectrum Drive, Suite 300
>Addison, TX 75001
>
>Scott Spooner
>Heyl, Royster, Voelker & Allen
>Suite 575, National City Center
>1 North Old State Capitol Plaza
>P.O. Box 1687
>Springfield, IL 62705-1687

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

>s/        James A. Hansen
>James A. Hansen IL Bar #6244534
>Attorney for Defendant/Counterclaim Plaintiff,
>Midwest Information Technology Group, Inc.
>Schmiedeskamp, Robertson, Neu & Mitchell
>525 Jersey Street, P. O. Box 1069
>    Quincy, IL 62306-1069
>Telephone: (217) 223-3030
>Facsimile: (217) 223-1005
>E-mail: jhansen@srnm.com