E-FILED
Friday, 31 December, 2004  11:49:46 AM
Clerk, U.S. District Court, ILCD

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V. | § § § § | |
| Plaintiffs | § § | Civil Action No. 04-3055 |
| v. | § § | |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER, | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' OBJECTIONS AND ANSWERS TO MIDWEST INFORMATION TECHNOLOGY GROUP, INC.'S INTERROGATORIES

TO:     Defendant Midwest Information Technology Group, Inc., by and through his attorneys of record, Delmer R. Mitchell, and James A. Hansen, Schmiedeskamp, Robertson, Neu & Mitchell, 525 Jersey, P.O. Box 1069, Quincy, Illinois 62306.

Plaintiff Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V. ("Plaintiffs") hereby serve their Objections and Answers to Midwest Information Technology Group, Inc.'s Interrogatories  pursuant to Rule 33 of the Federal Rules of Civil Procedure.

**EXHIBIT**
Group B

Respectfully submitted,

Scott D. Spooner
Illinois State Bar No. 6180412

**HEYL ROYSTER VOELKER & ALLEN**
Suite 575 National City Center
1 North Old State Capital Plaza
P.O. Box 1687
Springfield, IL 62705
Tel: (217) 522-8822

and

Molly Buck Richard
Texas State Bar No. 16842800

Elizann Carroll
Texas State Bar No. 00787209

**THOMPSON & KNIGHT L.L.P.**
1700 Pacific Avenue
Suite 3300
Dallas, Texas 75201
(214) 969-1700

ATTORNEYS FOR PLAINTIFFS
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P., HEWLETT-PACKARD
COMPANY AND COMPAQ TRADEMARK
B.V.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Objections and Answers to

Midwest Information Technology Group, Inc.'s Interrogatories was sent via First Class Mail to:

Delmer R. Mitchell
Schmiedeskamp, Robertson, Neu & Mitchell
252 Jersey
P.O. Box 1069
Quincy, IL 62301

_____ 8/30/04

)                                          )

## INTERROGATORIES

1.     Please identify the person responsible for preparing the answers to these

Interrogatories, his/her or their address, his/her or their position of employment with Plaintiff and

his/her or their duration of employment with Plaintiff.

**ANSWER:**     The following individuals at Hewlett-Packard prepared the Objections and
Answers to Interrogatories in conjunction with outside counsel:

> James F. Struthers
> Senior Counsel
> Hewlett-Packard Company
> 20555 SH 249, MS 110701
> Houston, Texas 77070-2698

> Suzanne Miller
> Counsel
> Hewlett-Packard Company
> 3000 Hanover Street, MS 1050
> Palo Alto, CA  94304-1112

2.     Please state the name, position of employment and present business address of

each and every individual who supplied information used to answer these Interrogatories and

identify his, her, or their legal capacity within Plaintiffs' corporate administration.

**ANSWER:**  Plaintiffs object to Interrogatory No. 2 for the reason that the same is vague and
ambiguous in its request for each individual's "legal capacity."  Subject to the foregoing
objection, the following individuals provided information used in answering these Answers to
Interrogatories:

> William (Bill) J. Crowley
> Hewlett-Packard Company
> 8000 Foothills Blvd.
> Roseville, CA 95747

> Troy E. Bloomquist
> Hewlett-Packard Company
> 10810 Farnam Drive
> MS 3CE

)                                      )

Omaha, Nebraska 68154

Charles J. Schmader
Hewlett-Packard Company
10810 Farnam Drive
Omaha, Nebraska 68154

3.      State the name, current address and telephone number of each

employee/representative of the Plaintiffs responsible for management of the Standard Support

Agreement entered into between the parties.

