## Schmiedeskamp, Robertson, Neu & Mitchell
### LAWYERS

DELMER R. MITCHELL
DENNIS W. GORMAN
WILLIAM G. KELLER, JR.
WILLIAM M. McCLEERY, JR.
TED M. NIEMANN
GENA J. AWERKAMP*
BRETT K. GORMAN*
HAROLD B. OAKLEY*
MICHAEL A. BICKHAUS*
DAVID G. PENN
JAMES A. HANSEN*
GREGORY A. PRATT
ANDREW K. CASHMAN*
MELINDA S. MADISON**
MAREC E. EDGAR

525 JERSEY
P.O. BOX 1069

Quincy, Illinois
62306

CARL G. SCHMIEDESKAMP (1898-1987)
JOHN T. ROBERTSON (1916-1995)

RICHARD B. NEU • RETIRED

(217) 223-3030

FAX (217) 223-1005

www.srnm.com

F.E.I.N. 37-0670873

*ALSO LICENSED IN MISSOURI
**ALSO LICENSED IN NEW YORK

September 7, 2004

Ms. Elizann Carroll
Thompson & Knight, LLP
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201-4693

Re: Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and COMPAQ Trademark B.V., vs. Midwest Information Technology Group, Inc. and Michael Lauber
Civil Action No. 04-3055

Dear Ms. Carroll:

I am in receipt of Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and COMPAQ Trademark B.V. ("Plaintiff") Objections and Answers to Midwest Information Technology Group, Inc.'s Interrogatories and Responses to Request for Production of Documents. Due to the fact that depositions are scheduled for the end of this month, I feel some urgency in trying to resolve any discovery disputes. So consider this my good faith attempt under Federal Rule 37(B) to secure information requested but objected to by Plaintiffs without court action. Our request as to your Objections to Interrogatories are as follows:

11. Your objections are to the relevancy of the subject matter, the discovery of admissible evidence and that the interrogatory is overly broad and unduly burdensome. The objecting party must specify the nature of the burden and provide specific explanations as to why the Interrogatory cannot be answered. The mere fact that HP is required to expend a considerable amount of time, effort or expense in answering the interrogatory is not a sufficient reason to preclude discovery. Schaap v. Executive Industries, Inc., 130 F.R.D. 384 (N.D. Ill.). Discovery requests are to be interpreted liberally and your response simply stating the information sought is irrelevant or not reasonably calculated to lead to the discovery of admissible evidence is inappropriate. See Schaap. We would agree to limit the request to the dates of February 7, 2002 to February 7, 2004. Lastly, the Interrogatory answer does not specifically identify the information sought in subparagraphs (a), (b) or (c) in that it does not specifically state the amount paid by Plaintiffs for the invoices submitted by

1

EXHIBIT
C

*1914 • Celebrating 90 Years of Service to Our Valued Clients • 2004*

other third-party parts suppliers or distributors for any of the sales call needs for spare parts, parts options or pre-merger COMPAQ parts, does not identify the names of the individuals in Plaintiff's employ that made the decision to utilize these entities and finally, does not name any of the other entities utilized and whether or not they were under contract with the Plaintiffs;

12.    The objections are not well founded in that we have certainly limited the time and scope so that the interrogatory is not overly broad or unduly burdensome. Again, see Schaap regarding your objections. Lastly, the request is not limited only to monthly revenues for spare parts sold by MITG as you have answered; rather, the interrogatory is relevant to the basis of the counterclaim that Plaintiffs specifically directed and diverted monthly revenues away from MITG and to Plaintiff;

Next, pursuant to Federal Rule 37(B) please consider this our good faith attempt to resolve your objections to our Request for Production of Documents. As far as the objections are concerned we request the following:

3.    We would agree to reword the request to limit any and all documents showing payments due and paid to Defendant MITG from Plaintiffs;

4.    We would agree to limit the request from the time period of February 7, 2002 up to and including the present. Your objection as to assuming facts not in evidence or seeking documents not relevant to the subject matter of this litigation is not well founded based on the previous case that I have cited as well as SmithKline Beecham Corp. v. Apotex Corp., 1999 WL 311697 (N.D. Ill.);

5.    We would agree to limit the request from the time period of February 7, 2002 up to and including the present. Your objection as to assuming facts not in evidence or seeking documents not relevant to the subject matter of this litigation is not well founded based on the previous case I have cited as well as SmithKline Beecham Corp. v. Apotex Corp., 1999 WL 311697 (N.D. Ill.);

7.    We would agree to limit the time for which the documents are sought from February 7, 2002 up to and including the present;

14.    We fail to see how this request is vague, ambiguous or overly broad as it is specifically limited in time and scope and directly to sales for parts under the Standard Support Agreement executed between the parties. Further, we specifically identify some of the documents requested. See Schaap v. Executive Industries, Inc., 130 F.R.D. 384 (N.D. Ill.) and SmithKline Beecham Corp. v. Apotex Corp., 1999 WL 311697 (N.D. Ill.). The request is not limited to only handling and processing of sales calls for spare parts by MITG from February 7, 2002 through February 7, 2004 and we consider your response incomplete;

15.    Again, as to your overly broad reference we would limit the request from February 7, 2002 up to and including the present. As to your relevancy objections we again rely on the Schaap case in response. Also, see SmithKline Beecham Corp. v. Apotex Corp., 1999 WL 311697 (N.D. Ill.). Further, your answer was limited only to COMPAQ Direct. The request specifically sought documents related to Hewlett-Packard and we request a supplementation to the response;

2

16.  The Standard Support Agreement specifically states in Paragraph 22 that the agreement is exclusive and everything herein contained should be deemed to provide MITG with an exclusive right to provide parts and services to the customers. We do not feel the request is vague or ambiguous and correctly states the exact language from the Standard Support Agreement. Therefore, your objection is not well founded and we ask that you produce any documents responsive to the request;

20.  Again, as to your overly broad reference we would limit the request from February 7, 2002 up to and including the present. As to your relevancy objections we again rely on the Schaap case in response. Also, see SmithKline Beecham Corp. v. Apotex Corp., 1999 WL 311697 (N.D. Ill.). Further, your answer was limited only to COMPAQ Direct. The request specifically sought documents related to Hewlett-Packard and we request a supplementation to the response;

Due to the fact that depositions have been scheduled in Roseville, California of representatives of Hewlett-Packard for the week of September 27, 2004, we hereby request that we receive either the supplementation requested or a response from Plaintiffs within the next seven (7) days.

Thank you for your immediate attention to this matter.

Very truly yours,

James A. Hansen

JAH/jet

cc:  Scott Spooner
     Delmer R. Mitchell

3