E-FILED
Friday, 31 December, 2004 03:53:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and Compaq TRADEMARK B.V., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 04-3055 |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. and MICHAEL LAUBER, | ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO COMPEL RULE 30(b)(6) DEPOSITION

The Defendant/Counterclaim Plaintiff, **Midwest Information Technology Group, Inc.** ("MITG"), submits this Memorandum of Law in support of its Motion to Compel Rule 30(b)(6) Deposition pursuant to Fed. R. Civ. P. 37.

### INTRODUCTION

On or about October 6, 2004, MITG submitted a Notice of Deposition to Plaintiffs pursuant to Fed. R. Civ. P. 30(b)(6), requesting Plaintiffs designate a corporate representative to testify regarding allegations made against MITG. (Attached hereto as Exhibit A is the letter and Rule 30(b)(6) Deposition Notice MITG sent to Plaintiffs). Specifically, MITG requested that a Rule 30(b)(6) witness be produced to testify to the following:

- Plaintiffs' allegations that MITG's actions were willful and done with the intention of trading upon Hewlett-Packard's valuable goodwill;

- Plaintiffs' allegations that MITG's actions were for the willful and calculated purpose of distributing its products based upon the goodwill of Hewlett-Packard's trademarks and business reputation;

- Plaintiffs' allegations that MITG acted to compete unfairly by misappropriating Hewlett-Packard's work product by trading on Hewlett-Packard's competitive advantage;

- The damages alleged by Plaintiffs as a result of MITG's alleged conduct;

- Plaintiffs' allegations that MITG seeks to capitalize on Hewlett-Packard's success by using domain names confusingly similar to Hewlett-Packard's marks and the alleged infringement by MITG on Hewlett-Packard's rights and trademarks;

- Plaintiffs' allegations that MITG is using domain names in connection with the sale of various products causing confusion, mistake, or deception as to the source, origin, or sponsorship of MITG's goods and services;

- Plaintiffs' allegations that the public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way connected with Hewlett-Packard; and

- Plaintiffs' allegations that Hewlett-Packard has suffered irreparable harm as a result of MITG's use of any domain names in connection with the sale of various products.

(See Exhibit A). Having received no response from Plaintiffs designating a Rule 30(b)(6) deponent, MITG's counsel sent a second letter to Plaintiffs' counsel again requesting a deponent be named. (See Exhibit B). On December 15, 2004, MITG's counsel finally received a response to MITG's request for a 30(b)(6) deposition. However, Plaintiffs' counsel merely advised that Plaintiffs did not have a Rule 30(b)(6) deponent to produce. (See Letter from Elizann Carroll to James A. Hansen, attached as Exhibit C).

In her December 15, 2004 letter advising MITG that no deponent exists, Plaintiffs' counsel asserted the information Plaintiffs need to support their claims can only be revealed through deposition testimony of MITG personnel, and Plaintiffs' damages can only be proven through

MITG's records. Plaintiffs' counsel further claims the issues MITG wishes to address in the Rule 30(b)(6) deposition are questions for the jury. Finally, Plaintiffs' counsel claims the deposition notice seeks a witness to disclose Plaintiffs' legal strategy. (See Exhibit C). It is unbelievable that Plaintiffs would have filed a complaint in federal court with no representative having any knowledge of the claims made or damages sought. A Hewlett-Packard employee certainly must have knowledge or belief that MITG was acting improperly or questioned MITG's actions enough to contact counsel to file this suit. If not, what we have here is a meritless claim. If grounds for filing this suit do exist, MITG has the right to learn of those grounds through deposing a corporate representative, and the Plaintiffs have a duty to produce a witness to testify according to Rule 30(b)(6). Therefore, the Court should grant MITG's motion to compel and require Plaintiffs to make the required witness designation.

## ARGUMENT

Fed. R. Civ. P. 30(a)(1) allows a party to depose "any person." Fed. R. 30(b)(6) allows a party to name a corporation as a deponent, and provides that in response to such a deposition notice the corporation "*shall* designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6) (emphasis added). In addition, the persons designated *shall* testify about matters known or reasonably available to the corporation. Fed. R. Civ. P. 30(b)(6). The Rule's use of the word "shall" indicates that designation of such individuals is mandatory. In fact, courts have construed Rule 30(b)(6) as imposing a duty on the corporation to designate an individual to testify on its behalf. See Beloit Liquidating Trust v. Century Indemnity Co., 2003 WL 355743 at *2 (N.D. Ill. 2003). In addition, the Rule imposes a duty on the corporation to "perform a reasonable inquiry for information and prepare the selected deponent to adequately

3

testify not only on matters known by the deponent, but also on subjects that the entity should reasonably know." Beloit, 2003 WL 355743 at *2. If the party chosen cannot provide the requested information, the corporation must designate additional parties to testify. Beloit, 2003 WL 355743 at *2. Thus, Rule 30(b)(6), requires the corporation to designate someone to "represent the corporation's position in the lawsuit." Toys "R" Us, Inc. v. NBD Trust Co., 1993 WL 543027 at *2 (N.D. Ill. 1993).

