# Schmiedeskamp, Robertson, Neu & Mitchell
### LAWYERS

DELMER R. MITCHELL
DENNIS W. GORMAN
WILLIAM G. KELLER, JR.
WILLIAM M. McCLEERY, JR.
TED M. NIEMANN
GENA J. AWERKAMP*
BRETT K. GORMAN*
HAROLD B. OAKLEY*
MICHAEL A. BICKHAUS*
DAVID G. PENN
JAMES A. HANSEN*
GREGORY A. PRATT
ANDREW K. CASHMAN*
MELINDA S. MADISON**
MAREC E. EDGAR

*ALSO LICENSED IN MISSOURI
**ALSO LICENSED IN NEW YORK

525 JERSEY
P.O. BOX 1069
Quincy, Illinois
62306

CARL G. SCHMIEDESKAMP (1898-1987)
JOHN T. ROBERTSON (1916-1995)

RICHARD B. NEU • RETIRED

(217) 223-3030

FAX (217) 223-1005

www.srnm.com

F.E.I.N. 37-0670873

December 7, 2004

Elizann Carroll
Juneau, Boll & Ward
15301 Spectrum Dr., Ste. 300
Addison, Tx. 75001

Re: Hewlett Packard v. MITG, Inc. and Michael Lauber
Cause No. 04-3055; United States Central District of Illinois

Dear Ms. Carroll:

We hereby request HP produce Vickie Ngo, Roland Soriano and Richard Chizek for deposition in Roseville, California. I would offer the weeks of January 10 or 17. Please contact me with some available dates.

I also need a response from you as to the individual HP is going to designate to testify to the matters requested in Exhibit A which I have enclosed. Obviously, if that person is located at Roseville I will want the deposition on the same trip as the individuals requested above.

I look forward to hearing from you.

Very truly yours,

James A. Hansen

JAH/jet
Enclosure

EXHIBIT
B

*1914 • Celebrating 90 Years of Service to Our Valued Clients • 2004*

## EXHIBIT A

DEFENDANT Midwest Information Technology Group, Inc. hereby requests Plaintiff Hewlett-Packard Development Company, L.P. ("HP") designate one or more officers, directors, or managing agents, or other persons to testify on behalf of HP, which person or persons have the most knowledge and/or information as to the matters on which this examination is requested:

1. The allegations that the Defendants actions were willful and done with the intention of trading upon Hewlett-Packard's valuable goodwill;

2. The allegations that Defendants actions were for the willful and calculated purpose of distributing its products based upon the goodwill of Hewlett-Packard's trademarks and business reputation;

3. The allegations that Defendants have acted to compete unfairly by misappropriating Hewlett-Packard's work product by trading on Hewlett-Packard's competitive advantage;

4. The damages alleged by Plaintiffs in this case as a result of Defendants alleged conduct;

5. The allegations that MITG seeks to capitalize on Hewlett-Packard's success by using domain names confusingly similar to Hewlett-Packard's marks and it is therefore infringing on Hewlett-Packard's rights and trademarks;

6. The allegations that MITG is using domain names in connection with the sale of various products causing confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services;

7. The allegations that the public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way connected with Hewlett-Packard;

8. The allegations that Hewlett-Packard has suffered irreparable harm as a result of MITG's use of any domain names in connection with the sale of various products.

The individual or individuals identified by Hewlett-Packard Development Company, L.P. to testify pursuant to this Notice are hereby requested to produce any and all documents relating to any of the requests mentioned herein prior to the date of the deposition set forth in this notice.