E-FILED
Friday, 31 December, 2004 03:54:45 PM
Clerk, U.S. District Court, ILCD

# JUNEAU, BOLL & WARD

ATTORNEYS AND COUNSELORS
A PROFESSIONAL LIMITED LIABILITY COMPANY

15301 SPECTRUM DRIVE, SUITE 300
ADDISON, TEXAS 75001-4696

ELIZANN CARROLL
ECARROLL@JUNEAUBOLL.COM

TELEPHONE:
(972) 866-8333

FACSIMILE:
(972) 866-8378

December 15, 2004

Mr. James A. Hansen
Schmiedeskamp, Robertson, Neu and Mitchell
525 Jersey St.
Quincy, Illinois 62301-3926



Re:   Civil Action No. 04-3055; Hewlett-Packard Development Company, L.P., et al. v. Midwest Information Technology Group, Inc and Michael Lauber

Dear Jim:

This is in response to your request for a 30(b)(6) representative to testify about certain trademark matters, as set out in Exhibit A, which was attached to your December 7th letter. We have reviewed the eight categories and, frankly, do not have a representative to present for deposition at this time. As I indicated in my e-mail last week, we believe that several of these matters are legal issues and the facts supporting the claims are going to come from the MITG witnesses, not HP personnel. For example, you have requested a person who can testify as to the allegation that Defendants actions were willful. In order for HP to develop this claim, we will need to depose MITG personnel to explore their actions. Moreover, even with that evidence, it is a jury question as to whether those facts, which will come from the mouths of MITG's witnesses, constitute willfulness under the Lanham Act. Even though you have requested a corporate representative on this issue, you are not entitled to a witness to disclose our strategy, or what the lawyers believe supports the claims, particularly in advance of our deposition of your witnesses. Other than HP lawyers' thoughts and strategy, we have no other information at this time to provide a basis for the issues set forth in Exhibit A.

The above is simply one example of the problem we have in designating a witness. While we considered a marketing person who could testify as to the registration of the marks, and some of the other allegations set forth in our Complaint about HP's investment in and use of its marks,. However, you have not asked for a corporate representative on those issues, and thus we presume you have conceded that these are not disputed facts.

On the other categories in Exhibit A, we have the same issue as discussed above. This evidence will be presented through cross-examination and, possibly, by experts, particularly as to the likelihood of confusion. Again, we do not have a fact witness at this time who has any knowledge, and the lawyers training a witness in our legal theories is obviously inappropriate. This

**JUNEAU, BOLL & WARD**
ATTORNEYS AND COUNSELORS

December 15, 2004
Page 2

---

may change once we have deposed Mr. Haught, Mr. Lauber and others for MITG, depending on their testimony. This holds true for the damages issue, which must be developed through MITG records. As you and I discussed briefly in Omaha, HP propounded discovery requests addressing hits on the website's using the HP Marks, orders derived from such contacts, etc., that were met with objections or claims not to have responsive documents. I will address these discovery issues in a separate letter, if necessary. Therefore, until we have information on what business MITG may have derived from using the HP Marks, we cannot present a damage calculation. Whatever testimony we may have will be dependant on the information obtained by HP from MITG through discovery.

We are not trying to be obstructionist in any way. If we believe after further evidence is obtained from MITG that we have one or more witnesses who can testify as to these matters, we will willingly present such witness(es) for deposition. However, at this time, we cannot present such a witness(es).

If you have any questions regarding this matter, please feel free to call me

Sincerely,

Elizann Carroll

EC/lmd

cc:   Molly Buck Richard