E-FILED
Monday, 31 January, 2005  01:39:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V. | § § § § § | |
| Plaintiffs | § § | Civil Action No. 04-3055 |
| VS. | § § | JURY TRIAL DEMANDED |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER, | § § § § § | |
| Defendants. | § § | |

## PLAINTIFFS'/COUNTER-DEFENDANTS' ANSWER TO MIDWEST INFORMATION TECHNOLOGY GROUP, INC.'S AMENDED COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Plaintiffs/Counter-Defendants Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V., file their Answer to the Amended Counterclaim of Midwest Information Technology Group, Inc. and for good cause would show this Court as follows:

### BACKGROUND

1. Plaintiffs/Counter-Defendants admit their allegations set forth in Paragraph 1 of the Amended Counterclaim.

2. Plaintiffs/Counter-Defendants admit the allegations set forth in Paragraph 2 of the Amended Counterclaim.

3. Plaintiffs/Counter-Defendants admit that Compaq Direct, Inc., a subsidiary of Compaq Computer Company, entered into the Agreement attached as Exhibit 1 to the Amended Counterclaim. Plaintiffs/Counter-Defendants deny all other allegations in Paragraph 3 of the Amended Counterclaim.

4. Plaintiffs/Counter-Defendants admit that the Agreement provided that MITG was to provide certain customer services to customers of Compaq as set forth in the Agreement. The Agreement is the best evidence of the terms of the Agreement. Any other allegations in Paragraph 4 are hereby denied.

5. Plaintiffs/Counter-Defendants admit that MITG was to offer services as set forth in the Agreement. Any other allegations in Paragraph 5 are hereby denied.

6. Plaintiffs/Counter-Defendants admit that Compaq Direct agreed to pay MITG for services performed and parts supplied by MITG to customers pursuant to the terms and conditions of the Agreement. Plaintiffs/Counter-Defendants assert that the Agreement is the best evidence of terms thereof. Any other allegations in Paragraph 6 are hereby denied.

7. Plaintiffs/Counter-Defendants admit that Compaq Direct, Inc., a corporate subsidiary of Compaq Computer Company, entered into an agreement in February, 2002, relating to the development of Middleware, which is attached as Exhibit 2 to the Amended Counterclaim. Plaintiffs/Counter-Defendants assert that the Agreement is the best evidence of the terms thereof.

8. Plaintiffs/Counter-Defendants admit that the Middleware Agreement attached as Exhibit 2 to the Amended Counterclaim is the best evidence of the terms thereof and deny any remaining allegations in Paragraph 8.

9. Plaintiffs/Counter-Defendants admit the terms of the Middleware Agreement are set forth in Exhibit 2 to the Amended Counterclaim and deny any remaining allegations in Paragraph 9 of the Amended Counterclaim.

10. Plaintiffs/Counter-Defendants admit the allegations in Paragraph 10 of the Amended Counterclaim.

11. Plaintiffs/Counter-Defendants admit that it provided notification that it was terminating the Agreement and that the Agreement has been terminated. Plaintiffs/Counter-Defendants deny all remaining allegations in Paragraph 11 of the Amended Counterclaim.

12. Plaintiffs/Counter-Defendants admit that the correspondence attached as Exhibit 3 to the Amended Counterclaim is a true and correct copy of a termination letter providing notification of the termination of the agreement relating to Middleware. Plaintiffs/Counter-Defendants deny all remaining allegations in Paragraph 12 of the Amended Counterclaim.

## COUNT I
### BREACH OF CONTRACT – STANDARD SUPPORT AGREEMENT

13. Plaintiffs/Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1-6 and 10-12 of the Amended Counterclaim and deny any remaining allegations in Paragraph 13.

14. Plaintiffs/Counter-Defendants admit that the Agreement attached as Exhibit 1 to the Amended Counterclaim contains the terms agreed to by the parties and alleges that this Agreement is the best evidence of the terms of that Agreement. Plaintiffs/Counter-Defendants deny all remaining allegations in Paragraph 14 of the Amended Counterclaim.

