UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD | § | |
| DEVELOPMENT COMPANY, L.P., | § | |
| HEWLETT-PACKARD COMPANY, | § | |
| AND COMPAQ TRADEMARK B.V. | § | |
| | § | |
| Plaintiffs | § | Civil Action No. 04-3055 |
| | § | |
| VS. | § | |
| | § | |
| MIDWEST INFORMATION | § | |
| TECHNOLOGY GROUP, INC. | § | |
| AND MICHAEL LAUBER, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFFS' BRIEF IN SUPPORT OF
THEIR RULE 12(b)(6) MOTION TO DISMISS**

Defendant Midwest Information Technology Group, Inc. ("MITG") has asserted counterclaims seeking to recover punitive damages for alleged breaches of contract by Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark, B.V. (collectively "Plaintiffs"). Because the counterclaims fail as a matter of law to state claims upon which relief can be granted, Plaintiffs are entitled to a dismissal of Counts II and IV of MITG's Counterclaim.

## I. FACTUAL BACKGROUND

Plaintiffs filed this lawsuit on February 27, 2004 to protect their trademarks from MITG's knowing and continuous infringing use of Plaintiffs' federally registered trademarks. MITG answered and filed a Counterclaim[1], for alleged breaches of the Standard Support Agreement and

---

[1] MITG amended its Counterclaim with leave of Court on January 24, 2005, to add a claim for tortious interference. That claim, and the damages sought therein, are not addressed by this Motion.

the Middleware Agreement. In these counterclaims, MITG asserts that it is entitled to punitive damages for the alleged breaches of each agreement. Because MITG is not entitled as a matter of law to punitive damages for either of its claims of breach of contract, Counts II and IV should be dismissed for failure to state a claim upon which relief can be granted.

## II. ARGUMENTS AND AUTHORITIES

A court may dismiss a claim under Federal Rule 12(b)(6) when the party asserting the claim can prove no set of facts in support of its claims that would entitle it to relief.[2] In making its determination, the court can only consider the pleadings, any exhibits attached thereto, and supporting briefs.[3] Because MITG can prove no facts in support of its counterclaims seeking punitive damages for alleged breach of the Agreements, this Court should dismiss the counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. MITG has failed to state a claim under Missouri law for punitive damages arising from Plaintiffs' alleged breach of contract of the Standard Support Agreement.

The Standard Support Agreement explicitly provides that it "shall be governed by, and construed under the laws of the State of Missouri,"[4] and therefore, Missouri law applies to MITG's claim for breach of the Standard Support Agreement. Missouri courts have refused to award punitive damages for breach of contract, unless there are additional allegations. As the Missouri Supreme Court stated, punitive damages are not recoverable in breach of contract cases unless:

---

[2] *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957). *See also Smith v. The Cash Store Mgmt.*, 195 F.3d 325, 327 (7th Cir. 1999).

[3] *Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

[4] *See* Exhibit C to Plaintiffs' Original Complaint, Midwest Information Technology Group Incorporated Standard Support Agreement, at No. 19.

1. there is an independent tort arising from the conduct; or

2. there is a violation of fiduciary duty.[5]

Here, MITG did not plead any facts to show either of these additional causes of action nor even

hint at the possibility of a claim for an independent tort or a violation of a fiduciary duty. There

"must be proper allegations" of the tort or the breach of fiduciary duty in order for MITG to

recover under either theory of recovery.[6]    In this case, the pleading makes clear that the only

theory upon which MITG relies to seek punitive damages under Court II, is the Count I breach of

contract claim.  Count one is entitled "Breach of Contract," the elements of a breach claim are

outlined and the factual allegations are directed to a breach of contract. The fact that MITG

alleges, without details, that Plaintiffs' actions were "intentional," or "knowing," or that

Plaintiffs "acted in bad faith" or "fraudulently" does not convert a breach claim into something

more. Count II simply incorporates these factual and legal allegations, and Missouri law is clear

that a knowing or intentional breach does not give rise to a punitive damage claim.[7]

Likewise, MITG does not, and cannot, plead any facts that indicate that a fiduciary

relationship existed between Plaintiffs and MITG.  In order for MITG to demonstrate the

existence of a fiduciary duty between the parties, MITG must plead and prove five elements:

(1) as between the parties, one must be subservient to the dominant mind and
will of the other as a result of age, state of health, illiteracy, mental
disability, or ignorance;

(2) things of value such as land, monies, a business, or other things of value
which are the property of the subservient person must be possessed or
managed by the dominant party;

---

[5] *Peterson v. Cont'l Boiler Works, Inc.*, 783 S.W.2d 896, 902-03 (Mo. 1990).

[6] *Id.* at 903.

[7] *Id.* (punitive damages are not available where the basis of the complaint is breach of contract, "even where the breach is intentional, willful, wanton or malicious.")

(3) there must be a surrender of independence by the subservient party to the dominant party;

(4) there must be an automatic or habitual manipulation of the actions of the subservient party by the dominant party; and/or

(5) there must be a showing that the subservient party places a trust and confidence in the dominant party.[8]

Additionally, under Missouri law, the breach must be a breach of a public trust, not in a private setting, in order for a possible claim for punitive damages arise.[9]     Examples of a fiduciary relationship under Missouri law include majority/minority shareholders,[10] attorney/client,[11] insurance broker/insured,[12] and members of a partnership.[13] No such relationship existed here or is alleged to have existed. Both parties were business entities and entered into an arms-length contract.     Neither party could be considered subservient; there was no surrender of independence; and there was no element of trust or confidence associated with the business deal.

