E-FILED
Tuesday, 08 March, 2005 02:46:11 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and COMPAQ TRADEMARK B.V., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 04-3055 |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. and MICHAEL LAUBER, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COUNTS II AND IV OF MIDWEST INFORMATION TECHNOLOGY GROUP, INC.'S AMENDED COUNTERCLAIM PURSUANT TO RULE 12(B)(6)**

COMES NOW the Defendant/Counterclaim Plaintiff, **Midwest Information Technology Group, Inc.** ("MITG"), by and through its attorneys, **Schmiedeskamp, Robertson, Neu & Mitchell**, and submits this Memorandum of Law in support of its Response to the Plaintiff's Motion to Dismiss Counts II and IV of its Amended Counterclaim.

## INTRODUCTION

Plaintiff filed its Complaint on February 27, 2004. (d/e 1). On April 26, 2004, MITG filed its Answer, Affirmative Defenses, and Counterclaim. (d/e 5). MITG's April 26, 2004 Counterclaim included claims for punitive damages based on breach of contract. (d/e 5, Counts II and IV). Plaintiff Answered MITG's Affirmative Defenses and Counterclaim on May 17, 2004. (d/e 9). MITG moved to amend its Counterclaim on January 4, 2005 (d/e 29), and on January 20, 2005, the Court granted that motion and the Amended Counterclaim was filed. (See Minute Entry of 1/20/05).

On January 31, 2005, Plaintiff filed its Answer to MITG's Amended Counterclaim. (d/e 33). Counts II and IV of MITG's Amended Counterclaim are identical to Counts II and IV of the original Counterclaim.

On February 22, 2005, Plaintiff moved to dismiss Counts II and IV of MITG's Amended Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] For the reasons stated in this memorandum of law, Counts II and IV of MITG's Amended Counterclaim are appropriately pled under Missouri law, Illinois law, and the Federal Rules of Civil Procedure, and should be allowed to stand. The Plaintiff's motion should be denied.

## LEGAL STANDARD

In construing a motion for judgment on the pleadings, as with a Rule 12(b)(6) motion to dismiss, all well-pled allegations are taken as true and all reasonable inferences are drawn in the pleader's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). Resolution in the movant's favor is proper "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Forseth, 199 F.3d at 368. Dismissal is only proper if it is impossible for the nonmoving party to prevail under any set of facts consistent with the allegations. Forseth, 199 F.3d at 368. If a set of facts can be hypothesized that would entitle the nonmoving party to relief, dismissal is inappropriate. Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999).

---

[1]Although it is too late to entertain such a motion because the Plaintiff has already filed its answer, (see Fed. R. Civ. P. 12(b)), courts construe such an untimely motion as one for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Forseth v. Village of Sussex, 199 F.3d 363, 367 n. 5, 368 n. 6 (7th Cir. 2000). The standards for both a Rule 12(b)(6) and a Rule 12(c) motion are the same. Forseth, 199 F.3d at 368 n. 6.

Although federal courts with diversity jurisdiction must apply state law to resolve substantive issues, federal procedural law applies. See e.g., Berry v. Eagle-Picher, 1989 WL 77764 at *1 (N.D. Ill. 1989). The Federal Rules of Civil Procedure govern the procedure for pleading causes of action in federal court. Berry, 1989 WL 77764 at *1; Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 926 (7th Cir. 2003). The Federal Rules of Civil Procedure require notice pleading, not fact pleading. Fed. R. Civ. P. 8; Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999).

> "The only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to the theory come later in the process . . . *Indeed, under the liberal notice pleading requirements of the federal rules, all that's required to state a claim in a complaint filed in federal court is a short statement, in plain . . . English, of the legal claim.*"

Veazey, 194 F.3d at 854 (emphasis added). A complaint is sufficient if the other party is put on notice of the claim and is able to file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed for failure to plead facts. Higgs, 286 F.3d at 439.

## ARGUMENT

**I.    COUNTS II AND IV OF MITG'S AMENDED COUNTERCLAIM ARE SUFFICIENT UNDER FEDERAL NOTICE PLEADING REQUIREMENTS.**

    **A.    Plaintiff Improperly Attempts to Hold MITG to a Heightened Standard of Pleading in Accordance with the Procedural Rules of Illinois and Missouri, Ignoring That Federal Procedural Law Governs the Pleadings in this Case.**

Throughout its motion to dismiss, the Plaintiff claims MITG has failed to allege sufficient facts to state a claim for punitive damages under Illinois and Missouri law, and points to cases that require specific facts to be plead under Illinois' or Missouri's fact pleading rules. As pointed out

3

above, the Federal Rules of Civil Procedure, not state law, govern proper pleading of claims in federal court. Berry v. Eagle-Picher, 1989 WL 77764 at *1 (N.D. Ill. 1989); Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 926 (7th Cir. 2003). The federal rules require only notice pleading, not fact pleading as required by state courts. Fed. R. Civ. P. 8; Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999).

Here, MITG has alleged that the Plaintiff's breach of the Agreements was intentional and fraudulent. In addition, MITG has alleged that the Plaintiff's breach "substantially harmed, hindered and negated the business opportunity of MITG." (Amended Counterclaim, Count I, para. 19, incorporate by reference into Count II; Amended Counterclaim, Count IV, para. 30) (d/e 29). These allegations adequately put the Plaintiff on notice of the claims asserted by MITG in Counts II and IV of MITG's Amended Counterclaim. In fact, the Plaintiff had no difficulty answering Counts II and IV on two occasions ---- in response to MITG's original Counterclaim filed in April 2004 and again in response to the recently filed Amended Counterclaim. The Plaintiff improperly seeks to hold MITG to a heightened standard of pleading not applicable in federal court. At trial, MITG must prove its punitive damages claims as outlined by the Illinois and Missouri courts, but the detailed factual pleading the Plaintiff promotes is not required here.

