E-FILED
Tuesday, 15 March, 2005  09:07:11 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD ) <br> DEVELOPMENT COMPANY, LP, ) <br> HEWLETT-PACKARD COMPANY ) <br> and Compaq TRADEMARK B.V., ) <br>              ) <br>     Plaintiffs, ) <br>              ) <br>     v.       ) <br>              ) <br> MIDWEST INFORMATION ) <br> TECHNOLOGY GROUP, INC. ) <br> and MICHAEL LAUBER, ) <br>              ) <br>     Defendants. ) | No. 04-3055 |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Hewlett-Packard Development Company, LP, Hewlett-Packard Co. and Compaq Trademark B.V.'s (collectively, Hewlett-Packard) Motion to Dismiss Counts II and IV of Midwest Information Technology Group, Inc.'s (Midwest) Amended Counterclaim Pursuant to Rule 12(b)(6) (d/e 36). Midwest filed a six-count Amended Counterclaim. Counts I and III allege that Hewlett-Packard breached two contracts with Midwest. Count II and IV seek punitive

1

damages for the alleged breaches of these two contracts. Hewlett-Packard moves to dismiss Counts II and IV because the Counts fail to allege grounds for punitive damages. Midwest argues that the Counts allege that Hewlett-Packard fraudulently breached these contracts and so support its claims for punitive damages. Midwest fails to allege fraud with any particularity. Fed. R. Civ. P. 9(b). Therefore, these Counts fail to allege a basis for punitive damages. The Motion to Dismiss is allowed.

## STATEMENT OF FACTS

Midwest alleges that on February 7, 2002, it entered into a Standard Support Agreement with Compaq Direct, Inc. Amended Counterclaim, ¶ 3. Midwest further alleges that on February 8, 2002, it entered into a Middleware Agreement with Compaq Direct, Inc. Id., ¶ 7. Hewlett-Packard merged with Compaq Direct, Inc., on May 3, 2002, and it assumed all the rights and obligations under these two Agreements. Midwest alleges that Hewlett-Packard breached both Agreements. Midwest alleges that Hewlett-Packard, "acted in bad faith and intentionally and fraudulently denied [Midwest] its contractual rights" under both Agreements. Id., Count I, ¶ 19, & Count IV, ¶ 30. Count II seeks punitive damages for the fraudulent breach of the Standard Support Agreement. Count IV seeks punitive

2

damages for the fraudulent breach of the Middleware Agreement. Hewlett-Packard now moves to dismiss these Counts.

## ANALYSIS

For the purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Amended Counterclaim and draw inferences in the light most favorable to Midwest. Hager v. City of West Peoria, 84 F.3d 865, 868-869 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Counts II and IV should not be dismissed unless it appears that Midwest can prove no set of facts that would entitle it to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).[1]

The Standard Support Agreement is governed by Missouri law, and the Middleware Agreement is governed by Illinois law. Missouri and Illinois both hold that punitive damages are not available for claims of breach of contract unless the conduct that resulted in the breach of contract would

---

[1] Midwest states that the Motion should be considered a motion for judgment on the pleadings since Hewlett-Packard answered the original counterclaim. The Court agrees. A motion to dismiss for failure to state a claim may be filed before pleadings close. Fed. R. Civ. P. 12(b). Hewlett-Packard filed this Motion to Dismiss after it filed its Answer to the Amended Counterclaim, and so filed the Motion after the pleadings closed. The standard of review of the Motion, however, is the same for both a motion for failure to state a claim and a motion for judgment on the pleadings. Forseth v. Village of Sussex, 199 F.3d 363, 368 n. 6 (7th Cir. 2000).

constitute an independent tort. An intentional or willful breach of contract is not sufficient to warrant punitive damages. Peterson v. Continental Boiler Works, Inc., 783 S.W.2d 896, 902-03 (Mo. 1990); Morrow v. L.A. Goldschmidt Associates, Inc., 112 Ill.2d 87, 95, 492 N.E.2d 181, 184 (Ill. 1986).[2] Hewlett-Packard argues that Midwest failed to allege that Hewlett-Packard's breach of the Agreements constituted an independent tort. Hewlett-Packard, thus, argues that Midwest fails to state a claim for punitive damages.

Midwest responds that it alleged that Hewlett-Packard acted fraudulently. Midwest relies on its allegations in paragraphs 19 and 30 that Hewlett-Packard, "acted in bad faith and intentionally and fraudulently denied [Midwest] its contractual rights." It argues that these allegations are sufficient under federal notice pleading to state grounds for its claim for punitive damages. Fraud, however, must be pled with particularity. Fed. R. Civ. P. 9(b). At a minimum, Midwest must allege the time, place, and content of the communications that Hewlett-Packard used to perpetrate the

---

[2]Missouri law also allows recovery of punitive damages if the breach involved a breach of fiduciary duty. Peterson, 783 S.W.2d at 903. The Amended Counterclaim does not allege the existence of any fiduciary relationship between Midwest and Hewlett-Packard. Midwest does not argue that it is entitled to punitive damages based on a breach of a fiduciary relationship.

4

fraud. See, e.g., Midwest Grinding Co., Inc., v. Spitz, 976 F.2d 1016, 1020 (7th Cir. 1992). Midwest has not alleged any particulars of the fraud. Midwest, therefore, has failed to allege that Hewlett-Packard engaged in an independent tort that would entitle it to recover punitive damages for Hewlett-Packard's breach of contract.

THEREFORE, Hewlett-Packard Development Company, LP, Hewlett-Packard Co., and Compaq Trademark B.V.'s Motion to Dismiss Counts II and IV of Midwest Information Technology Group, Inc.'s Amended Counterclaim Pursuant to Rule 12(b)(6) (d/e 36) is ALLOWED. Counts II and IV of the Amended Counterclaim are dismissed.

IT IS THEREFORE SO ORDERED.

ENTER: March 14, 2005.

FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE