UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V.<br><br>Plaintiffs<br><br>VS.<br><br>MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER,<br><br>Defendants. | Civil Action No. 04-3055<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V. complaining of the actions of Defendants Midwest Information Technology Group, Inc. and Michael Lauber, and show this Honorable Court as follows:

### I.

### PARTIES

1. Hewlett-Packard Development Company, L.P. is a Texas limited partnership located at 20555 SH 249 Houston, Texas 77070. Hewlett-Packard Company is a Delaware corporation located at 3000 Hanover Street, Palo Alto, California 94304. Compaq Trademark B.V. ("Compaq") is a Netherlands company with its principal place of business at Startbaan 16, 1187 Xr Amstelveen, The Netherlands (collectively referred to as "Hewlett-Packard" or "Plaintiffs").

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 1



2.  Midwest Information Technology Group, Inc. ("MITG") is a Missouri corporation with its principal place of business at 4220 Koch's Lane, Quincy, Illinois 62305. Michael Lauber ("Lauber") is a representative of MITG and previously worked at MITG's principal place of business in Quincy, Illinois. MITG and Lauber will be collectively referred to as "Defendants".

## II.

## JURISDICTION AND VENUE

3.  This action arises under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1051 *et. seq.* This Court has jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and 28 U.S.C. §1338(a).

4.  This Court has further pendent jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367(a), because those claims arise from the same common nucleus of operative facts as the federal Lanham Act claims.

5.  Venue is proper in this district under 28 U.S.C. §1391(b) because Defendants reside in this district and/or this district is a judicial district in which a substantial portion of the events or omissions giving rise to the claims occurred.

## III.

## FACTUAL BACKGROUND

6.  Hewlett-Packard is an internationally known company specializing in computer hardware and software, printers, electronics, and other technical goods. The company was founded in 1939 and has tens of thousands of employees worldwide with hundreds of sales and support offices and distributorships throughout the world.

7.  Hewlett-Packard owns numerous registrations for the mark "HP" and Hewlett-Packard's HP marks are famous throughout the world. Hewlett-Packard is the owner of numerous proprietary marks in connection with computer hardware, printers, peripherals, software, and other related goods and services. Hewlett-Packard is the owner of 48 trademark and service mark registrations on the Principal Register of the United States Patent and Trademark Office for the trademark "HP" and for marks containing "HP" (collectively, the "HP Marks"). A chart listing Hewlett-Packard's registrations for the HP Marks at the United States Patent and Trademark Office is set forth in Exhibit A to this Complaint. In addition, Hewlett-Packard also uses the HP Marks worldwide, and has registrations for trademarks and service marks containing HP in over 140 countries and regions around the world.

8.  The mark "HP" was first used by Hewlett-Packard in commerce at least as early as 1941, and was continuously used thereafter. The mark is still in use on or in connection with HP's goods, services, and advertising for its goods and services throughout the world.

9.  Hewlett-Packard has invested a substantial effort, including the expenditure of substantial dollars, to develop goodwill in the HP Marks and to cause consumers throughout the United States and the rest of the world to recognize the HP Marks as distinctly designating products that originate with Hewlett-Packard.

10. Over sixty years of promotional efforts have made the HP Marks famous and distinctive.

11. Many of the registrations for the HP Marks attached as Exhibit A have become incontestable. Additionally, as the registrant of the HP Marks, Hewlett-Packard has the exclusive, nationwide right to use and to license the use of the HP Marks.

12.  By virtue of Hewlett-Packard's continuous and extensive use and promotion of the HP Marks in connection with its products and services, the HP Marks have acquired significant distinctiveness and value. The HP Marks have become well known within the computer industry and among consumers as reflecting the high quality of Hewlett-Packard products. The HP Marks were famous long before any use by Defendants.

13.  Hewlett-Packard uses the HP Marks in domain names associated with its on-line parts ordering business, including hp.com and hpshopping.com. HP generates significant revenues from sales at its hp.com website.

14.  Compaq Trademark B.V., an affiliate of Hewlett-Packard, is a successor in interest to Compaq Computer Corporation and the owner of numerous proprietary marks of Compaq. These marks are used in connection with computer hardware and software, and other related goods. There are numerous Compaq trademarks and service marks registered on the Principal Register of the United States Patent and Trademark Office for the trademark "COMPAQ" and for marks containing "COMPAQ" (the "Compaq Marks"). A chart listing the applicable registrations for the Compaq Marks at the United States Patent and Trademark Office is set forth in Exhibit B to this Complaint.

15.  The Compaq Marks were first used by Compaq's predecessors in interest in commerce at least as early as 1982 and such marks were used continuously thereafter and are still in use in the United States and globally.

16.  Compaq has invested a substantial effort, including the expenditure of substantial dollars, to develop the goodwill in the Compaq Marks and to cause consumers throughout the United States and the rest of the world to recognize the Compaq Marks as distinctly designating

products associated with Compaq. Significant revenue from sales is derived from the Compaq.com website.

## IV.

### DEFENDANTS' INFRINGEMENT OF HEWLETT-PACKARD'S TRADEMARKS

17. On or around February 7, 2002, MITG entered into a contract with Compaq Direct, Inc., a subsidiary of Compaq Computer Corporation, to provide certain computer related customer support services (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit C. Hewlett-Packard is a successor in interest to Compaq Computer Corporation as regards this Agreement.

