infringement of Hewlett-Packard's federally registered trademarks in violation of the Lanham Act including, but not limited to, 15 U.S.C. §1114(1).

33.     As a result of the foregoing, Hewlett-Packard has been damaged in an amount that will be ascertained according to proof. In addition to Hewlett-Packard's actual damages, Hewlett-Packard is entitled to receive MITG's profits pursuant to 15 U.S.C. §1117(a).

34.     The activities of MITG have caused and will cause irreparable harm to Hewlett-Packard, for which Hewlett-Packard has no adequate remedy at law, in that (a) if MITG's wrongful conduct continues, then consumers are likely to be further confused as to the source of the goods or services; (b) the infringement by MITG constitutes an interference with Hewlett-Packard's goodwill and customer relationships; and (c) MITG's wrongful conduct, and the damages resulting to Hewlett-Packard, is continuing. Accordingly, Hewlett-Packard is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §1116(a).

35.     MITG has committed the acts alleged above, with previous knowledge of Hewlett-Packard's prior use and superior rights to the Compaq marks and HP Marks and with previous knowledge of the reputation of such marks in interstate commerce. Further, Defendants' actions were for the willful and calculated purpose of distributing its products based upon the goodwill of Hewlett-Packard's trademarks and business reputation, so as to mislead and deceive purchasers and the public as to the origin or association of its services, all to MITG's gain and Hewlett-Packard's damage.

36.     Hewlett-Packard is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## VI.

## FEDERAL LANHAM ACT VIOLATION
## UNDER 15 U.S.C. § 1125(a)

37. Hewlett-Packard realleges the allegations set forth in paragraphs 1 through 36 above, as if fully set forth herein.

38. This Count arises under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. §1125(a).

39. Defendants' unauthorized use in interstate commerce of a mark that is confusingly similar to Hewlett-Packard's Marks and deceptive representation that they are a vendor for Hewlett-Packard constitute use of a false designation of origin and false description or representation that is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Defendants' goods and services, (b) as to the affiliation, connection, or association between Defendants and Hewlett-Packard, and (c) as to the sponsorship or approval of Defendants' goods and services by Hewlett-Packard.

40. Defendants have intentionally infringed Hewlett-Packard's Marks in the marketing of its goods and services by adopting and using the HP Marks and Compaq Marks in the Domain Names for its goods and services so as to profit from Hewlett-Packard's reputation by confusing the public as to the source, origin, sponsorship, or approval of their goods and services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Hewlett-Packard.

41. The activities of Defendants complained of herein have caused, and unless enjoined, will continue to cause, substantial and irreparable harm to Hewlett-Packard, its business reputation, and its goodwill, for which Hewlett-Packard is without adequate remedy at

law. Such activities also have caused Hewlett-Packard monetary loss and damage, including the loss of profits and diversion of trade, in an amount not yet determined.

## VII.

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

42. Hewlett-Packard realleges the allegations set forth in paragraphs 1 through 41 above, as if fully set forth herein.

43. This Count arises under the common law of trademarks and unfair competition in the state of Illinois.

44. Defendants have acted to compete unfairly by misappropriating Hewlett-Packard's work product and by trading on Hewlett-Packard's competitive advantage. Hewlett-Packard created its goods, its accompanying services, and its Marks through extensive time, labor, skill and money. Defendants have used Hewlett-Packard's trademarks in competition with Hewlett-Packard, thereby gaining an unfair advantage because Defendants bore little or no burden of the expense of any development of the goodwill associated with Hewlett-Packard's Marks.

45. Defendants' aforesaid activities constitute unfair competition with Hewlett-Packard and an infringement of Hewlett-Packard's common law trademark rights.

46. The activities of Defendants complained of herein have caused, and unless enjoined will continue to cause, substantial and irreparable harm to Hewlett-Packard, its business reputation, and its goodwill for which Hewlett-Packard is without adequate remedy at law. Such activities also have caused Hewlett-Packard monetary loss and damage, including loss of profits and diversion of trade, in an amount not yet determined.

## VIII.

## APPLICATION FOR PERMANENT INJUNCTION

47.  Hewlett-Packard realleges the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

48.  As explained above, MITG infringed Hewlett-Packard's HP Marks and Compaq Marks by offering goods and services using confusingly similar domain names containing the HP Marks and the Compaq Marks after MITG and Lauber knew they did not have consent to use the Domain Names. Hewlett-Packard has been, and will continue to be, damaged by MITG's and/or Lauber's use of the Domain Names. The immediate and irreparable harm to Hewlett-Packard is, and will continue to be, MITG's and Lauber's unlawful and unfair competition based on its improper use of the Compaq Marks and HP Marks and MITG's and Lauber's unfairly trading on the valuable goodwill, publicity, business property, and reputation of Hewlett-Packard.

49.  Hewlett-Packard does not have any remedy at law by which it can compel MITG and Lauber to not make use of the Domain Names. Further, Hewlett-Packard's legal remedies cannot adequately compensate it for the damages that it would sustain from Defendants' future infringement of Hewlett-Packard's trademarks because such damages are predominantly incalculable. Thus, Hewlett-Packard does not have an adequate remedy at law and will suffer irreparable harm unless an injunction is issued.

