UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V.<br><br>Plaintiffs<br><br>VS.<br><br>MIDWEST INFORMATION TECHNOLOGY GROUP, INC.<br><br>Defendant. | §§§§§§§§§§§§§§§<br><br>Civil Action No. 04-3055<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW, Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V. complaining of the actions of Defendant Midwest Information Technology Group, Inc. and show this Honorable Court as follows:

### I.

### PARTIES

1. Hewlett-Packard Development Company, L.P. is a Texas limited partnership located at 20555 SH 249 Houston, Texas 77070. Hewlett-Packard Company is a Delaware corporation located at 3000 Hanover Street, Palo Alto, California 94304. Compaq Trademark B.V. ("Compaq") is a Netherlands company with its principal place of business at Startbaan 16, 1187 Xr Amstelveen, The Netherlands (collectively referred to as "Hewlett-Packard" or "Plaintiffs").

2. Midwest Information Technology Group, Inc. ("MITG" or "Defendant") is a Missouri corporation with its principal place of business at 4220 Koch's Lane, Quincy, Illinois 62305.

## II.

## JURISDICTION AND VENUE

3. This action arises under the Trademark (Lanham) Act of 1946, as amended, 15 U.S.C. §1051 *et. seq.* This Court has jurisdiction pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and 28 U.S.C. §1338(a).

4. This Court has further pendent jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367(a), because those claims arise from the same common nucleus of operative facts as the federal Lanham Act claims.

5. Venue is proper in this district under 28 U.S.C. §1391(b) because Defendant's place of business is in this district and/or this district is a judicial district in which a substantial portion of the events or omissions giving rise to the claims occurred.

## III.

## FACTUAL BACKGROUND

6. Hewlett-Packard is an internationally known company specializing in computer hardware and software, printers, electronics, and other technical goods. The company was founded in 1939 and has tens of thousands of employees worldwide with hundreds of sales and support offices and distributorships throughout the world.

7. Hewlett-Packard owns numerous registrations for the mark "HP" and Hewlett-Packard's HP marks are famous throughout the world. Hewlett-Packard is the owner of numerous proprietary marks in connection with computer hardware, printers, peripherals,

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 2

software, and other related goods and services. Hewlett-Packard is the owner of 48 trademark and service mark registrations on the Principal Register of the United States Patent and Trademark Office for the trademark "HP" and for marks containing "HP" (collectively, the "HP Marks"). A chart listing Hewlett-Packard's registrations for the HP Marks at the United States Patent and Trademark Office is set forth in Exhibit A to this Complaint. In addition, Hewlett-Packard also uses the HP Marks worldwide, and has registrations for trademarks and service marks containing HP in over 140 countries and regions around the world.

8. The mark "HP" was first used by Hewlett-Packard in commerce at least as early as 1941, and was continuously used thereafter. The mark is still in use on or in connection with HP's goods, services, and advertising for its goods and services throughout the world.

9. Hewlett-Packard has invested a substantial effort, including the expenditure of substantial dollars, to develop goodwill in the HP Marks and to cause consumers throughout the United States and the rest of the world to recognize the HP Marks as distinctly designating products that originate with Hewlett-Packard.

10. Over sixty years of promotional efforts have made the HP Marks famous and distinctive.

11. Many of the registrations for the HP Marks attached as Exhibit A have become incontestable. Additionally, as the registrant of the HP Marks, Hewlett-Packard has the exclusive, nationwide right to use and to license the use of the HP Marks.

12. By virtue of Hewlett-Packard's continuous and extensive use and promotion of the HP Marks in connection with its products and services, the HP Marks have acquired significant distinctiveness and value. The HP Marks have become well known within the

computer industry and among consumers as reflecting the high quality of Hewlett-Packard products. The HP Marks were famous long before any use by Defendant.

13. Hewlett-Packard uses the HP Marks in domain names associated with its on-line parts ordering business, including hp.com and hpshopping.com. HP generates significant revenues from sales at its hp.com website.

14. Compaq Trademark B.V., an affiliate of Hewlett-Packard, is a successor in interest to Compaq Computer Corporation and the owner of numerous proprietary marks of Compaq. These marks are used in connection with computer hardware and software, and other related goods. There are numerous Compaq trademarks and service marks registered on the Principal Register of the United States Patent and Trademark Office for the trademark "COMPAQ" and for marks containing "COMPAQ" (the "Compaq Marks"). A chart listing the applicable registrations for the Compaq Marks at the United States Patent and Trademark Office is set forth in Exhibit B to this Complaint.

