UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V. | § § § § § § | |
| Plaintiffs | § § | Civil Action No. 04-3055 |
| v. | § § | |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER, | § § § § | |
| Defendants. | § § | |

**HEWLETT-PACKARD COMPANY'S REQUEST FOR PRODUCTION OF DOCUMENTS TO MIDWEST INFORMATION TECHNOLOGY GROUP, INC.**

TO:   Defendant Midwest Information Technology Group, Inc., by and through its attorneys of record, James A. Hansen, Schmiedeskamp, Robertson, Neu & Mitchell, 525 Jersey, P.O. Box 1069, Quincy, Illinois 62306.

Plaintiff Hewlett-Packard Company hereby serves this Request for Production of Documents to Defendant Midwest Information Technology Group, Inc. pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_[signature]_

ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD, P.L.L.C.
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*

MOLLY BUCK RICHARD
State Bar No. 16842800
THOMPSON & KNIGHT, LLP
1700 Pacific Ave., Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1750 *fax*

SCOTT D. SPOONER
Heyl, Royster, Voelker & Allen
Suite 575 National City Center
1 North Old State Capital Plaza
P. O. Box 1687
Springfield, IL 62705
(217) 522-8822
(217) 523-3902 *fax*

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Request for Production to MITG was served on counsel for Defendants on this 2nd day of February 2005.

_[signature]_

## DEFINITIONS AND INSTRUCTIONS

1. Hewlett-Packard Company requests that Midwest Information Technology Group, Inc. produce for inspection and copying documents responsive to the following requests at the offices of Juneau, Boll & Ward on the thirtieth (30) day after service of these Requests pursuant to Federal Rules of Civil Procedure or soon thereafter as practicable pursuant to an agreement between the parties.

2. If you do not answer any of the Requests for Production because of the claims of privilege and specifically set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, including the identity of the author(s) and the recipient(s), and identify all documents by format (i.e. memo, letter), date and general content of the documents.

3. When appropriate in the context of a Request, singular should mean plural and vice versa.

## DEFINITIONS

1. The terms below shall be given the following meanings:

(a) Document/Documents: As used herein, the term "Document" and/or "Documents" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure and, in relation to the matters inquired about in any particular request, shall include any and all documents, tangible things and property, of any kind, including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and including, without limitation, communication, memoranda, notes, diaries, statistics, letters, telegrams, telexes, telefax, e-mails, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, inter-office and intra-office communications, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, computer printouts, computer reports in all forms which can be

generated, invoices, worksheets, all forms of drafts, notations, workings, alterations, modifications, changes and amendments of any of the foregoing, graphical or aural records or representations of any kind, including, without limitation, photographs, charts, microfiche, microfilm, videotape, records, motion pictures, and electronic, mechanical, or electrical records or representations of any kind, including, without limitation, tapes, cassettes, discs, and recordings, computer discs, computer tapes, computer cards, computer programs, computer software, computer-readable media, machine sensible media, electronically stored media, and any other form of stored information.

    (b)    Person, Persons, Persons(s): As used herein, the terms "Person" or "Persons" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, governmental body, agency, governing board, department or division, or any other entity.

    (e)    Refer, Pertain, or Relate: As used herein, the phrase "Refer, Pertain, or Relate" means mentioning, describing, discussing, memorializing, concerning, consisting of, containing, evidencing, reflecting, depicting, or referring to in any way, directly or indirectly, the subject matter of the request, and shall include the meanings assigned to the term "Concerning."

    2.    "HP" shall mean and refer to Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and their employees, consultants, representatives and any other individual or entity within its control or supervision, and all other persons acting in concert them or at their direction.

    3.    "Plaintiffs" shall refer to Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V. and all their employees, consultants,

representatives or other individuals acting on behalf of or purporting to act on behalf of Plaintiffs.

4. "Defendant" or "MITG" shall mean Midwest Information Technology Group, Inc., its officers, directors, agents, servants, employees, consultants and any other individual or entity within its control or supervision, and all other persons or entities acting in concert with it or at its direction.

5. "Lauber" shall mean and refer to Defendant Michael Lauber and any other person or entity acting in concert with or on behalf of Michael Lauber.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all documents referring, relating or pertaining to communications from HP to clients, customers, suppliers or distributors of MITG that you allege in the Amended Counterclaim constitute or evidence interference with MITG's business relationships.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 2:**

A customer list or other documents that identify each customer, client, supplier and/or distributor of MITG with whom you allege MITG had a business relationship with which HP tortiously interfered.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 3:**

All documents evidencing sales by MITG, from February 7, 2000 to the present, to its customers, clients, suppliers and/or distributors that MITG alleges in the Amended Counterclaim were interfered with by HP.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing revenue (gross and net) generated by MITG, from February 7, 2000 to the present, from its customers, clients, suppliers and/or distributors that MITG alleges in the Amended Counterclaim were interfered with by HP.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

All documents evidencing profits (gross and net) generated or earned by MITG, from February 7, 2000 to the present, from its customers, clients, suppliers and/or distributors that MITG alleges in the Amended Counterclaim were interfered with by HP.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Any documents evidencing, referring to, or reflecting communications (oral or written) received by MITG from its customers, clients, suppliers and/or distributors referring or relating to instructions or information regarding the ordering of spare parts that they received from HP from February 7, 2002 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents referring, reflecting or evidencing instructions by HP to "various suppliers and distributors of MITG not to do further business with MITG," as alleged in paragraph 41 of the Amended Counterclaim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents evidencing, referring to, or reflecting communications (oral or written) received by MITG from its customers, clients, suppliers and/or distributors referring or

relating to such customers, clients, suppliers and/or distributors' termination of their business relationship with MITG.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 9**:

Any and all documents evidencing, referring to, or reflecting the termination of any business relationship between MITG and its customers, clients, suppliers and/or distributors referred to in the Amended Counterclaim.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 10**:

For each and every client or customer you allege terminated a business relationship with MITG due to the alleged interference by HP, please produce all documents referring to, relating to, or evidencing:

    a.    the orders placed (including purchase orders, invoices, and shipping documents);

    b.    the amount of revenue (gross and net) generated or earned by MITG;

    c.    the amount of gross profit (gross and net) generated or earned by MITG

from that client or customer from February 7, 2000 through the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 11:**

For each and every supplier and/or distributor you allege terminated a business relationship with MITG due to the alleged interference by HP, please produce all documents that refer, relate to or evidence the amount of revenue (gross and net) and amount of gross profit (gross and net) generated or earned by MITG from that supplier and/or distributor from February 7, 2000 through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents to which you referred in answering or attempting to answer the interrogatories served contemporaneously herewith.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

All documents identified in response to Interrogatory No. 12 that are in your possession, custody or control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

All documents identified in response to Interrogatory No. 13 that are in your possession, custody or control.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents referring to, relating to or evidencing the amount of money paid to MITG based on the 75% profit split provided for in the Standard Support Agreement.

**RESPONSE:**

