## JUNEAU, BOLL & WARD
A PROFESSIONAL LIMITED LIABILITY COMPANY

15301 SPECTRUM DRIVE, SUITE 300
ADDISON, TEXAS 75001-4696

ELIZANN CARROLL
ECARROLL@JUNEAUBOLL.COM

TELEPHONE:
(972) 866-8333

FACSIMILE:
(972) 866-8378

March 23, 2005

*Via Facsimile (217) 223-1005*
Mr. James A. Hansen
Schmiedeskamp, Robertson, Neu and Mitchell
525 Jersey Street
Quincy, Illinois 62301-3926

  Re: Civil Action No. 04-3055; Hewlett-Packard Development Company, L.P., et al.
     v. Midwest Information Technology Group, Inc and Michael Lauber

Dear Jim:

  We have reviewed MITG's Objections and Responses to the Second Set of Interrogatories and Second Request for Production. While I know that MITG has indicated it will be supplementing, on certain of the responses where you did not indicate you would be supplementing, we have some concerns about the objections and/or response. Our concerns are outlined below:

  **Interrogatory No. 2**: the interrogatory asks that MITG "identify" the distributors or suppliers. While you provided two company names, you did not provide the rest of the information requested by our use of the word identify (which is defined in the Definitions section ¶ 6). Please provide the remaining information requested.

  **Interrogatory No. 4**: we have requested information on sales, revenue and profit from suppliers or distributors with whom HP allegedly interfered from February 7, 2000 to the date of the alleged termination. This information is relevant to your claim of tortious interference. MITG's objection, in part, is that the timeframe includes the two years before the Standard Support Agreement and that MITG did not allege interference prior to the start of the Agreement. However, you do not agree to provide the information from February 7, 2002 to the present or indicate MITG will supplement. Based on the objection, I do not see how that is justified. Please clarify whether MITG intends to provide at least the information from February 7, 2002 until the entity terminated its relationship with MITG. Additionally, MITG seeks lost profits. Under Illinois law, in order to prove a claim for lost profits, MITG must show that it was an established business that was earning a profit so that a reasonable computation can be made of those losses. A projection based on prior profits may establish what profits, if any, could have been earned, but were lost due to the alleged interference. Certainly HP is entitled to review information on MITG's relationship with suppliers and distributors (who are not covered by or the subject of the Standard Support Agreement) for a reasonable time prior to the alleged interference so that it can independently evaluate the trends in MITG's business and how MITG did without being in a relationship with HP. In fact, the two years

**JUNEAU, BOLL & WARD**
ATTORNEYS AND COUNSELORS

James A. Hansen
March 23, 2005
Page 2

---

prior to the start of the Agreement should reveal sales, revenues and profit information that are more comparable to what MITG should have expected after the Agreement was no longer in place. It is undeniable that the Agreement increased MITG's business multi-fold and with the end of the Agreement, one could expect that MITG would return to a level of sales closer to the pre-Agreement days. Please reconsider MITG's objection and response to Interrogatory No. 2.

**Interrogatory No. 5**: MITG's response to the Interrogatory is incomplete, vague and incorrect. MITG identifies every entity that received the "letters." What letters? The letter that Louise Meyerfeld testified about, but you did not mark as an Exhibit, was a letter to customer in late January 2004. It was later marked in Mr. Haught's deposition and I have attached a copy for your convenience. That letter makes neither of the statements asked about in the interrogatory. The interrogatory asks about HP informing customers that the Agreement terminated before its actual termination date or instructing customers to order from HP instead of MITG before the termination date. If you review the interrogatory, you will see that the time period referenced modifies not when the contact or statement was made, but when the referenced event took place. The letter to customers clearly and unambiguously says "effective," not before, February 7. Please amend this response to identify which customers, if any, were told that the termination happened earlier or that they were to order from HP prior to February 7 or identify the "letters" to which you refer by bates number.

**Interrogatory No. 8**: this asks about sales, revenue and profit information on MITG customers with whom HP allegedly interfered. The issues we have with MITG's objection only response are similar to the issues above: (1) MITG does not agree to provide the information for the period its objections seem to concede is relevant; and (2) MITG would be in an admittedly different position after the termination of the Agreement (when HP will no longer be directing its customers to MITG for service) and HP should be entitled to review information from a period of time most similar to the circumstances in which MITG would be after the Agreement. This would allow HP to do its own calculations of whether MITG may have lost profits, other than the reduction is sales, revenue and profits derived from customers formerly directed to MITG by HP.

**Request for Production Nos. 3-5, 10, 11**: MITG objects to producing financial information prior to February 7, 2002. Based on the discussion above, we ask that you reconsider these objections and agree to produce these records.

**Request for Production No. 12**: MITG objected that the Request asking for copies of the documents referred to answering the Interrogatories is "overly broad, unduly burdensome, vague and irrelevant." I fail to see how any of those objections are valid. How could it be overly burdensome to provide copies of documents that the people answering the interrogatories are looking at to provide the information? Likewise, how could documents MITG reviewed to answer the interrogatories be irrelevant? Please re-consider these objections.

**JUNEAU, BOLL & WARD**
ATTORNEYS AND COUNSELORS

James A. Hansen
March 23, 2005
Page 3

---

If possible, maybe we can discuss this in Houston next week in between depositions. If not, please let me know MITG's position on the above by April 6, 2005. If we cannot resolve the issues, we will need to take any remaining matters up with the Court before the close of discovery in mid-May. I appreciate your attention to this matter.

If you have any questions regarding this matter, please feel free to call me

Sincerely,

Elizann Carroll

cc:    Molly Richard