E-FILED
Thursday, 12 May, 2005  03:51:07 PM
Clerk, U.S. District Court, ILCD

# JUNEAU, BOLL & WARD

A PROFESSIONAL LIMITED LIABILITY COMPANY

15301 SPECTRUM DRIVE, SUITE 300
ADDISON, TEXAS 75001-4696

ELIZANN CARROLL
ECARROLL@JUNEAUBOLL.COM

TELEPHONE:
(972) 866-8333

FACSIMILE:
(972) 866-8378

May 5, 2005

*Via Facsimile (217) 223-1005*
Mr. James A. Hansen
Schmiedeskamp, Robertson, Neu and Mitchell
525 Jersey Street
Quincy, Illinois 62301-3926

Re:  Civil Action No. 04-3055; Hewlett-Packard Development Company, L.P., et al.
v. Midwest Information Technology Group, Inc and Michael Lauber

Dear Jim:

In March, after receiving MITG's Objections and Responses to the Second Set of Interrogatories and Second Request for Production, I sent you a letter raising issues with certain of the responses for which you did not indicate you would be supplementing with the hope that MITG's promised supplementation would address the issues. You failed to address any of these concerns in the supplemental response that I finally received on May 2. I am making one final effort to resolve the issues raised in my March letter, as well as the issues raised by MITG's incomplete supplementation, before we will be forced to seek the assistance of the Court.

As you and I discussed while in Roseville, Interrogatory No. 2 asks that MITG "identify" the distributors or suppliers. While you provided additional company names with the supplementation, you did not provide the rest of the information requested by our use of the word identify (which is defined in the Definitions section ¶ 6). You have not provided the remaining information requested. Further, you refer generally to the deposition testimony of MITG witnesses. None of the MITG witnesses identified any individuals from the companies with whom HP allegedly interfered or who from HP allegedly made the statements. Thus, the reference to the depositions is of little or no value. This issue is applicable to Interrogatory Nos. 3, 7, 9, 10, and 11.

Likewise, in multiple interrogatories and requests for production, we requested information on sales, revenue and profit from the entities with whom HP allegedly interfered from February 7, 2000 to the date of the alleged termination of the entities relationship with MITG. This information is relevant to your claim of tortious interference. Your supplementation continues to rely on the objections to these requests and wholly fails to provide the requested information. MITG created a spreadsheet from unidentified documents or sources for the time period February 2004 to December 2004. MITG has not provided any back up for these numbers, nor has it provided information for the remainder of the time period identified. Under Illinois law, in order to prove a claim for lost profits, MITG must show that it was an established business that was earning a profit so that a

**JUNEAU, BOLL & WARD**
ATTORNEYS AND COUNSELORS

May 5, 2005
Page 4

reasonable computation can be made of those losses. A projection based on prior profits may establish what profits, if any, could have been earned, but were lost due to the alleged interference. Certainly HP is entitled to review information on MITG's relationship with suppliers and distributors (who are not covered by or the subject of the Standard Support Agreement) for a reasonable time prior to the alleged interference so that it can independently evaluate the trends in MITG's business and how MITG did without being in a relationship with HP. In fact, the two years prior to the start of the Agreement should reveal sales, revenues and profit information that are more comparable to what MITG should have expected after the Agreement was no longer in place. It is undeniable that the Agreement increased MITG's business multi-fold and with the end of the Agreement, one could expect that MITG would return to a level of sales closer to the pre-Agreement days. Please reconsider MITG's objection and response to these interrogatories and request for production [Interrogatory Nos. 4, 8; Request Nos. 3-5, 10 and 11]

MITG's response to the Interrogatory No. 5 is incomplete, vague and incorrect. MITG identifies every entity that received the "letters." The letter that Louise Meyerfeld testified about was a letter to customers sent on or about January 30, 2004. That letter makes neither of the statements asked about in the interrogatory. The interrogatory asks about HP informing customers that the Agreement terminated before its actual termination date or instructing customers to order from HP instead of MITG before the termination date. If you review the interrogatory, you will see that the time period referenced modifies not when the contact or statement was made, but when the referenced event took place. The letter to customers clearly and unambiguously says "effective," not before, February 7. Also, although you reference internal communications about setting up account numbers, none of the documents cited show that such numbers were used by customers or that HP made either of the statements noted in the interrogatory to customers. Please amend this response to identify which customers, if any, were told that the termination happened earlier or that they were to order from HP prior to February 7.

Finally, Request No. 12 asks for copies of the documents referred to answering the Interrogatories is "overly broad, unduly burdensome, vague and irrelevant." I fail to see how any of those objections are valid. How could it be overly burdensome to provide copies of documents that the people answering the interrogatories were looking at to provide the information? Likewise, how could documents MITG reviewed to answer the interrogatories be irrelevant? Please re-consider these objections.

As you know, at the close of Mr. Haught's deposition (which was taken in his individual capacity, as well as MITG's corporate representative), I reserved the right to continue the deposition to address areas for which he was designated as the corporate representative, but could not answer the questions (for reasons including his statement that the tortious interference claim was so new, it was still being investigated). Those subject matters include the claim for damages and the alleged facts relating to the purported calls by HP to certain entities that MITG claims constitutes interference with its business. It appears from the supplementation that the continuation of that deposition will be necessary. Specifically, as we discussed briefly, I have questions about the information used to create the charts that accompanied the answers. Also,

**JUNEAU, BOLL & WARD**
ATTORNEYS AND COUNSELORS

May 5, 2005
Page 4

unless you agree otherwise, I intend to ask the court to allow HP additional discovery of the third party fact witnesses MITG has finally begun to identify in response to Interrogatory No. 2 and in deposition questioning. Discovery closes on May 13. Therefore, please let me know MITG's position on the above by May 9, 2005. If we cannot resolve the issues, we will need to take any remaining matters up with the Court prior to the close of discovery.

If you have any questions regarding this matter, please feel free to call me

Sincerely,

Elizann Carroll

cc:   Molly Richard