E-FILED
Friday, 20 May, 2005 10:34:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V.<br><br>Plaintiffs<br><br>VS.<br><br>MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER,<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 04-3055 |

**PLAINTIFFS' MOTION FOR PROTECTION RELATING TO UNTIMELY
SERVED DISCOVERY BY DEFENDANT MITG**

Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark, B.V. (collectively "Plaintiffs") file this Motion to for Protection Relating to Untimely Discovery Served by Defendant Midwest Information Technology Group, Inc ("MITG") seeking an order that Defendant Midwest Information Technology Group, Inc.'s Second Interrogatories Directed to Plaintiffs be quashed so the Plaintiffs are not required to respond to same, and for good cause would show this Honorable Court as follows:

**MITG FAILED TO PROVIDE PLAINTIFFS WITH THE FULL 30 DAYS
TO ANSWER WRITTEN DISCOVERY PRIOR TO THE DISCOVERY CUT-OFF**

This Court's Scheduling Order of June 8, 2004 provides that <u>all discovery served subsequent to the Order had to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply prior to the date set for fact discovery cut-off</u>. The Order set fact discovery cut-off on April 1, 2005. At the request of the

parties, and in order to complete requested depositions within the counsels' and the witnesses' schedules, the Court moved the cut-off date to May 15, 2005. On May 13, 2005, MITG mailed Defendant's Second Interrogatories Directed to Plaintiffs (the "Discovery") to lead counsel for Plaintiffs, and these were received on May 16, 2005. Thus, MITG clearly failed to provide Plaintiffs the full 30 days to answer the Discovery, as required by this Court's Order.

Under the Federal Rules, the last date on which either party could serve written discovery on the other via mail was April 13, 2005. MITG's service of Discovery on May 13, 2005 clearly violated this Court's Order. Accordingly, Plaintiffs seek protection from the Discovery and request an Order from the Court quashing the Discovery and relieving Plaintiffs from answering this untimely served Discovery.

Finally, to the extent MITG attempts to excuse its untimeliness, it cannot. The Discovery requests further information on companies listed on HP 4665-5063, which was produced on or around January 4, 2005, and was marked by MITG as a deposition exhibit at the January 13, 2005 deposition of Richard Chizek. MITG had more the sufficient time to explore this information during the discovery period, so that extending the discovery period is unjustified and unfair to Plaintiffs.

### PLAINTIFFS REQUESTED THAT MITG WITHDRAW THE DISCOVERY, BUT COUNSEL DID NOT RESPOND TO THE REQUEST, THEREFORE THE MATTER IS SUMBITTED TO THE COURT FOR CONSIDERATION

Upon receipt of the Discovery, counsel for Plaintiffs sent a letter to counsel for MITG requesting that the Discovery be withdrawn because it was untimely [a copy of the letter is attached hereto as Exhibit A]. MITG has not responded as of the date of this Motion. Thus, Plaintiffs submit this matter to the Court for its consideration

PLAINTIFFS' MOTION FOR PROTECTION FROM UNTIMELY DISCOVERY SERVED BY DEFENDANT MITG    PAGE 2

WHEREFORE, Plaintiffs respectfully request that this Court grant this Motion, quash the Discovery, issue an Order of Protection holding that Plaintiffs do not have to answer the Discovery and grant to Plaintiffs such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

/s Elizann Carroll
ELIZANN CARROLL
Texas State Bar No. 00787209
JUNEAU, BOLL & WARD, P.L.L.C.
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*

MOLLY BUCK RICHARD
Texas State Bar No. 16842800
Richard Law Group
8411 Preston Road, Suite 890
Dallas, TX 75225
(214) 206 4300
(214) 206 4330 (fax)

SCOTT D. SPOONER
Heyl, Royster, Voelker & Allen
Suite 575 National City Center
1 North Old State Capital Plaza
P. O. Box 1687
Springfield, IL 62705
(217) 522-8822
(217) 523-3902 *fax*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of May, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to Delmer Mitchell and James Hansen, counsel for Defendants, and Molly Buck Richard and Scott Spooner, counsel for Plaintiffs.

/s Elizann Carroll
ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*
ecarroll@juneauboll.com

# JUNEAU, BOLL & WARD

ATTORNEYS AND COUNSELORS
A PROFESSIONAL LIMITED LIABILITY COMPANY

15301 SPECTRUM DRIVE, SUITE 300
ADDISON, TEXAS 75001-4696

ELIZANN CARROLL
ECARROLL@JUNEAUBOLL.COM

TELEPHONE:
(972) 866-8333

FACSIMILE:
(972) 866-8378

May 16, 2005

*Via Facsimile*
Mr. James A. Hansen
Schmiedeskamp, Robertson, Neu and Mitchell
525 Jersey Street
Quincy, Illinois 62301-3926

Re:   Civil Action No. 04-3055; *Hewlett-Packard Development Company, L.P., et al. v. Midwest Information Technology Group, Inc and Michael Lauber*

Dear Jim:

I received Defendant's Second Interrogatories Directed to Plaintiffs. The Scheduling Order entered in this case provides that any written discovery must be served at least 30 days before the close of fact discovery. Thus, this discovery request is not timely served. Please confirm that you will withdraw the Second Interrogatories so that I do not need to seek relief from the Court.

If you have any questions regarding this matter, please feel free to call me.

Sincerely,

Elizann Carroll


EXHIBIT A