E-FILED
Friday, 15 July, 2005  05:05:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V.<br><br>Plaintiffs<br><br>VS.<br><br>MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER,<br><br>Defendants. | Civil Action No. 04-3055 |

**STATUS REPORT TO COURT ON DEPOSITIONS AND EXPERT REPORTS
PURSUANT TO THE COURT'S ORDER OF JUNE 16, 2005**

Plaintiffs, Hewlett-Packard Development Company, LP, Hewlett Packard Company and Compaq Trademark B.V. ("HP") are filing this report pursuant to this Court's Minute Entry Order of June 16, 2005 relating to Plaintiffs' Motion to Compel. By that Order, the Court granted Plaintiffs' Motion as to Interrogatory Nos. 4, 8 and 9 and Requests for Production 3, 4, 5, 10 and 11, and giving Defendant, Midwest Information Technology Group, Inc. ("MITG") until July 8, 2005 to comply and allowed Plaintiffs to continue the depositions of MITG representatives on the information that was the subject of the Motion and on monetary damages. The Court directed the parties to submit dates for the depositions and to supplement expert reports.

On July 15, 2005, HP received MITG's supplemental discovery responses, which are attached hereto as Exhibits 1 and 2. As the Court will see, the responses are incomplete in that MITG only produced information on "total sales" and "net income," and not on gross and net

revenue and gross and net profit on each, as requested.[1] Also, MITG provided information only for four months -- from October 1, 2001 to February 1, 2002 -- rather than 24 months-- from February 1, 2000 to February 1, 2002[2], thus have omitted the bulk of the requested information. While MITG claims to be working to address the omission, the July 15 letter is the first notice of the alleged problems with access to the information. This alleged issue was not presented to the Court in response to the Motion to Compel. Further, the documents attached to the Request are the only documents MITG has provided – one would expect more than a 14 page chart as evidence of revenue and profit during the two year period. Finally, although MITG references bates numbers of documents previously produced, only four pages address revenue or profit (and again not both gross and net). The other pages deal with overall revenue and profit (MITG 612-614) while the remaining 110 pages do not address the matters at issue (MITG 614-724).

The parties have discussed depositions of MITG's representatives on Monday July 25 in Quincy, IL., and of MITG's expert on Wednesday July 27 in St. Louis. However, MITG's failure to provide all of the information may result in a wasted trip, as MITG's representatives continue to stonewall on MITG's pre-Compaq business.[3] The information on MITG's profits is an important aspect of HP's defense to the claim for damages on the tortious interference claim. HP believed that their Motion to Compel and the Court's Order would address the issue so HP could proceed in a timely manner. However, HP does not believe MITG has complied with the Court's Order and seeks the Court's intervention in this issue to obtain the discovery to which this Court has ruled it is entitled.

---

[1] If MITG is using "total sales" as synonymous with revenue and "net income" as synonymous with "net profit," it has still failed to produce gross profit figures. If the terms are not synonymous, more information is missing.
[2] See letter of Jim Hansen, counsel for MITG, dated July 15, 2005, attached hereto as Ex. 3.
[3] It is well-established in this case, the MITG and Compaq Direct had a business relationship prior to the start of the Standard Support Agreement at issue in this lawsuit. That relationship began in 2001, thus the four months of information before the Standard Support Agreement does not shed any light on MITG's business without it relying on Compaq/HP. In fact, Ron Haught, owner of MITG testified in his deposition that by the end of 2001, "most" of MITG's business was handling Compaq Direct's customers [Haught depo 20:4-8]

STATUS REPORT TO COURT ON DEPOSITION DATES AND EXPERT REPORTS                    PAGE 2

Respectfully submitted,

/s Elizann Carroll
ELIZANN CARROLL
Texas State Bar No. 00787209
JUNEAU, BOLL & WARD, P.L.L.C.
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*

MOLLY BUCK RICHARD
Texas State Bar No. 16842800
Richard Law Group
8411 Preston Road, Suite 890
Dallas, TX  75225
(214) 206 4300
(214) 206 4330 (fax)

SCOTT D. SPOONER
Heyl, Royster, Voelker & Allen
Suite 575 National City Center
1 North Old State Capital Plaza
P. O. Box 1687
Springfield, IL 62705
(217) 522-8822
(217) 523-3902 *fax*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of July, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to Delmer Mitchell and James Hansen, counsel for Defendants, and Molly Buck Richard and Scott Spooner, counsel for Plaintiffs.

/s Elizann Carroll
ELIZANN CARROLL
State Bar No. 00787209
JUNEAU, BOLL & WARD
15301 Spectrum Dr., Suite 300
Addison Texas 75001
(972) 866-8333
(972) 866-8378 *fax*
ecarroll@juneauboll.com