E-FILED
Friday, 15 July, 2005  05:06:38 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V.,<br><br>Plaintiffs,<br><br>vs.<br><br>MIDWEST INFORMATION TECHNOLOGY GROUP, INC. AND MICHAEL LAUBER,<br><br>Defendants. | Civil Action No. 04-3055 |

## MIDWEST INFORMATION TECHNOLOGY GROUP, INC.'S SECOND SUPPLEMENTAL ANSWERS TO HEWLETT-PACKARD COMPANY'S INTERROGATORIES

COMES NOW Defendant Midwest Information Technology Group, Inc., by and through its attorneys, Schmiedeskamp, Robertson, Neu & Mitchell, and for its supplemental answers to Hewlett-Packard Development Company, L.P.'s interrogatories states as follows:

### DEFINITIONS

1. "And" and "or" as used herein are inclusive, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request matters that might otherwise be construed to be outside its scope.

2. "Any" means one or more.

3. "Communication" means any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written, or otherwise and includes, without limitation, any meeting, conversation, telephone call, letter, telegram and the exchange, transmission, or receipt of any document of any kind whatsoever.

4. "Describe," when used with reference to a request concerning documents, means any document that, in whole, in part, or in any way, characterizes, evaluates, appraises, assesses,



1

refers to, relates to, regards, characterizes, alludes to, responds to, is connected with, comments on, is about, contrasts, compares, contradicts, analyzes, or in any way pertains to or provides a general explanation of the specified subject.

     5.    "Document" means written, recorded, or graphic materials of any kind, whether prepared by you or by any other person that is in your employ, possession, custody, or control. The term includes but is not limited to agreements, contracts, letters, telegrams, inter-office communications, memoranda, reports, records, instructions, specifications, notes, notebooks, scrapbooks, diaries, diagrams, photographs, photocopies, charts, maps, drawings, blueprints, graphs, descriptions, drafts, minutes of meetings, conferences, and telephone or other conversations or communications, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, ledgers, financial statements, microfilm, microfiche, tape, disk or diskette recordings and computer printouts. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and useable form. The term "document" includes the original document (or a copy thereof if the original is not available) and all copies which differ in any respect from the original, including but not limited to any notation, underlining, highlighting, marking, or information not on the original.

     6.    "Identify" means to state:

        a.    in the case of a person other than a natural person, its legal name, the address of its principal place of business, its telephone number, and the name of its chief executive officer;

        b.    in the case of a natural person, his or her name, business telephone number, home and business address, employer, and title or position;

        c.    in the case of a service, the identity of its producer and/or distributor and its trade name;

        d.    in the case of costs, the type and amount;

        e.    in the case of a document, either

            (1)    the title of the document, the author, the title or position of the author, the addressee, the title or position of the addressee, the type of document, the date it was prepared, the number of pages it comprises, and the identity of all persons indicated as receiving copies of the document, its subject matter, its present location or custodian, or

            (2)    a reference to the document, if it has been produced;

        f.    in the case of verbal communication, discussion, or meeting, the type of communication, discussion or meeting, its date or approximate date, the

identity of its participants or attendees, and its general subject matter.

7. "Including" means including but not limited to.

8. "Or" means and/or.

9. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body or division thereof, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

10. "Relate to," "regarding," and "relating to" mean, without limitation, to make a statement about, refer to, discuss, describe, reflect, contain, identify, allude to, respond to, connected with, commenting on, in respect to, about, contrasting, comparing, contradicting, analyzing, or in any way to pertain to, in whole or in part.

11. "HP" shall mean and refer to Hewlett-Packard Development Company, L.P. and Hewlett-Packard Company and their employees, consultants, representatives and any other individual or entity within its control or supervision, and all other persons acting in concert with them or at their direction.

12. "Plaintiffs" shall refer to Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V. and all their employees, consultants, representatives or other individuals acting on behalf of or purporting to act on behalf of Plaintiffs.

13. "Defendant," "MITG," "you" or "your" shall mean Midwest Information Technology Group, Inc., its officers, directors, agents, servants, employees, consultants and any other individual or entity within its control or supervision, and all other persons or entities acting in concert with it or at its direction.

14. "Lauber" shall mean and refer to Defendant Michael Lauber and any other person or entity acting in concert with or on behalf of Michael Lauber.

## INSTRUCTIONS

1. These interrogatories are continuing in nature and include all documents, information and other data that any person subject to these interrogatories possesses, controls, prepares or receives between the date of receipt of this request and the date on which this proceeding is final and no longer subject to any further proceedings. If any document otherwise responsive to these requests has left your possession or control since the inception of this action, identify the document and describe its disposition and current location and status.

2. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or

pronoun, and vice versa.

3. Regardless of the tense employed, all verbs shall be read as applying to the past, present, and future as is necessary to make any paragraph more, rather than less, inclusive.

4. For any document or description of a document withheld under a claim of privilege or work product, please state:

   a. the name and title of the author(s);

   b. the name and title of the person(s) to whom the document was addressed;

   c. the name and title of the person(s) to whom a copy of the document or its contents, or any part thereof, was sent or conveyed or to whom the document or a copy, or any part thereof, was shown;

   d. its date;

   e. the number of pages;

   f. a brief description of the subject matter;

   g. the paragraphs(s) of this request to which the document is otherwise responsive; and

   h. the nature and basis of the privilege claimed.

## INTERROGATORIES

INTERROGATORY NO. 1:

State the amount of lost profits during and after the term of the Standard Support Agreement that you claim to have lost due to the tortious interference by HP, as alleged in the Amended Counterclaim, and state the factual basis for the amount and how the amount was calculated.

ANSWER: See expert report of Scott Stringer previously provided. The factual basis for the amount and how the amount was calculated is based on Mr. Stringer's experience and education, review of case materials, documentation, depositions, and conference calls with Ron Haught and Teresa Koch of MITG. Detailed information as to how the amount was calculated is contained in his report and proper subject for the deposition of Counterclaim Plaintiff's disclosed expert.

4

INTERROGATORY NO. 4:

For each and every supplier and/or distributor you allege terminated a business relationship with MITG due to the alleged interference by HP, state the amount of revenue (gross and net) and amount of gross profit (gross and net) generated or earned by MITG from that supplier and/or distributor from February 7, 2000 until said supplier and/or distributor terminated the relationship.

ANSWER:   Attached are documents MITG 1027-1041 identifying the gross and net income generated by MITG from suppliers and/or distributors from the time period of January 1, 2000 up to February 1, 2002. Further, MITG has provided documents MITG 1023-1026 evidencing the same business to business customers, suppliers and/or distributors for an order period of January 2004 and February 2004 through December 2004 for those entities that continued to order from MITG after the agreement ended. For the time in which the Standard Support Agreement was in place, MITG cannot retrieve the documentation requested for each individual entity as daily invoicing was submitted to HP. MITG has produced overall yearly totals in documents MITG 612-614.

INTERROGATORY NO. 8:

For each and every client or customer you allege terminated a business relationship with MITG due to the interference by HP, state the number of orders (and for each order, number of spare parts purchased), amount of revenue (gross and net) and of gross profit (gross and net) generated or earned by MITG from that client or customer from February 7, 2000 until the termination of the relationship.

ANSWER:   MITG does not have the information in its possession as requested for number of orders or spare parts purchased per client or customer for the referenced time frame. Amounts of revenue earned (gross and net) for clients/customers from 1/1/00-2/1/02 are produced in documents MITG 1027-1041. MITG does not have the gross and net incomes for these clients/customers on an individual basis for the time frame of 2/1/02-2/8/04 during which the Standard Support Agreement between the parties was in force. Likewise, documents MITG 1023-1026 reference orders from January 2004 and February 2004–December 2004 of the clients/customers that continued ordering from MITG after the agreement ended. MITG has produced overall yearly totals in documents MITG 612-614.

INTERROGATORY NO. 9:

Identify each and every client or customer who placed an order with MITG from February 7, 2002 through February 7, 2004 that has not placed an order for, or acquired any spare parts from or through MITG since February 8, 2004.

ANSWER:   To the best information, knowledge and belief of MITG, the clients and customers

5

that have not placed an order with MITG since February 8, 2004 are obtained by comparing the Table S account identified as Deposition Chizek VV to documents MITG 1025 and 1026. Each entity (S account) that appears in Chizek VV and does not appear in MITG 1025 or 1026 has not placed an order with MITG since February 8, 2004.

                                      MIDWEST INFORMATION TECHNOLOGY
                                      GROUP, INC., Defendant/Counterclaim Plaintiff

                                By: _____
                                          One of its Attorneys

Delmer R. Mitchell
James A. Hansen
Schmiedeskamp, Robertson, Neu & Mitchell
Attorneys for Defendant/Counterclaim Plaintiff
525 Jersey
P.O. Box 1069
Quincy, Illinois 62306
Telephone: 217-223-3030
Facsimile: 217-223-1005