**E-FILED**
Tuesday, 18 October, 2005  08:52:20 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD | ) | |
| DEVELOPMENT COMPANY, L.P., | ) | |
| et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  04-3055 |
| | ) | |
| MIDWEST INFORMATION | ) | |
| TECHNOLOGY GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company, and Compaq Trademark B.V.'s (collectively Hewlett-Packard) Motion to Strike Defendant's Expert, or in the Alternative for Attorneys' Fees and Costs and Additional Time to Designate a Responsive Expert (d/e 62) (Motion to Strike).  For the reasons set forth below, the Motion to Strike is ALLOWED, in part.  The Court will not strike the Defendant's expert, Scott A. Stringer, but will: (1) authorize Hewlett-Packard to take a second

deposition of Stringer; (2) give Hewlett-Packard additional time to designate a responsive expert; and (3) award Hewlett-Packard its costs and attorney fees for bringing this Motion and for conducting a second deposition of Stringer.

Hewlett-Packard brought this action against Midwest Information Technology Group, Inc. (Midwest), alleging that Midwest is infringing on its trademarks and committing other wrongful conduct. Complaint (d/e 1). Essentially, Hewlett-Packard alleges that: (1) the parties had a contractual relationship which allowed Midwest to use some of Hewlett-Packard's trademarks and other intellectual property, (2) the contractual relationship ended, and (3) Midwest thereafter has wrongfully continued to use the trademarks and other intellectual property.    Midwest has filed a counterclaim.    Answer, Affirmative Defenses and Counterclaim of Defendant Midwest Information Technology Group, Inc. (d/e 5).    The Counterclaim alleges, inter alia, that Hewlett-Packard breached the parties' contract (Count I) and tortiously interfered with Midwest's relationship with its customers (Count V).    Essentially, Midwest alleges that: (1) the contract between the parties gave Midwest an exclusive right to handle telephone orders for certain parts, (2) Hewlett-Packard breached the

contract by diverting telephone calls away from Midwest and by selling parts directly to those customers, and (3) Hewlett-Packard tortiously interfered with Midwest's ongoing business relations with those customers.

This Court ordered Midwest to disclose by July 1, 2005, any expert witnesses that would be used to support its Counterclaim, and to provide expert witness reports. Text Order entered February 22, 2005 (Order). In response to the Order, Midwest provided Hewlett-Packard with a copy of an expert report of Scott A. Stringer dated June 30, 2005. Motion to Strike, Exhibit A, Expert Report of Scott A. Stringer (June 30, 2005, Report). The June 30, 2005, Report sets forth a calculation of damages allegedly suffered by Midwest under Counts I and V of the Counterclaim. Stringer opined that the damages for Count I were $6,422,000.00, and the damages for Count V were $5,190,000.00. Id. at 2.

The parties agree that Stringer's opinions in the June 30, 2005, Report were based on a misunderstanding of certain facts. Specifically, Stringer assumed that Midwest received 75 percent of the profits from all sales of all parts sold by telephone. He therefore calculated Midwest's lost profits based on an estimate of gross revenues from all telephone sales that Midwest claims were improperly diverted from Midwest and made directly

by Hewlett-Packard.  Midwest, however, did not receive a share of the profits on the sale of all parts; Midwest did not receive a share of the profits for the sale of in-stock Compaq parts.  As discussed below, Stringer now estimates that forty-four percent of the diverted sales consisted of in-stock Compaq parts.[1]  Stringer also assumed that Hewlett-Packard started diverting telephone calls in May 2002.  Stringer now states that the diversion started on November 9, 2002.[2]  Hewlett-Packard deposed Stringer on July 27, 2005.  During the deposition, these factual errors became apparent.

On August 17, 2005, Stringer prepared a supplement to the June 30, 2005, Report.  Motion to Strike, Exhibit H, Supplement to Expert Report of Scott A. Stringer, Originally dated June 30, 2005, (August 17, 2005, Supplement).  In the August 17, 2005 Supplement, Stringer acknowledged these errors.  He estimated that forty-four percent of the allegedly diverted telephones sales would have been for in-stock Compaq parts for which Midwest would not have received a percentage of the profits.  He also

---

[1]Hewlett-Packard disputes this estimate.  Motion to Strike at 4.

