E-FILED
Monday, 24 October, 2005 01:21:41 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and COMPAQ TRADEMARK B.V., <br><br> Plaintiffs, <br><br> vs. <br><br> MIDWEST INFORMATION TECHNOLOGY GROUP, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 04-3055 ) ) ) ) ) ) |

### DEFENDANT'S MOTION TO DETERMINE ATTORNEYS FEES

COMES NOW the Defendant, **Midwest Information Technology Group, Inc.** ("Midwest"), by and through its attorneys, **Schmiedeskamp, Robertson, Neu & Mitchell**, and moves this court to set attorneys fees and costs pursuant to this Court's Order of October 17, 2005, and for reason states that Plaintiff Hewlett-Packard Development Company, L.P, Hewlett-Packard Company, and Compaq Trademark B.V's (hereinafter "Hewlett-Packard") have refused to provide any supporting documentation for their request to pay $9,068, which amount is unreasonably high. In support of its Motion, Midwest states as follows:

On October 17, 2005 this Court entered an Order which required Defendant Midwest to pay, as a sanction, Hewlett-Packard's costs, including attorneys' fees, for filing their Motion to Strike and for conducting a second deposition of Scott A. Stringer. The sanctions were awarded pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2). Both of these provisions provide that a party or an attorney may be ordered to pay as a sanction, the reasonable expenses, including attorney's fees,

1

incurred because of any noncompliance. The key issue is whether the fees and costs requested by Hewlett-Packard are reasonable.

By letter dated October 18, 2005 (a copy of which is attached hereto as Exhibit A), Elizann Carroll, one of Hewlett-Packard's attorneys, requested payment from Midwest of $9,068 for fees and costs. No detail was provided, other than her statement that the bill included her time totaling approximately 28 hours, her paralegal's time totaling a little over two hours, and research charges. By letter dated October 19, 2005, (attached hereto as Exhibit B) Midwest requested supporting documentation. Hewlett-Packard's response by letter dated October 20, 2005 (attached hereto as Exhibit C) was simply to pay, or we'll see you in court.

Hewlett-Packard presented this Court a fourteen (14) page memorandum in support of their Motion to Strike. The Motion does not cite any case law or statute, other than a cursory reference in their conclusion to Federal Rules of Evidence 702 and 703 and the *Daubert* case—for which they did not even provide a citation. The Motion is not uncommon, nor does it involve complicated issues of law.

The case of *Reilly Foam Corp. v. Rubbermaid Corp.* 206 F. Supp. 2d 643 (E.D. Penn. 2002) is similar to this case and provides guidance as to what constitutes reasonable costs. In *Reilly,* the plaintiffs sought an extension of time to file a supplemental disclosure report by their expert, but the extension was denied. Nonetheless, they filed a supplemental report 12 days after the deadline. Defendant's filed a motion to strike. The court denied the request to strike, but as sanctions for violation of the discovery order, ordered the defendants to pay the reasonable costs incurred due to the late report, including those incurred to prepare the Motion to Strike and to have Defendant's expert prepare a second report. The plaintiffs submitted a petition for

$1,573.00 in legal fees and $5,640.13 in costs (for the supplemental expert report). The fees were not at issue, but the court reviewed the supplemental report and found that it was not all that new and contained the same analysis, contentions and conclusions as the original and the court was at a loss as to why a veteran financial analyst spent so much time on it. The court found such was an extravagance which should not be taxed to the opposing party. Accordingly, the court reduced the costs to $2,500. 206 F. Supp.2d at 660.

Similarly, twenty-eight (28) hours, at a rate which appears to be over $300 an hour, for a motion to strike, is a large amount of time for a routine motion. It is difficult to understand why an attorney, whose expertise apparently warrants such a high hourly rate, would require so much time to prepare and present this motion. Interestingly, the attorneys in the *Reilly* case seem to have been able to prepare a comparable motion for $1,573.00. A request for fees of $9,068 seem to be an extravagance, not reasonable under the circumstances, and not within the contemplation of the Rules, which allow for <u>reasonable</u> fees.

Illinois courts have held that the burden of proof is on the attorney to establish the value of his services. The attorney must present detailed records which were maintained contemporaneously. The records must show the services performed, who performed the services, the time expended and the hourly rate. The court should then consider with the records, the skill of the attorney, the difficulty of the issue, the importance of the issue, the benefit to the client and the usual and customary fees. *In re Marriage of Shinn,* 313 Ill.App.3d 317, 729 N.E.2d 546, 246 Ill.Dec. 173 (4th Dist. 2000).

Hewlett-Packard has failed to provide any detail whatsoever. Hewlett-Packard's counsel merely states that she spent "approximately 28 hours" and her paralegal spend "a little over two

hours". She mentions research charges, but does not specify the amount, nor explain why no law was cited or discussed in her memorandum related to this research. Her hourly rate is not specified. There is no explanation as to why a straightforward motion to strike should require approximately 28 hours. Hewlett-Packard has failed to meet their burden to establish the value of their services. Midwest has attempted to resolve the issues in an amicable manner and, by their refusal to provide any documentation supporting their fees, Hewlett-Packard has caused Midwest to incur additional unnecessary fees in pursuing this Motion.

Wherefore, Defendant Midwest Information Technology Group, Inc. respectfully prays this Court enter an order setting the reasonable attorneys fees and costs for Hewlett-Packard's preparation of the Motion to Strike and for such other and further relief as this court deems just and proper.

                              s/          James A. Hansen
                              Attorney for Defendant/Counterclaim Plaintiff,
                              Midwest Information Technology Group, Inc.
                              Schmiedeskamp, Robertson, Neu & Mitchell
                              525 Jersey Street, P. O. Box 1069
                              Telephone: (217) 223-3030
                              Facsimile: (217) 223-1005
                              E-mail: jhansen@srnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Molly Buck Richard
>Thompson & Knight, LLP
>1700 Pacific Avenue, Suite 3300
>Dallas, TX 75201-4693
>
>Elizann Carroll
>Juneau, Boll & Ward
>15301 Spectrum Drive, Suite 300
>Addison, TX 75001
>
>Scott Spooner
>Heyl, Royster, Voelker & Allen
>Suite 575, National City Center
>1 North Old State Capitol Plaza
>P.O. Box 1687
>Springfield, IL 62705-1687

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

>s/           James A. Hansen
>Attorney for Defendant/Counterclaim Plaintiff,
>Midwest Information Technology Group, Inc.
>Schmiedeskamp, Robertson, Neu & Mitchell
>525 Jersey Street, P. O. Box 1069
>Telephone: (217) 223-3030
>Facsimile: (217) 223-1005
>E-mail: jhansen@srnm.com