**ANSWER:**   Plaintiffs object to Interrogatory No. 3 for the reason that the same is vague in its
referenced to an individual "responsible for management" of the Standard Support Agreement.
Subject to the foregoing objection, the following individuals were points of contact at Compaq
and/or HP for MITG regarding the Standard Support Agreement:

      (1)      William (Bill) J. Crowley
             Hewlett-Packard Company
             8000 Foothills Blvd.
             Roseville, CA 95747

      (2)      Troy E. Bloomquist
             Hewlett-Packard Company
             10810 Farnam Drive
             MS 3CE
             Omaha, Nebraska 68154

      (3)      Charles J. Schmader
             Hewlett-Packard Company
             10810 Farnam Drive
             Omaha, Nebraska 68154

      (4)      Sheryl Williams
             Hewlett-Packard Company
             14060 Rubicon Farm Lane
             Leesburg, Virginia

4.      State the name, current address and telephone number of each

employee/representative of the Plaintiffs responsible for management of the Middleware

Agreement entered into between the parties.

**PLAINTIFFS' OBJECTIONS AND ANSWERS TO MIDWEST**
**INFORMATION TECHNOLOGY GROUP, INC.'S  INTERROGATORIES– Page 5**
502917 000160 DALLAS 1772523.1

**ANSWER:** Plaintiffs object to Interrogatory No. 4 for the reason that the same is vague in its referenced to an individual "responsible for management" of the Middleware Agreement. Subject to the foregoing objection, the following individuals were points of contact at Compaq and/or HP for MITG regarding the Middleware Agreement:

    (1)    Troy E. Bloomquist
                Hewlett Packard Company
                10810 Farnam Drive
                MS 3CE
                Omaha, Nebraska 68154

    (2)    Neil McShanon
                Hewlett-Packard Company
                13831 Chalco Valley Pkwy-lot 4
                Omaha, Nebraska

    5.    State specifically how or in what fashion MITG is using domain names in connection with the sale of various products causing confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services and that the public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with Hewlett-Packard.

**ANSWER:** As of the date of the filing of the Complaint, MITG was using the domain names to inform the user that the user could go to MITG's website to order HP and Compaq parts and provided the user with an easy link to MITG's website. MITG refused before, after, and continues to refuse to transfer these domain names to Plaintiffs. After February 7, 2004, when MITG no longer had the relationship with HP under the terminated contract, MITG continued to use some or all of the domain names as noted herein which diverted business to MITG which should have been directed to Plaintiffs. Additionally, by providing a link to MITG's website at those domains, MITG created the impression with the consuming public that there was an affiliation or other connection with HP when there was not.

    6.    State specifically the irreparable harm suffered by Hewlett-Packard based on MITG's alleged use of any domain names in connection with the sale of various products.

**ANSWER:** The extent of HP's harm will not be known until after discovery has been completed. However, it is evident that HP's inability to control the use and ownership of domain names which contain its famous HP and COMPAQ trademarks causes irreparable harm to HP. The HP and COMPAQ trademarks are extremely valuable to Plaintiffs and any damage do those marks cannot be measured in monetary terms.

7.  State specifically how Plaintiffs contend that the Defendants' actions are being done willfully and with the intention of trading upon Hewlett-Packard's valuable goodwill.

**ANSWER:** When the contract was ending, Plaintiffs clearly expressed to Defendants that no use of the domain names which contained the famous HP or COMPAQ marks would be permitted after termination of the contract. Plaintiffs also requested that those domain names be transferred to Plaintiffs, all of which was refused by Defendants. These facts put Defendants on notice that any use of those domain names would be considered willful infringement by Plaintiffs.

8.  State specifically how Plaintiffs contend that Defendants are acting or have acted willfully and with the calculated purpose of distributing a product based upon the goodwill of Hewlett-Packard's trademarks and business reputation.

**ANSWER:**  See Answer to Interrogatory No. 7.

9.  State specifically how and in what manner Plaintiffs contend Defendants have acted to compete unfairly by misappropriating Hewlett-Packard's work product by trading on Hewlett-Packard's competitive advantage.

**ANSWER:**  See Answer to Interrogatory No. 7.

10.     State whether any agent, representative or employee of Plaintiffs ever advised MITG that MITG was not performing in accordance with any of its obligations under the Standard Support Agreement. If so, please state:

(a)     The date such notice was given;

(b)     By whom such notice was given;

(c)     To whom such notice was given;

(d)     Whether said notice was given in writing or verbally; and

(e)     The response received from Plaintiffs to same.

**ANSWER:**   Plaintiffs object to Interrogatory No. 10 for the reason that the same seeks information that is not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs do not contend that MITG was not performing in accordance with its obligations under the Standard Support Agreement during the time the Agreement was in place.

11.     State whether Plaintiffs ever utilized the services of or referred business to any other third-party parts supplier or distributor for any of its sales call needs for spare parts, parts options or pre-merger Compaq parts from February 7, 2000, through the present. If so, please state:

(a)     The amount paid for these invoices by Plaintiffs

(b)     The name of each agent, representative, or employee of Plaintiffs that made the decision to utilize these other entities; and

(c)     The name of the other entities utilized and whether or not they were under contract with Plaintiffs.

**ANSWER:**   Plaintiffs object to Interrogatory No. 11 for the reason that same is vague, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary information from Plaintiffs. Subject to the foregoing objections, and upon entry of a Protective Order, Plaintiffs respond as follows: from February 7, 2002 to February 7, 2004, Compaq, and following the merger, HP referred, or used, third-party spare parts business distributors when customers were outside the scope of the Compaq/MITG Standard Support Agreement. Referrals to third-party distributors was made with MITG's consent. Compaq and

HP have no knowledge of business referred from Compaq Direct customers of MITG to third parties, or of third-party distributors used to handle spare parts calls for such customers.

12.    Please state Plaintiffs' monthly revenues from the handling and processing of sales calls for the spare parts, parts options for HP and pre-merger Compaq parts pursuant to the Standard Support Agreement, including, but not limited to, all service call centers from February 7, 2002, through February 7, 2004.

**ANSWER:**    Plaintiffs object to Interrogatory No. 12 for the that the same is vague, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and/or seeks confidential and proprietary information of Plaintiffs. Subject to the foregoing objections, and upon entry of a Protective Order, Plaintiffs will produce documents showing monthly revenues from the handling and processing of sales calls for spare parts sold by MITG to customers of Compaq Direct.

13.    Please state Plaintiffs' monthly revenues from the handling and processing of sales calls for the spare parts, parts options for HP and pre-merger Compaq parts pursuant to the Middleware Agreement, including, but not limited to, all service call centers from February 7, 2002, up to and including the present.

**ANSWER:**    Plaintiffs objects to Interrogatory No. 13 for the reason that the same is misleading and nonsensical in that the Middleware Agreement does not provide for or relate to revenues for the handling and processing of sales calls. Subject to the foregoing objection, none.

VERIFICATION

THE STATE OF CALIFORNIA     §

                                   §

COUNTY  OF  SANTA CLARA     §

      BEFORE ME, the undersigned notary public, on this day personally appeared Christa Fancher, who, being by me duly sworn, on her oath deposed and stated that she is a Legal Specialist, Corporate Securities and M&A of Hewlett-Packard Company and is duly qualified and authorized in all respects to make this affidavit, that he/she has read the above and foregoing Plaintiffs' Answers and Objections to Midwest Information Technology Group, Inc.'s Interrogatories and that the answers were prepared with the assistance and advice of counsel and other representatives of Hewlett-Packard Company that the information contained in the answers was furnished by various employees of Hewlett-Packard Company or has been derived from business records maintained by Hewlett–Packard Company, and that while she does not have personal knowledge of each of the facts recited in the answers, that she believes them to be true and correct.

CHRISTA FANCHER

      SUBSCRIBED AND SWORN TO BEFORE ME on this 30th day of August, 2004, by the aforesaid CHRISTA FANCHER, to certify which witness my hand and seal of office.

Notary Public in and for .
the State of California

My Commission Expires:
June 25, 2008



TERI LYN BLACKBURN
Commission # 1496370
Notary Public - California
Santa Clara County
My Comm. Expires Jun 25, 2008

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD<br>DEVELOPMENT COMPANY, L.P.,<br>HEWLETT-PACKARD COMPANY,<br>AND COMPAQ TRADEMARK B.V.<br><br>    Plaintiffs<br><br>v.<br><br>MIDWEST INFORMATION<br>TECHNOLOGY GROUP, INC.<br>AND MICHAEL LAUBER,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 04-3055 |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO
## DEFENDANTS REQUEST FOR PRODUCTION

TO:    Defendants, Midwest Information Technology Group, Inc. and Michael Lauber,, by and through their attorneys of record, Delmer R. Mitchell, and James A. Hansen, Schmiedeskamp, Robertson, Neu & Mitchell, 525 Jersey, P.O. Box 1069, Quincy, Illinois 62306.

Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and

Compaq Trademark B.V. ("Plaintiffs") hereby serve their Objections and Responses to

Defendants' Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Scott D. Spooner
Illinois State Bar No. 6180412

**HEYL ROYSTER VOELKER & ALLEN**
Suite 575 National City Center
1 North Old State Capital Plaza
P.O. Box 1687
Springfield, IL  62705
Tel: (217) 522-8822

and

Molly Buck Richard
Texas State Bar No. 16842800

Elizann Carroll
Texas State Bar No. 00787209

**THOMPSON & KNIGHT L.L.P.**
1700 Pacific Avenue
Suite 3300
Dallas, Texas 75201
(214) 969-1700

ATTORNEYS FOR PLAINTIFFS
HEWLETT-PACKARD DEVELOPMENT
COMPANY, L.P., HEWLETT-PACKARD
COMPANY AND COMPAQ TRADEMARK
B.V.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Objections and Responses to

Defendants' Request for Production was sent via First Class Mail to:

Delmer R. Mitchell
Schmiedeskamp, Robertson, Neu & Mitchell
252 Jersey
P.O. Box 1069
Quincy, IL 62301

8/30/04

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' REQUEST FOR PRODUCTION. – Page 3**
502917 000160 DALLAS 1772522.1

)                                    )

## REQUEST FOR DOCUMENTS

1.   Any and all correspondence between Plaintiffs and Defendants regarding the

Standard Support Agreement.

**RESPONSE:**    Responsive documents will be produced.

2.   Any and all correspondence between Plaintiffs and Defendants regarding the

Middleware Agreement.

**RESPONSE:**    Responsive documents will be produced

3.   Any and all documents showing payments due and paid to Defendants from

Plaintiffs.

**RESPONSE:**    Plaintiffs object to Request for Production No. 3 to the extent the same is
overly broad and assumes facts not in evidence in its reference to any payments due to Defendant
Michael Lauber.  Subject to the foregoing objections, documents showing payments due and
paid to MITG during the term of the Standard Support Agreement will be produced.

4.   Any and all Hewlett-Packard InFormer documents distributed to HP or Compaq

personnel that mention, discuss, reference any and all decisions made or related to

HP and pre-merger Compaq parts options, including, but not limited to, HP Parts

Business, hpdirectonline, hponlineparts and compaqonlineparts.

**RESPONSE:**    Plaintiffs object to Request for Production No. 4 for the reason that the same
is vague, ambiguous, overly broad, unduly burdensome, unlimited in time, assumes facts not in
evidence, seeks documents not relevant to the subject matter of this litigation nor reasonably
calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary
information relating to Plaintiffs' business.  Subject to the foregoing objections and upon entry
of a Protective Order, Plaintiffs will produce any Compaq Direct InFormer documents

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' REQUEST FOR PRODUCTION. – Page 4**
502917 000160 DALLAS 1772522.1

)                                    )

distributed to HP or Compaq personnel relating hpdirectonline.com, hponlineparts.com, and comaqonlineparts.com or MITG.

    5.    Any and all communication, including internal memoranda, e-mails, notes and any other document (excluding those protected by privilege), which refer to and/or concern the ordering of spare parts both prior to and after the termination of the Standard Support Agreement between the parties.

**RESPONSE:**    Plaintiffs object to Request for Production No. 5 for the reason that the same is vague , overly broad, unduly burdensome, unlimited in time, seeks documents not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary information of Plaintiffs. Subject to the foregoing objections and upon entry of a Protective Order, Plaintiffs will produce documents which refer to or concern the ordering of spare parts from or by MITG both prior to and after the termination of the Standard Support Agreement.

    6.    Any and all communication, including internal memoranda, e-mails, notes and any other document (excluding those protected by privilege), which refer to and/or concern the use of the software, hardware and other computer items created by MITG under the Middleware Agreement relating to the ordering of spare parts prior to and after the termination of the Middleware Agreement between the parties.

**RESPONSE:**    Plaintiffs object to Request for Production No. 6 for the reason that same is vague and ambiguous. Subject to the foregoing objections, responsive documents will be produced.

    7.    Any and all documents regarding any training provided by Plaintiffs to Defendants or Defendant MITG to Plaintiffs.

**RESPONSE:**    Plaintiffs object to Request for Production No. 7 for the reason that the same is unlimited in time and seeks documents not relevant to the subject matter of this litigation nor

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' REQUEST FOR PRODUCTION. – Page 5**
502917 000160 DALLAS 1772522.1

reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, responsive documents will be produced.

8.    Any and all documents in your possession in support of your allegations that MITG seeks to capitalize on Hewlett-Packard's success by using domain names confusingly similar to Hewlett-Packard marks and therefore infringing on Hewlett-Packard's rights and trademarks.

**RESPONSE:**    Responsive documents will be produced.

9.    Any and all documents which evidence or support your allegations that MITG is using domain names in connection with the sale of various products causing confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services and that the public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Hewlett-Packard.

**RESPONSE:**    Responsive documents will be produced.

10.    Any and all documents which evidence the irreparable harm allegedly suffered by Hewlett-Packard based on MITG's use of any domain names in connection with the sale of various products.

**RESPONSE:**    Responsive documents will be produced

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' REQUEST FOR PRODUCTION. – Page 6**
502917 000160 DALLAS 1772522.1

)                                    )

11.    Any and all documents which evidence your damages in this case.

**RESPONSE:**    Responsive documents will be produced.

11.    Any and all documents in support of your allegations that the Defendants' actions as contained in your Complaint were wilful and done with the intention of trading upon Hewlett-Packard's valuable good will.

**RESPONSE:**    Responsive documents will be produced.

12.    Any and all documents in support of your allegations that Defendants' actions were for the wilful and calculated purpose of distributing its products based upon the good will of Hewlett-Packard's trademarks and business reputation.

**RESPONSE:**    Responsive documents will be produced.

13.    Any and all documents in support of your allegations that Defendants have acted to compete unfairly by misappropriating Hewlett-Packard's work product by trading on Hewlett-Packard's competitive advantage.

**RESPONSE:**    Responsive documents will be produced.

14.    Any and all documents regarding the handling and processing of sales calls for the spare parts, parts options for HP and pre-merger Compaq parts pursuant to the Standard Support Agreement including, but not limited to, all Parts Business Center Operations Metrix (commonly referred to as "PBCO Metrix") from February 7, 2002 up to and including the present.

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' REQUEST FOR PRODUCTION. – Page 7**

)                                    )

**RESPONSE:**     Plaintiffs object to Request for Production No. 15 for the reason that same is vague, ambiguous, overly broad, seeks documents not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks information on calls not subject to or covered by the Standard Support Agreement, and calls for production of confidential and proprietary documents of Plaintiffs.  Subject to the foregoing objections and upon entry of a Protective Order, Plaintiffs will produce documents regarding MITG's handling and processing of sales calls for spare parts by MITG from February 7, 2002 through February 7, 2004.

15.    Any and all documents which refer to, relate to, reference, discuss, or in any way mention the routing, processing or diverting of customer telephone calls to Hewlett-Packard's own service centers or other vendors besides Defendant.

**RESPONSE:**     Plaintiffs object to Request for Production No. 16 for the reason that the same is vague and ambiguous in its reference to "routing, processing or diverting of customer telephone calls to" HP service centers or third parties, is overly broad, seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence and to the extent it calls for documents protected by or subject to the attorney client privilege or attorney work protect exception.  Subject to the foregoing objections, Plaintiffs do not have any documents referring, relating, referencing, discussing or in any way mentioning the routing, processing, or diverting of Compaq Direct customer telephone calls intended for MITG away from MITG to other call centers.

16.    Any and all documents which evidence or support any allegation or claim that MITG waived or otherwise vacated its exclusive right to provide parts and services to Plaintiffs' Customers pursuant to Paragraph 22 of the Standard Support Agreement.

**RESPONSE:**     Plaintiffs object to Request for Production No. 17 for the reason that the same is vague, ambiguous, misleading, improperly and incorrectly cites nonexistent language from paragraph 22 of the Standard Support Agreement and is solely for the purpose of harassment.

17.    Any and all documents which evidence orders placed directly into Compaq's VISTA-Order Entry System created by MITG for Plaintiffs.

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANTS' REQUEST FOR PRODUCTION. – Page 8**
502917 000160 DALLAS 1772522.1

)                                    )

**RESPONSE:**    Plaintiffs object to Request for Production No. 18 for the reason that the same is vague, ambiguous, overly broad, seeks information not relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, assumes facts not in evidence and is propounded solely for the purpose of harassment. Subject to the foregoing objections, MITG did not create the VISTA-Order Entry System, thus Plaintiffs have no responsive documents.

18.    Any and all documents from February 7, 2002, up to and including the present, which evidence any order that has been reviewed, released and credit approval obtained, along with any order acknowledgment for orders placed directly into Compaq's/Hewlett Packard's VISTA-Order Entry System under the Middleware software developed by MITG.

**RESPONSE:**    Responsive documents will be produced.

19.    Any and all documents which evidence MITG's prior written consent for Plaintiffs to modify, revise or sub-license the Middleware to others or to use the Middleware for the benefit of parties other than MITG.

**RESPONSE:**    Plaintiffs object to Request for Production No. 20 to the extent it assumes facts not in evidence in that it suggests that Plaintiffs modified, revised or sublicensed the Middleware created by MITG for use by the parties. Subject to the foregoing objections, Plaintiffs have no responsive documents.

20.    Any and all documents which evidence the call activity to any of Plaintiffs' call centers or other vendors besides Defendant from February 7, 2002, up to and including the present, for any spare parts of parts options orders.

**RESPONSE:**    Plaintiffs object to Request for Production No. 21 for the reason that the same is overly broad, unduly burdensome, seeks information not relevant to the subject matter of this

litigation nor reasonably calculated to lead to the discovery of admissible evidence and seeks confidential and proprietary information of Plaintiffs.

      21.    Any and all documents which reference, discuss, or otherwise mention the individuals, processes, meetings or decisions to terminate the Standard Support Agreement between the parties.

**RESPONSE:**    Plaintiffs object to Request No. 22 to the extent it calls for the production of documents protected by the attorney-client privilege and/or attorney work product exception.. Subject to the foregoing objections, non-privileged, responsive documents will be produced.

      22.    Any and all documents which reference, discuss, or otherwise mention the individuals, processes, meetings or decisions to terminate the Middleware Agreement between the parties.

**RESPONSE:**    Plaintiffs object to Request No. 23 to the extent it calls for the production of documents protected by the attorney-client privilege and/or work product exception.  Subject to the foregoing objections, non-privileged, responsive documents will be produced.

      23.    All corporate minutes of the Plaintiffs which reflect, refer to and/or concern Defendants in any manner whatsoever.

**RESPONSE:**    Plaintiff have no responsive documents.

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of Santa Clara } ss.

On 30 August 2004 before me, Teri Lyn Blackburn
Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared Christa Fancher
Name(s) of Signer(s)

☑ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

TERI LYN BLACKBURN
Commission # 1496370
Notary Public - California
Santa Clara County
My Comm. Expires Jun 25, 2008

_____
Signature of Notary Public

───────────── OPTIONAL ─────────────
Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

## Description of Attached Document

Title or Type of Document: Verification

Document Date: 30 August 2004          Number of Pages: 1

Signer(s) Other Than Named Above: none

## Capacity(ies) Claimed by Signer

Signer's Name: Christa Fancher

☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: Legal Specialist

Signer Is Representing: _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827