The cases cited above are consistent with other jurisdictions' interpretation of Rule 30(b)(6). In re Vitamins Antitrust Litigation, 216 F.R.D. 168 (D. D.C. 2003), the court interpreted the rule as requiring a corporation to provide a Rule 30(b)(6) witness who can give a factual response and noted that the failure to do so or educate a witness to do so is "significant, conscious and material" to the opposing party's case. 216 F.R.D. at 174. In AMP, Inc. v. Fujitsu Microelectronics, Inc., 853 F. Supp. 808 (M.D. Penn. 1994), Fujitsu could only produce a witness to testify to three of the topics in the deposition notice and claimed it did not have knowledge regarding the other listed topics, which involved the claims and defenses asserted by Fujitsu. AMP, 853 F. Supp. at 831. The court found Rule 30(b)(6) required Fujitsu to provide a witness to testify to matters "known or reasonably available" and that it was not unreasonable to conclude that a party who asserts certain claims can produce a witness to testify to the factual bases for those claims or to conclude that someone from the corporation believed there was a factual basis for the claims made. AMP, 853 F. Supp. at 831. The AMP case is particularly relevant here. As in AMP, Plaintiffs here assert they cannot produce a witness to testify about the claims they have asserted, but it is entirely reasonable for MITG and this Court to expect that there is someone associated with Hewlett-Packard who has knowledge about those assertions or, at least, believed there was a factual basis behind those claims. The very

4

idea that information pertaining to allegedly wrongful acts of MITG is only in MITG's possession defies reason.

Further, opposing counsel's claim that she cannot be required to coach the corporation on the claims presented is not accurate. In the Vitamins Litigation case, the United States District Court for the District of Columbia stated otherwise and obligated the corporation to produce a witness to testify at deposition under Rule 30(b)(6) concerning any and all facts known to the corporation *or its counsel* "regardless of whether such facts are memorialized in work product protected documents or reside in the minds of counsel." In re Vitamins Litigation, 216 F.R.D. 168, 172 (D. D.C. 2003). The Plaintiff corporations herein should reasonably know the factual basis for the claims asserted against MITG, and have a duty to produce a corporate representative to testify regarding those claims and to coach the corporate representative if necessary. AMP, Inc. v. Fujitsu Microelectronics, Inc., 853 F. Supp. 808 (M.D. Penn. 1994); Toys "R" Us, Inc. v. NBD Trust Co., 1993 WL 543027 at *2 (N.D. Ill. 1993); Beloit, 2003 WL 355743 at *2. MITG has a right to discover from the Plaintiffs the reasons behind this suit.

## CONCLUSION

Plaintiffs have failed to comply with Rule 30(b)(6). If the Plaintiffs cannot comply with their duty to produce a Rule 30(b)(6) witness, it is not because information needed is in MITG's hands, but because there was no support for the allegations to begin with. MITG has a right to expect Plaintiffs to possess knowledge about their claims, and has a right to depose a corporate representative to discover the basis for those claims. For the reasons stated in MITG's motion to compel and supporting memorandum of law, this Court should require Plaintiffs to designate and produce a corporate representative to testify pursuant to Rule 30(b)(6).

In addition, this Court should award MITG reasonable attorneys' fees and costs associated with pursuing Plaintiffs' compliance with its Rule 30(b)(6) duty.

                                                                s/           James A. Hansen
                                                                 James A. Hansen IL Bar #6244534
Attorney for Defendant/Counterclaim Plaintiff,
Midwest Information Technology Group, Inc.
Schmiedeskamp, Robertson, Neu & Mitchell
525 Jersey Street, P. O. Box 1069
Quincy, IL 62306-1069
Telephone: (217) 223-3030
Facsimile: (217) 223-1005
E-mail: jhansen@srnm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of December, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Molly Buck Richard
>Thompson & Knight, LLP
>1700 Pacific Avenue, Suite 3300
>Dallas, TX 75201-4693
>
>Elizann Carroll
>Juneau, Boll & Ward
>15301 Spectrum Drive, Suite 300
>Addison, TX 75001
>
>Scott Spooner
>Heyl, Royster, Voelker & Allen
>Suite 575, National City Center
>1 North Old State Capitol Plaza
>P.O. Box 1687
>Springfield, IL 62705-1687

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

>s/                James A. Hansen
>James A. Hansen IL Bar #6244534
>Attorney for Defendant/Counterclaim Plaintiff,
>Midwest Information Technology Group, Inc.
>Schmiedeskamp, Robertson, Neu & Mitchell
>525 Jersey Street, P. O. Box 1069
>Quincy, IL 62306-1069
>Telephone: (217) 223-3030
>Facsimile: (217) 223-1005
>E-mail: jhansen@srnm.com