15. Plaintiffs/Counter-Defendants admit that there are payment provisions in the Agreement and allege that the Agreement is the best evidence of such terms. Plaintiffs/Counter-Defendants deny any remaining allegations in Paragraph 15 of the Amended Counterclaim.

16.     Plaintiffs/Counter-Defendants admit that there are payment provisions in the Agreement and allege that the Agreement is the best evidence of such terms.  Plaintiffs/Counter-Defendants deny any remaining allegations in Paragraph 16 of the Amended Counterclaim.

17.     Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 17 of the Amended Counterclaim.

18.     Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 18 of the Amended Counterclaim.

19.     Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 19 of the Amended Counterclaim.

Plaintiffs/Counter-Defendants deny the allegations set forth in the unnumbered paragraph of Count I of the Amended Counterclaim and deny that Defendants/Counter-Plaintiff MITG is entitled to the relief sought in Count I of the Amended Counterclaim.

## COUNT II
### BREACH OF CONTRACT – STANDARD SUPPORT AGREEMENT – PUNITIVE DAMAGES

20.     Plaintiffs/Counter-Defendants hereby incorporate by reference their answers to Paragraphs 13-19 above and deny any remaining allegations in Paragraph 20 of the Amended Counterclaim.

Plaintiffs/Counter-Defendants deny the allegations to the unnumbered paragraph of Count II of the Amended Counterclaim and deny that Defendant/Counter-Plaintiff MITG is entitled to the relief sought in Count II of the Amended Counterclaim.

## COUNT III
### BREACH OF CONTRACT – MIDDLEWARE AGREEMENT

21. Plaintiffs/Counter-Defendants incorporate by reference their answers to Paragraphs 1, 2, 7-10, and 12 of the Amended Counterclaim and deny any remaining allegations set forth in Paragraph 21 of the Amended Counterclaim.

22. Plaintiffs/Counter-Defendants admit they entered into the Middleware Agreement attached as Exhibit 2 to the Amended Counterclaim and assert that the Agreement itself is the best evidence of the terms. Plaintiffs/Counter-Defendants deny any remaining allegations in Paragraph 22 of the Amended Counterclaim.

23. Plaintiffs/Counter-Defendants admit they entered into the Middleware Agreement attached as Exhibit 2 to the Amended Counterclaim and assert that the Agreement itself is the best evidence of the terms. Plaintiffs/Counter-Defendants deny any remaining allegations in Paragraph 23 of the Amended Counterclaim.

24. Plaintiffs/Counter-Defendants admit they entered into the Middleware Agreement attached as Exhibit 2 to the Amended Counterclaim and assert that the Agreement itself is the best evidence of the terms. Plaintiffs/Counter-Defendants deny any remaining allegations in Paragraph 24 of the Amended Counterclaim.

25. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 25 of the Amended Counterclaim.

26. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 26 of the Amended Counterclaim.

27. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 27 of the Amended Counterclaim.

Plaintiffs/Counter-Defendants deny the allegations in the unnumbered paragraph of Count III of the Amended Counterclaim and deny that Defendant/Counter-Plaintiff MITG is entitled to the relief sought in Count III of its Amended Counterclaim.

## COUNT IV
### BREACH OF CONTRACT – MIDDLEWARE AGREEMENT – PUNITIVE DAMAGES

28. Plaintiffs/Counter-Defendants hereby incorporate by reference their answers to Paragraphs 21-27 above.

29. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 29 of the Amended Counterclaim.

30. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 30 of the Amended Counterclaim.

Plaintiffs/Counter-Defendants deny the allegations to the unnumbered paragraph of Count IV of the Amended Counterclaim and deny that Defendant/Counter-Plaintiff is entitled to the relief sought under Count IV of its Amended Counterclaim.

## COUNT V
### Tortious Interference with Business Relationships

31. Plaintiffs/Counter-Defendants hereby incorporate by reference their answers to Paragraphs 1-6, 10 and 11, above.

32. Plaintiffs/Counter-Defendants specifically deny that MITG had an Agreement whereby HP gave it the exclusive right to provide parts and services to HP customers and deny all remaining allegations set forth in Paragraph 32 of the Amended Counterclaim.

33. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 33 of the Amended Counterclaim.

34. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 34 of the Amended Counterclaim.

35. Plaintiffs/Counter-Defendants admit that the Standard Support Agreement at issue terminated on February 7, 2004 and denies any remaining allegations in Paragraph 35 of the Amended Counterclaim.

36. Plaintiffs/Counter-Defendants admit that HP identified the top 89 HP Direct accounts serviced by MITG pursuant to the Standard Support Agreement for the six-month period prior to the termination of the Agreement, but deny that such accounts were accounts or clients of MITG and denies any remaining allegations in Paragraph 36 of the Amended Counterclaim.

37. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 37 of the Amended Counterclaim.

38. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 38 of the Amended Counterclaim.

39. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 39 of the Amended Counterclaim.

40. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 40 of the Amended Counterclaim.

41. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 41 of the Amended Counterclaim.

42. Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 42 of the Amended Counterclaim.

43. Plaintiffs/Counter-Defendants deny that they interfered with any business relationships of MITG and deny all remaining allegations set forth in Paragraph 43 of the Amended Counterclaim.

44.     Plaintiffs/Counter-Defendants deny that they interfered with any business relationships of MITG and deny all remaining allegations set forth in Paragraph 44 of the Amended Counterclaim.

45.     Plaintiffs/Counter-Defendants deny the allegations set forth in Paragraph 45 of the Amended Counterclaim.

Plaintiffs/Counter-Defendants deny the allegations in the unnumbered paragraph of Count V of the Amended Counterclaim and deny that Defendant/Counter-Plaintiff MITG is entitled to the relief sought in Count V of its Amended Counterclaim.

## VI.

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS – PUNITIVE DAMAGES

46.     Plaintiffs/Counter-Defendants hereby incorporate by reference their answers to Paragraphs 31-45 above and deny any remaining allegations in Paragraph 46 of the Amended Counterclaim.

### AFFIRMATIVE DEFENSES

1.     Counter-Plaintiff's claims are barred by unclean hands.

2.     Counter-Plaintiff's claims are barred by laches and/or equitable estoppel.

3.     Counter-Plaintiff's claims for punitive damages in Count II and Count IV are barred because such damages are not recoverable for breach of contract under Missouri law, and thus the Counts fail to state claims upon which relief can be granted.

4.     Counter-Plaintiff's claim for tortious interference fails to state a claim upon which relief can be granted.

WHEREFORE, Plaintiffs/Counter-Defendants Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and Compaq Trademark B.V. respectfully request this Court denies all relief sought by Counter-Plaintiff Midwest Information Technology Group, Inc., that

this Court grant to Plaintiffs all relief sought in their Complaint, and grant such other and further relief to which they may show themselves justly entitled.

        Respectfully submitted,

        /s Elizann Carroll
        ELIZANN CARROLL
        State Bar No. 00787209
        JUNEAU, BOLL & WARD, P.L.L.C.
        15301 Spectrum Dr., Suite 300
        Addison Texas 75001
        (972) 866-8333
        (972) 866-8378 *fax*

        MOLLY BUCK RICHARD
        State Bar No. 16842800
        THOMPSON & KNIGHT, LLP
        1700 Pacific Ave., Suite 3300
        Dallas, Texas 75201
        (214) 969-1700
        (214) 969-1750 *fax*

        SCOTT D. SPOONER
        Heyl, Royster, Voelker & Allen
        Suite 575 National City Center
        1 North Old State Capital Plaza
        P. O. Box 1687
        Springfield, IL 62705
        (217) 522-8822
        (217) 523-3902 *fax*

        ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I hereby certify that on this the 31st day of January, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to James Hansen, counsel for Defendants, and Molly Buck Richard and Scott Spooner, counsel for Plaintiffs.

/s Elizann Carroll
ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*
ecarroll@juneauboll.com