MITG's sole suggested basis for its punitive damage claims stems from the allegedly intentional breach of MITG's contractual rights.[14] But these allegations, even viewed in the light most favorable to MITG, are wholly insufficient to recover punitive damages. As the Missouri Supreme Court recognized in the *Peterson* case:

Our system, then, is not directed at compulsion of promisors to prevent breach; rather it is aimed at relief to promises to redress breach....[T]his at least adds to

---

[8]  *Saey v. Xerox Corp.*, 31 F.Supp. 2d 692, 699 (E.D. Mo. 1998).

[9]  *Peterson*, 783 S.W.2d at 903.

[10]  *Id*. at 904.

[11]  *McRentals, Inc. v. Barber*, 62 S.W.3d 684, 697 (Mo. App. 2001).

[12]  *A.G. Edwards & Sons v. Drew*, 978 S.W.2d 386, 394-95 (Mo. App. 1998).

[13]  *Audsley v. Allen,* No. WD 40.081, 1988 Mo. App. LEXIS 1445, *22 (Mo. App. Nov. 1, 1988).

[14]  *See* Answer, Affirmative Defenses and Counterclaim of Defendant Midwest Information Technology Group, Inc. at ¶ 19.

the celebrated freedom to make contracts, a considerable freedom to break them as well." [15]

MITG cannot recover punitive damages as a matter of law, and thus Count II should be dismissed.

### B. MITG has failed to state a claim under Illinois law for punitive damages associated with its allegations of breach of contract of the Middleware Agreement.

The Middleware Agreement specifies that it "shall be interpreted in its entirety in accordance with the laws of the State of Illinois."[16] Under Illinois law, punitive damages are generally not recoverable for breach of contract, including even a knowing or intentional breach.[17] There is an exception to the general rule, but it is not applicable here. The exception provides for instances when the conduct causing the breach is also a tort for which punitive damages are recoverable.[18] "That is, punitive damages are recoverable 'where the breach amounts to an independent tort and there are proper allegations of malice, wantonness, or oppression.'" [19] Here, MITG has again failed to assert any independent tort, involving malice, wantonness or oppression, and, therefore, punitive damages are not recoverable.

As with its pleadings related to the breach of the Standard Support Agreement, MITG uses the word "fraudulently" but does not plead fraud. In order to state a cause of action for common law fraud, the essential elements of fraud must be pled with specificity. [20] The elements

---

[15] *Peterson*, 783 S.W.2d at 903.

[16] *See* Exhibit 2 to Answer, Affirmative Defenses and Counterclaim of Defendant Midwest Information Technology Group, Inc., at No. 12.

[17] *Morrow v. L.A. Goldschmidt Assoc., Inc.*, 492 N.E.2d 181, 183 (Ill. 1986). The court noted that punitive damages were recoverable in a few other jurisdictions for willful breaches of contract (such as Hawaii, Colorado, and Indiana), but determined that "tort and contract law are founded on different policies which justify separate rules with respect to recovery of punitive damages." *Id.* at 186.

[18] *Id.* at 184.

[19] *Id.*, citing *Bank of Lincolnwood v. Comdisco, Inc.*, 44 N.E.2d 657, 662 (Ill. App. 1982).

[20] *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 905 (Ill. 1996).

that must be alleged include: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury.[21]  Because MITG has failed to allege these elements entirely, MITG cannot sustain a cause of action for fraud, and thus there is no basis for punitive damages arising out of the alleged breach of the Middleware Agreement.

Further, as the Illinois appellate court has noted, recovery of economic losses is "more appropriately governed by contract, rather than tort, law principles."[22]  Thus, when a plaintiff seeks to recover only costs associated with not receiving the benefit of the bargain, its action lie squarely in contract.[23]  Because MITG's allegations are based solely on a breach of the Middleware Agreement, and because it is seeking economic loss, MITG is not entitled to punitive damages for any alleged breach as a matter of law.  Thus, MITG has failed to state a claim for which relief can be granted, and Count IV must be dismissed.

### III. CONCLUSION

MITG cannot recover punitive damages for alleged breach of contracts under either Missouri or Illinois law.  Thus, its counterclaims fail as a matter of law.  This court should therefore dismiss both Counts II and IV under Federal Rule of Civil Procedure 12(b)(6).

---

[21]  *Id.*

[22]  *Morrow*, 492 N.E.2d at 184.

[23]  *Id.* at 185.

Respectfully submitted,

/s Elizann Carroll
ELIZANN CARROLL
Texas State Bar No. 00787209
JUNEAU, BOLL & WARD, P.L.L.C.
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*


MOLLY BUCK RICHARD
Texas State Bar No. 16842800
THOMPSON & KNIGHT, LLP
1700 Pacific Ave., Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1750 *fax*

SCOTT D. SPOONER
Heyl, Royster, Voelker & Allen
Suite 575 National City Center
1 North Old State Capital Plaza
P. O. Box 1687
Springfield, IL 62705
(217) 522-8822
(217) 523-3902 *fax*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of February, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to James Hansen, counsel for Defendants, and Molly Buck Richard and Scott Spooner, counsel for Plaintiffs.

/s Elizann Carroll
ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*
ecarroll@juneauboll.com