**B.    Both Illinois and Missouri Law Allow Punitive Damages for Breach of Contract in the Circumstances Alleged by MITG.**

As acknowledged by the Plaintiff, the substantive law of both Illinois and Missouri allows punitive damages for breach of contract in certain situations.

In Missouri, courts allow punitive damages for breach of contract when the breaching party's conduct amounts to a separate, independent tort. Peterson v. Continental Boilers Works, Inc., 783

S.W.2d 896, 903 (Mo. 1990); Wash Solutions, Inc. v. PDQ Manufacturing, Inc., 395 F.3d 888, 896 n. 3 (8th Cir. 2005). Although the Missouri Supreme Court stated punitive damages are not appropriate where the basis for those damages is a breach of contract that was intentional, willful, wanton, or malicious, the Court did not mention or indicate such damages would be denied when the breach of contract is *fraudulent*. See Peterson, 783 S.W.2d at 903.

In Illinois, punitive damages can be awarded for breach of contract if the breaching party's conduct "is also a tort for which punitive damages are recoverable . . . where the breach amounts to an independent tort and there are proper allegations of malice, wantonness or oppression." Morrow v. L.A. Goldschmidt Associates, Inc., 112 Ill.2d 87, 95, 492 N.E.2d 181 (1986). The Illinois Supreme Court recognizes that the conduct complained of can sometimes constitute both a breach of contract and a tort. Morrow, 112 Ill.2d at 96. The breach does not become a tort merely because it is willful and wanton. Morrow, 112 Ill.2d at 98. However, like the Missouri Supreme Court, the Illinois Supreme Court did not discuss or indicate recovery for punitive damages would be denied when the breach of contract is *fraudulent*. See Morrow, 112 Ill.2d 95-99. In fact, the Seventh Circuit has recently acknowledged that, under Illinois law, punitive damages are warranted when a breach of contract involved tortious misconduct such as *fraud*. Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., 313 F.3d 385, 390 (7th Cir. 2003); see also Bank of Illinois v. Bill's King City Stationery, Inc., 198 Ill. App. 3d 434, 437, 555 N.E.2d 1133 (5th Dist. 1990) (upholding complaint for punitive damages due to breach of contract where the complaint alleged the breaching parties conduct was *fraudulent* and damaged the corporation).

Here, in both Counts II and IV, MITG alleges the Plaintiff intentionally and *fraudulently* denied MITG its contractual rights under the Standard Support Agreement and the Middleware

5

Agreement, and also alleges the intentional and *fraudulent* breach "substantially harmed, hindered and negated the business opportunity of MITG." (Amended Counterclaim, d/e 29, Count I, para. 19, incorporated by reference into Count II, para. 20; Amended Counterclaim, d/e 29, Count IV, para. 30). Thus, under both Missouri and Illinois law, the allegations in Counts II and IV contain the necessary elements to constitute sufficient claims for punitive damages in a breach of contract case.

## CONCLUSION

The discussion of state pleading requirements provided by the Plaintiff applies only to pleading causes of action for punitive damages in Illinois and Missouri state courts. Such pleading requirements are irrelevant here, and MITG has properly complied with the notice pleading requirements of the federal rules. Again, resolution in the movant's favor is proper "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Forseth, 199 F.3d at 368. Dismissal is only proper if it is impossible for the nonmoving party to prevail under any set of facts consistent with the allegations. Forseth, 199 F.3d at 368. If a set of facts can be hypothesized that would entitle the nonmoving party to relief, dismissal is inappropriate. Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999).

Plaintiff/Counterclaim Defendant has not come forth with proof that it appears beyond a reasonable doubt that the plaintiff (MITG) cannot prove any facts that would support the claims. If in fact MITG proves the actions were fraudulent as alleges through the evidence in this case, MITG could prevail on its claims as properly plead under Federal Rule and a judgment on the pleadings is inappropriate. Counts II and IV of MITG's Amended Counterclaim state a claim upon which relief can be granted, and dismissal of those counts or judgment on the pleadings in favor of Plaintiff/Counterclaim Defendant is not warranted.

                        s/_____James A. Hansen_____
                            James A. Hansen IL Bar #6244534
                            Attorney for Defendant/Counterclaim Plaintiff,
                            Midwest Information Technology Group, Inc.
                            Schmiedeskamp, Robertson, Neu & Mitchell
                            525 Jersey Street, P. O. Box 1069
                            Quincy, IL 62306-1069
                            Telephone: (217) 223-3030
                            Facsimile: (217) 223-1005
                            E-mail: jhansen@srnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Molly Buck Richard
>Thompson & Knight, LLP
>1700 Pacific Avenue, Suite 3300
>Dallas, TX 75201-4693
>
>Elizann Carroll
>Juneau, Boll & Ward
>15301 Spectrum Drive, Suite 300
>Addison, TX 75001
>
>Scott Spooner
>Heyl, Royster, Voelker & Allen
>Suite 575, National City Center
>1 North Old State Capitol Plaza
>P.O. Box 1687
>Springfield, IL 62705-1687

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

>s/          James A. Hansen
>James A. Hansen IL Bar #6244534
>Attorney for Defendant/Counterclaim Plaintiff,
>Midwest Information Technology Group, Inc.
>Schmiedeskamp, Robertson, Neu & Mitchell
>525 Jersey Street, P. O. Box 1069
>Quincy, IL 62306-1069
>Telephone: (217) 223-3030
>Facsimile: (217) 223-1005
>E-mail: jhansen@srnm.com