18. Lauber registered the internet domain names "compaqonlineparts.com," "compaqdirectonline.com," "compaqdirectspareparts.com," and "compaqdirectservices" in November 2001 and the name "compaqdirectparts.com" on February 5, 2001 (collectively referred to as the "Compaq Domain Names"). The registrations were made without the express or implied consent of Compaq or its predecessors in interest. MITG is listed as the owner of the first two Compaq Domain Names; CEI, using MITG's address, is listed as the owner of the next two Compaq Domain Names and Ceiparts, with MITG's address, is listed on the last Compaq Domain Name. Lauber is listed as the administrative contact on these registrations. See the WHOIS domain information attached hereto as Exhibit D.

19. In January, 2002, Lauber registered the internet domain names "hponlineparts.com," "hpdirectonline.com," "hpdirectonlineparts.com," "hpdirectspareparts.com," and "hpdirectservices.com" (the "HP Domain Names") without the express or implied consent of Hewlett-Packard. Each of these registrations lists Lauber as the

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 5

registrant as well as the administrative contact. <u>See</u> the WHOIS domain name information attached hereto as <u>Exhibit E</u>.

20. During the course of the contractual relationship between Compaq and MITG and then Hewlett-Packard and MITG, MITG made use of the Compaq Domain Names and HP Domain Names (collectively the "Domain Names") as points of contact for consumers to order Compaq and then Hewlett-Packard replacement parts. Compaq and Hewlett-Packard consented to this use of the Domain Names by MITG to facilitate MITG's performance under the Agreement.

21. Beginning February 7, 2002, MITG provided certain customer services to customers of Compaq Direct and then to Hewlett-Packard Direct in compliance with the Agreement. On or around October 13, 2003, Hewlett-Packard informed MITG that it did not intend to renew the contract at the expiration of the two-year term and, therefore, the effective date of termination of the contract was to be February 7, 2004. Thus, on February 7, 2004, the Agreement terminated pursuant to the express provisions of the Agreement.

22. On or around February 2, 2004, Hewlett-Packard contacted Defendants and requested that they assign the Domain Names to Hewlett-Packard. Defendants refused to assign the Domain Names and claimed the right to the continued use of such Domain Names, despite the incorporation of federally registered trademarks of Hewlett-Packard in the Domain Names. <u>See</u> <u>Exhibit F</u>.

23. Pursuant to paragraph 14 of the Agreement, each party acknowledged the other parties' ownership of intellectual property rights, including trademarks, and each party agreed not to use the other party's intellectual property rights without permission and then only to the extent necessary to the efficient performance of obligations under the Agreement. Defendants

had at the time of the Agreement and still have both actual and constructive notice and knowledge of Hewlett-Packard's rights in the HP Marks and Compaq Marks, and in fact, acknowledge such rights under the terms of the Agreement. MITG acknowledged such rights and agreed to limited use of Hewlett-Packard's Intellectual Property Rights only during the effective period of the Agreement. Defendants did not have Hewlett-Packard's consent or authorization to use the Marks or any limitations or variations thereof outside the scope of the Agreement and, now that the Agreement is terminated, do not have Hewlett-Packard's consent or authorization to use such marks.

24. Hewlett-Packard has no opportunity to insure or control the nature or quality of the products and services MITG may advertise, promote and/or sell on the sites using the Domain Names. Further, consumers of Hewlett-Packard goods and services who have obtained replacement parts from the websites identified by the Domain Names were, for some period of time, being directed to an MITG website that contains incorrect information and promotes MITG's business using the HP Marks and the Compaq Marks. See Exhibit G.

25. MITG seeks to capitalize on Hewlett-Packard's success by using the Domain Names that are confusingly similar to the HP Marks and therefore infringe Hewlett-Packard's rights in its trademarks.

26. MITG's use of the Domain Names in connection with the sale of various products is likely to cause confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services. The public and others are likely to believe that MITG's goods and services are provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Hewlett-Packard, all causing irreperable harm to Hewlett-Packard.

27. Defendants' conduct, set forth above, is willful and has been done with the intention of trading upon Hewlett-Packard's valuable goodwill.

V.

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

28. Hewlett-Packard realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29. Hewlett-Packard has marketed, advertised, and promoted its products under its HP Marks and Compaq Marks. As a result of this marketing, advertising, and promotion, the HP Marks and Compaq Marks have come to mean and are understood to signify products and services originating with Hewlett-Packard and are the means by which those products and services are distinguished from the products and services of others in the same and in related fields.

30. Because of the long, continuous, and exclusive use of the HP Marks and Compaq Marks, such marks are associated by purchasers and the public with Hewlett-Packard products and services.

31. MITG's activities constitute use in Illinois and in interstate commerce of a reproduction, counterfeit, copy, and/or colorable imitation of the HP Marks and Compaq Marks. Such activities are likely to cause confusion, mistake, or deception as to the source, origin, or approval of the MITG's products and services.

32. Further, the activities of MITG are intended to, and are likely to lead the public to conclude, incorrectly, that the products and services marketed, distributed, manufactured, and/or advertised by MITG originate with, are sponsored by, or are authorized by Hewlett-Packard, to the damage and harm of Hewlett-Packard and the public. MITG's activities constitute

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 8