50.  Hewlett-Packard requests that Defendants, their officers, directors, agents, employees, representatives, successors, assigns, and all persons acting in concert with them, or any of them, or under their direction or authority, be permanently enjoined and restrained from the following:

(a) infringing Hewlett-Packard's trademarks through the use of the Domain Names compaqonlineparts.com, compaqdirectonline.com, compaqdirectspareparts.com, and compaqdirectservices compaqdirectparts.com, hponlineparts.com, hpdirectonline.com, hpdirectonlineparts.com, hpdirectspareparts.com and hpdirectservices.com or any other mark or domain name that is confusingly similar thereto or incorporates Hewlett-Packard's trademarks;

(b) competing unfairly with Hewlett-Packard, otherwise injuring Hewlett-Packard, or misleading the public by using the Domain Names compaqonlineparts.com, compaqdirectonline.com, compaqdirectspareparts.com compaqdirect services compaqdirectparts.com, hponlineparts.com, hpdirectonline.com, hpdirectonlineparts.com, hpdirectspareparts.com and hpdirectservices.com.

(c) performing any actions or using any words, names, styles, titles, or marks that are likely to cause confusion, mistake or deception, or to otherwise mislead the trade or public into associating Defendants with Hewlett-Packard, including, but not limited to the trade or public's believing (i) Hewlett-Packard and Defendants are one and the same, (ii) that a connection, affiliation, or sponsorship exists between Hewlett-Packard and Defendants when one does not, (iii) that Hewlett-Packard sponsors, supervises, controls, consents to, authorizes, or approves of any goods or services offered by Defendants when it does not, or (iv) that any of Defendants' goods or services originate with Hewlett-Packard when they do not;

(d) using any words, names, styles, titles, or marks that create a likelihood of injury to the business reputation of Hewlett-Packard or Hewlett-Packard's trademarks and the goodwill associated therewith;

(e)   assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (d) above; and

(f)   causing or inducing any other persons or business entities to engage in or perform any of the activities referred to in paragraphs (a) through (d) above.

51.   Hewlett-Packard requests that upon final hearing, Defendants, their officers, directors, agents, servants, employees, representatives, successors, and assigns, and all persons acting in concert with them, or any of them, or under their direction or authority, be permanently enjoined and restrained from those activities enumerated in subparagraphs (a) through (f) of paragraph 53 above.

WHEREFORE PREMISES CONSIDERED, Hewlett-Packard requests that Defendants be cited to appear and answer herein and that the Court order the following relief:

1.   That the Court enter judgment that Defendants' unauthorized use of the Domain Names compaqonlineparts.com, compaqdirectonline.com, compaqdirectspareparts.com compaqdirect services compaqdirectparts.com, hponlineparts.com, hpdirectonline.com, hpdirectonlineparts.com, hpdirectspareparts.com and hpdirectservices.com is in violation of the Lanham Act, 15 U.S.C. §1114 and §1125(a) and/or that Defendants are passing themselves off as affiliated with Hewlett-Packard when they are not, is in violation of Lanham Act, 15 U.S.C. §1125(a).

2.   That the Court enter judgment that Defendants' unauthorized use of the Domain Names constitute common law trademark infringement and unfair competition.

3.   That Defendants be required to cease use of the Domain Names and transfer the Domain Names to Hewlett-Packard.

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 14

4. That the Court enter a Permanent Injunction under 15 U.S.C. §1116 ordering that Defendants, their officers, directors, agents, employees, attorneys, successors, and assigns, and all others acting in privity or in concert therewith be enjoined and restrained permanently thereafter from those activities enumerated in the Application for Permanent Injunction filed herein.

5. That Defendants be required to pay to Hewlett-Packard:

   (a) compensatory damages for injuries sustained as a result of Defendants' acts.;

   (b) an accounting and award under 15 U.S.C. §1117 of all profits realized by Defendants from their infringement;

   (c) the costs of this action; and

   (d) an additional amount of three times the amount found as actual damages, because of Defendants' knowing and willful misconduct.

6. That this case be declared exceptional under 15 U.S.C.§1117(a), and that Defendants be required to pay Hewlett-Packard's reasonable attorney's fees.

7. That the Court grant such other and further relief, legal or equitable, as it shall deem just and appropriate.

Respectfully submitted,

/s Elizann Carroll
ELIZANN CARROLL
Texas State Bar No. 00787209
JUNEAU, BOLL & WARD, P.L.L.C.
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*

MOLLY BUCK RICHARD
Texas State Bar No. 16842800
THOMPSON & KNIGHT, LLP
1700 Pacific Ave., Suite 3300
Dallas, Texas 75201
(214) 969-1700

SCOTT D. SPOONER
Heyl, Royster, Voelker & Allen
Suite 575 National City Center
1 North Old State Capital Plaza
P. O. Box 1687
Springfield, IL 62705
(217) 522-8822
(217) 523-3902 *fax*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of April, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to James Hansen, counsel for Defendants, and Molly Buck Richard and Scott Spooner, counsel for Plaintiffs.

/s Elizann Carroll
ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*
ecarroll@juneauboll.com