15. The Compaq Marks were first used by Compaq's predecessors in interest in commerce at least as early as 1982 and such marks were used continuously thereafter and are still in use in the United States and globally.

16. Compaq has invested a substantial effort, including the expenditure of substantial dollars, to develop the goodwill in the Compaq Marks and to cause consumers throughout the United States and the rest of the world to recognize the Compaq Marks as distinctly designating products associated with Compaq. Significant revenue from sales is derived from the Compaq.com website.

IV.

## DEFENDANT' INFRINGEMENT OF HEWLETT-PACKARD'S TRADEMARKS

17. On or around February 7, 2002, MITG entered into a contract with Compaq Direct, Inc., a subsidiary of Compaq Computer Corporation, to provide certain computer related customer support services (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit C. Hewlett-Packard is a successor in interest to Compaq Computer Corporation as regards this Agreement.

18. In 2001, MITG registered the internet domain names "compaqonlineparts.com," "compaqdirectonline.com," "compaqdirectspareparts.com," "compaqdirectservices.com," "compaqdirectparts.com" and "compaqdirectparts.net" (collectively referred to as the "Compaq Domain Names"). The registrations were made without the express or implied consent of Compaq or its predecessors in interest. MITG is the owner of, or claimed ownership of, each of the Compaq Domain Names. Michael Lauber, an employee of MITG at the time, is listed as the administrative contact on these registrations. See the WHOIS domain information attached hereto as Exhibit D.

19. In January, 2002, MITG employee, Lauber, at the direction of MITG, registered the internet domain names "hponlineparts.com," "hpdirectonline.com," "hpdirectonlineparts.com," "hpdirectspareparts.com," "hpdirectservices.com," "hpdirectparts.com," "hpdirectprinterparts.com," "hpdirectprinters.com," hponlineservices.com," "hponlinespares.com," and "hpoptionparts.com" (the "HP Domain Names") without the express or implied consent of Hewlett-Packard. MITG claims or claimed ownership of each of the HP Domain Names that its employee Lauber registered. See the WHOIS domain name information attached hereto as Exhibit E.

20. During the course of the contractual relationship between Compaq and MITG and then Hewlett-Packard and MITG, MITG made use of the Compaq Domain Names and HP Domain Names (collectively the "Domain Names") as points of contact for consumers to order Compaq and then Hewlett-Packard replacement parts. Compaq and Hewlett-Packard consented to this use of the Domain Names by MITG to facilitate MITG's performance under the Agreement.

21. Beginning February 7, 2002, MITG provided certain customer services to customers of Compaq Direct and then to Hewlett-Packard Direct in compliance with the Agreement. On or around October 13, 2003, Hewlett-Packard informed MITG that it did not intend to renew the contract at the expiration of the two-year term and, therefore, the effective date of termination of the contract was to be February 7, 2004. Thus, on February 7, 2004, the Agreement terminated pursuant to the express provisions of the Agreement.

22. On or around February 2, 2004, Hewlett-Packard contacted Defendant and requested that it assign the Domain Names to Hewlett-Packard. Defendant refused to assign the Domain Names and claimed the right to the continued use of such Domain Names, despite the incorporation of federally registered trademarks of Hewlett-Packard in the Domain Names. See Exhibit F. Such refusal continued until April 14, 2005, at which time the Domain Names were transferred to HP.

23. Pursuant to paragraph 14 of the Agreement, each party acknowledged the other parties' ownership of intellectual property rights, including trademarks, and each party agreed not to use the other party's intellectual property rights without permission and then only to the extent necessary to the efficient performance of obligations under the Agreement. Defendant had at the time of the Agreement and continued to have both actual and constructive notice and

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 6

knowledge of Hewlett-Packard's rights in the HP Marks and Compaq Marks, and in fact, acknowledge such rights under the terms of the Agreement. MITG acknowledged such rights and agreed to limited use of Plaintiffs' intellectual property rights only during the effective period of the Agreement. Defendant did not have Plaintiffs' consent or authorization to use the Marks or any limitations or variations thereof outside the scope of the Agreement and, after the Agreement was terminated, did not have Plaintiffs' consent or authorization to use such marks.

24. Plaintiffs had no opportunity to insure or control the nature or quality of the products and services MITG may have advertised, promoted and/or sold on the sites using the Domain Names. Further, from February 7, 2004 until March 5, 2004, consumers of Plaintiffs' goods and services who obtained replacement parts from the websites identified by the Domain Names were being directed to an MITG website that contains incorrect information and promotes MITG's business using the HP Marks and the Compaq Marks. See Exhibit G. Moreover, despite HP's requests for transfer of the Domain Names, MITG refused to transfer those Domain Names to HP until April 14, 2005. Thus, consumers attempting to acquire spare parts from HP through one of these internet access points got an error message, rather than HP as they intended.

25. MITG sought to capitalize on Hewlett-Packard's success by using the Domain Names that are confusingly similar to the HP Marks and therefore infringe Hewlett-Packard's rights in its trademarks.

26. MITG's use of the Domain Names in connection with the sale of various products cause confusion, mistake or deception as to the source, origin or sponsorship of MITG's goods and services. The public and others were likely to believe that MITG's goods and services were

provided by, sponsored by, approved by, licensed by, affiliated with, or in some other way legitimately connected with Hewlett-Packard, all causing irreperable harm to Hewlett-Packard.

27. Defendant's conduct, set forth above, was willful and was done with the intention of trading upon Hewlett-Packard's valuable goodwill.

V.

## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

28. Hewlett-Packard realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29. Hewlett-Packard has marketed, advertised, and promoted its products under its HP Marks and Compaq Marks. As a result of this marketing, advertising, and promotion, the HP Marks and Compaq Marks have come to mean and are understood to signify products and services originating with Hewlett-Packard and are the means by which those products and services are distinguished from the products and services of others in the same and in related fields.

30. Because of the long, continuous, and exclusive use of the HP Marks and Compaq Marks, such marks are associated by purchasers and the public with Hewlett-Packard products and services.

31. MITG's activities from February 7, 2004 until March 5, 2004 constituted use in Illinois and in interstate commerce of a reproduction, counterfeit, copy, and/or colorable imitation of the HP Marks and Compaq Marks. Such activities were likely to cause confusion, mistake, or deception as to the source, origin, or approval of the MITG's products and services.

32. Further, the activities of MITG were intended to, and were likely to lead the public to conclude, incorrectly, that the products and services marketed, distributed,

manufactured, and/or advertised by MITG originate with, are sponsored by, or are authorized by Hewlett-Packard, to the damage and harm of Hewlett-Packard and the public. MITG's activities constitute infringement of Hewlett-Packard's federally registered trademarks in violation of the Lanham Act including, but not limited to, 15 U.S.C. §1114(1).

33. As a result of the foregoing, Hewlett-Packard has been damaged in an amount that will be ascertained according to proof. In addition to Hewlett-Packard's actual damages, Hewlett-Packard is entitled to receive MITG's profits pursuant to 15 U.S.C. §1117(a).

34. MITG committed the acts alleged above, with previous knowledge of Hewlett-Packard's prior use and superior rights to the Compaq Marks and HP Marks and with previous knowledge of the reputation of such marks in interstate commerce. Further, Defendant' actions were for the willful and calculated purpose of distributing its products based upon the goodwill of Hewlett-Packard's trademarks and business reputation, so as to mislead and deceive purchasers and the public as to the origin or association of its services, all to MITG's gain and Hewlett-Packard's damage.

35. Hewlett-Packard is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## VI.

### FEDERAL LANHAM ACT VIOLATION
### UNDER 15 U.S.C. § 1125(a)

36. Hewlett-Packard realleges the allegations set forth in paragraphs 1 through 35 above, as if fully set forth herein.

37. This Count arises under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. §1125(a).

38. Defendant's unauthorized use in interstate commerce of a mark that was confusingly similar to Hewlett-Packard's Marks and deceptive representation that it was a vendor for Hewlett-Packard constituted use of a false designation of origin and false description or representation that is likely to cause confusion, mistake or deception (a) as to the characteristics, qualities or origin of Defendant's goods and services, (b) as to the affiliation, connection, or association between Defendant and Hewlett-Packard, and (c) as to the sponsorship or approval of Defendant's goods and services by Hewlett-Packard.

39. Further, Defendant's refusal to transfer the domain names despite multiple requests for such transfer and knowledge that HP did not consent to Defendant's use or ownership of the Domain Names is in violation of the Lanham Act and was likely to cause confusion, mistake or deception by or among consumers attempting to acquire spare parts from HP by accessing a website using one of the Domain Names.

40. Defendant intentionally infringed Hewlett-Packard's Marks in the marketing of its goods and services by adopting and using the HP Marks and Compaq Marks in the Domain Names for its goods and services so as to profit from Hewlett-Packard's reputation by confusing the public as to the source, origin, sponsorship, or approval of their goods and services, with the intention of deceiving and misleading the public at large, and of wrongfully trading on the goodwill and reputation of Hewlett-Packard.

41. The activities of Defendant complained of herein have caused Hewlett-Packard monetary loss and damage, including the loss of profits and diversion of trade, in an amount not yet determined.

# VII.

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

42. Hewlett-Packard realleges the allegations set forth in paragraphs 1 through 41 above, as if fully set forth herein.

43. This Count arises under the common law of trademarks and unfair competition in the state of Illinois.

44. Defendant acted to compete unfairly by misappropriating Hewlett-Packard's work product and by trading on Hewlett-Packard's competitive advantage. Hewlett-Packard created its goods, its accompanying services, and its Marks through extensive time, labor, skill and money. Defendant used Hewlett-Packard's trademarks in competition with Hewlett-Packard, thereby gaining an unfair advantage because Defendant bore little or no burden of the expense of any development of the goodwill associated with Hewlett-Packard's Marks.

45. Defendant's aforesaid activities constitute unfair competition with Hewlett-Packard and an infringement of Hewlett-Packard's common law trademark rights.

46. The activities of Defendant complained of herein have caused Hewlett-Packard monetary loss and damage, including loss of profits and diversion of trade, in an amount not yet determined.

WHEREFORE PREMISES CONSIDERED, Hewlett-Packard requests that after final trial of this cause, that the Court enter judgment as follows:

1. That MITG's unauthorized use of the Domain Names compaqonlineparts.com, compaqdirectonline.com, compaqdirectspareparts.com compaqdirectservices compaqdirectparts.com, compaqdirectparts.net, hponlineparts.com, hpdirectonline.com, hpdirectonlineparts.com, hpdirectspareparts.com , hpdirectservices.com, hpdirectparts.com,

PLAINTIFFS' FIRST AMENDED COMPLAINT – PAGE 11

hpdirectprinterparts.com, hodirectprinters.com, hponlineservices.com, hponlinespares.com, and hpoptionparts.com is in violation of the Lanham Act, 15 U.S.C. §1114 and §1125(a) and/or that Defendant is or was passing itself off as affiliated with Hewlett-Packard when it was not, is in violation of Lanham Act, 15 U.S.C. §1125(a).

2. That the Court enter judgment that Defendant's unauthorized use of the Domain Names constitute common law trademark infringement and unfair competition.

3. That MITG be required to pay to Hewlett-Packard:

    (a) compensatory damages for injuries sustained as a result of its actions.;

    (b) an accounting and award under 15 U.S.C. §1117 of all profits realized by Defendant from its infringement;

    (c) the costs of this action; and

    (d) an additional amount of three times the amount found as actual damages, because of Defendant's knowing and willful misconduct.

4. That this case be declared exceptional under 15 U.S.C.§1117(a), and that Defendant be required to pay Hewlett-Packard's reasonable attorney's fees.

5. That the Court grant such other and further relief, legal or equitable, as it shall deem just and appropriate.

Respectfully submitted,

/s Elizann Carroll
ELIZANN CARROLL
Texas State Bar No. 00787209
JUNEAU, BOLL & WARD, P.L.L.C.
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*

MOLLY BUCK RICHARD
Texas State Bar No. 16842800
THE RICHARD LAW GROUP
8411 Preston Road, Suite 890
Dallas, TX 75225
(214) 206-4300
(214) 206- 4330 *fax*

SCOTT D. SPOONER
Heyl, Royster, Voelker & Allen
Suite 575 National City Center
1 North Old State Capital Plaza
P. O. Box 1687
Springfield, IL 62705
(217) 522-8822
(217) 523-3902 *fax*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to James Hansen, counsel for Defendant, and Molly Buck Richard and Scott Spooner, counsel for Plaintiffs.

/s Elizann Carroll
ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*
ecarroll@juneauboll.com