[2]Hewlett-Packard also disputes the date on which any allegedly diversion of calls began.  Motion to Strike at 6.

acknowledged that the alleged diversion of telephone orders started on November 9, 2002, not May 2002.  Id.

Stringer then used a different methodology to calculate the damages for Count I.  Instead of looking at gross revenues, he estimated the number of diverted telephone calls that would have resulted in sales of parts for which Midwest would have been entitled to receive 75 percent of the profits.  He then multiplied the number of such calls by an average sales price to calculate the total revenue for the diverted sales.  He then calculated an estimate of Midwest's lost profits from these diverted sales.  Stringer also recalculated his tortious interference damages using sales data that was not provided to him previously.  He concluded in the August 17, 2005, Supplement that Midwest's breach of contract damages for Count I of the Counterclaim was $6,242,000.00, and its tortious interference damages for Count V was $673,000.00.  Id.

Hewlett-Packard asks this Court to strike Stringer as an expert witness, or in the alternative, to allow Hewlett-Packard to depose Stringer a second time, to give Hewlett-Packard additional time to designate a responsive expert, and to award Hewlett-Packard's costs and attorney fees for bringing this Motion and conducting the second deposition.  Midwest

responds that Stringer's supplement is completely proper and there's no basis for any relief. Midwest argues that it is required to supplement discovery responses and to correct errors in discovery responses. Fed. R. Civ. P. 26(e)(1). Midwest is obligated to correct errors in its discovery disclosures, but the issue here is the appropriate remedy for the errors and the prejudice caused thereby.

Midwest failed to comply with the Order to provide Hewlett-Packard with a proper expert witness report by July 1, 2005. A party is required to provide a report that contains expert opinions as well as the bases and reasons for those opinions. Fed. R. Civ. P. 26(a)(2). The June 30, 2005, Report failed to meet this standard. Midwest concedes that the Report is erroneous, and that its expert has now come up with a completely different opinion based a different method of analysis. The acknowledged errors in the June 30, 2005, Report were based, at least in part, on Stringer's misunderstanding of the facts, including the contractual relationship between the parties and the date on which Hewlett-Packard allegedly began to divert calls. Representatives of Midwest, and it's counsel, clearly should have recognized these fundamental errors when they reviewed the Report. Midwest offers no explanation for its decision to tender an erroneous report

to Hewlett-Packard.  Midwest, thus, violated the Order to produce a proper expert witness report by July 1, 2005.

The Court believes that allowing a second deposition of Stringer, and additional time to designate a responsive expert, are appropriate remedies for the prejudice to Hewlett-Packard arising out of Midwest's failure to comply with this Court's Order.  The Court also orders Midwest to pay Hewlett-Packard's costs, including attorney fees, for bringing this Motion and for conducting a second deposition of Stringer.  Such award is an appropriate sanction for the violation of this Court's Order.  Fed. R. Civ. P. 16(f), 37(b)(2).

Hewlett-Packard also asks this Court to strike the August 17, 2005, Supplement because it contains errors that render Stringer's opinions inadmissible.  Hewlett-Packard argues, in part, that Stringer did not follow generally accepted accounting practices.  Hewlett-Packard has presented no evidence of this aspect of its argument.  The Court therefore will not strike the August 17, 2005, Supplement at this time.  Hewlett-Packard may raise these issues again later in the proceedings if it so chooses.

THEREFORE, Plaintiffs' Motion to Strike Defendant's Expert, or in the Alternative for Attorneys' Fees and Costs and Additional Time to

Designate a Responsive Expert (d/e 62) is ALLOWED, in part.  The Plaintiffs are authorized to conduct a second deposition of the Defendant's expert witness, Scott A. Stringer.  The deposition shall be completed by November 15, 2005.  Plaintiffs are given until December 31, 2005, to designate a responsive expert witness and to provide an expert witness report to Midwest.  Midwest is ordered to pay the Plaintiffs' costs, including attorneys' fees, for filing this Motion and for conducting the second deposition of Stringer.

IT IS THEREFORE SO ORDERED.

ENTER:   October 17, 2005.

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE