

NATIONAL

ARBITRATION

FORUM

DECISION

Hewlett-Packard Company, Hewlett-Packard Development Company, L.P. and Compaq Trademark B.V. v. MITG and Michael Lauber
Claim Number: FA0402000241982

**PARTIES**
Complainants are **Hewlett-Packard Company, Hewlett-Packard Development Company, L.P.** and **Compaq Trademark B.V.** ("Complainant"), represented by **Heather C. Brunelli**, of **Thompson & Knight LLP**, 1700 Pacific Avenue, Suite 3300, Dallas, TX 75201. Respondent is **MITG** and **Michael Lauber** ("Respondent"), represented by **James A. Hansen**, of **Schmiedeskamp, Robertson, Neu & Mitchell**, 525 Jersey, P.O. Box 1069, Quincy, IL 62306.

**REGISTRAR AND DISPUTED DOMAIN NAMES**
The domain names at issue are <hpdirectonlineparts.com>, <hpdirectonline.com>, <hponlineparts.com>, <compaqdirectonline.com> and <compaqonlineparts.com> registered with **Alldomains.com, Inc**.

**PANEL**
The undersigned certifies that he has acted independently and impartially and to the best of his knowledge has no known conflict in serving as Panelist in this proceeding.

David E. Sorkin as Panelist.

**PROCEDURAL HISTORY**
Complainant submitted a Complaint to the National Arbitration Forum (the "Forum") electronically on February 25, 2004; the Forum received a hard copy of the Complaint on February 26, 2004.

On March 2, 2004, Alldomains.Com Inc. confirmed by e-mail to the Forum that the domain names <hpdirectonlineparts.com>, <hpdirectonline.com>, <hponlineparts.com>, <compaqdirectonline.com> and <compaqonlineparts.com> are registered with Alldomains.Com Inc. and that the Respondent is the current registrant of the names. Alldomains.Com Inc. has verified that Respondent is bound by the


EXHIBIT 6

Alldomains.Com Inc. registration agreement and has thereby agreed to resolve domain-name disputes brought by third parties in accordance with ICANN's Uniform Domain Name Dispute Resolution Policy (the "Policy").

On March 2, 2004, a Notification of Complaint and Commencement of Administrative Proceeding (the "Commencement Notification"), setting a deadline of March 22, 2004 by which Respondent could file a Response to the Complaint, was transmitted to Respondent via e-mail, post and fax, to all entities and persons listed on Respondent's registration as technical, administrative and billing contacts, and to postmaster@hpdirectonlineparts.com, postmaster@hpdirectonline.com, postmaster@hponlineparts.com, postmaster@compaqdirectonline.com and postmaster@compaqonlineparts.com by e-mail.

A timely Response was received and determined to be complete on March 19, 2004.

A timely Additional Submission was received from Complainant and determined to be complete on March 23, 2004.

On March 26, 2004, pursuant to Complainant's request to have the dispute decided by a single-member Panel, the Forum appointed David E. Sorkin as Panelist.

**RELIEF SOUGHT**
Complainant requests that the domain names be transferred from Respondent to Complainant, Hewlett-Packard Company.

**PARTIES' CONTENTIONS**

**A. Complainant**
Complainant is the owner of numerous longstanding trademarks that comprise or include "HP" or "Compaq" in the United States and elsewhere. Respondent registered the disputed "Compaq" domain names in November 2001 and the disputed "HP" domain names in January 2002, in both instances without Complainant's knowledge or consent.

In February 2002, Respondent entered into an agreement with Compaq Direct, Inc., a predecessor in interest of Complainant. The agreement provided that Respondent would perform customer support services for Compaq. The parties acknowledged and agreed not to use each other's intellectual property rights (including trademarks and domain names) without permission and then only as necessary to perform obligations under the agreement. Complainant states that it was not aware of Respondent's domain names when it entered into that agreement.

Complainant states that during the course of the parties' contractual relationship, Respondent made use of the disputed domain names in facilitate its performance under

the agreement. Complainant acknowledges that it impliedly consented to this use of the domain names:

> During the course of the contractual relationship between Compaq and MITG and then Hewlett-Packard and MITG, MITG made use of the **<compaqonlineparts.com>**, **<compaqdirectonline.com>** **<hponlineparts.com>**, **<hpdirectonline.com>** and **<hpdirectonlineparts.com>** domain names as points of contact for consumers to order Compaq and then Hewlett-Packard replacement parts. Compaq and Hewlett-Packard impliedly consented to this use of the domain names by MITG to facilitate MITG's performance under the Agreement.

(Complaint at 4.)

In October 2003, Complainant notified Respondent that it did not intend to renew the agreement, and the agreement terminated in February 2004. Upon termination of the agreement, Complainant requested Respondent to assign the disputed domain names to it; Respondent refused to do so. Complainant states that Respondent is currently using the domain names to resolve to a website notifying visitors that HP Direct Online is no longer offered through Respondent, with a link to Respondent's main website, which promotes competitors of Complainant.

Comlainant alleges that the disputed domain names are confusingly similar to its HP and COMPAQ marks; that Respondent has no rights or legitimate interests in the disputed domain names, and that Respondent registered and has used the disputed domain names in bad faith.

In support of the bad faith claim, Complainant contends that Respondent's only right to use Complainant's marks in domain names arose from Complainant's implied consent under the February 2002 agreement between the parties. Complainant asserts that Respondent has retained the domain names following the termination of that agreement in order to prevent their use by Complainant and to disrupt Complainant's business. Complainant further alleges that Respondent's use of the domain names to promote competing products is a bad faith use. Complainant notes that all of the disputed domain names were registered prior to February 2002, and alleges that the three "HP" domain names were registered in the personal name of Respondent Michael Lauber in order to prevent Complainant from discovering their registration.

**B. Respondent**
Respondent contends that it was already providing services to Complainant when it registered the disputed "Compaq" domain names in November 2001, and asserts that it registered these domain names with Complainant's implied consent. In February 2002,

pursuant to the parties' agreement, Respondent became the exclusive supplier of parts and services to Complainant's customers.

Respondent acknowledges that this agreement was terminated effective in February 2004. However, Respondent contends that a second agreement between the parties, also entered into in February 2002, has not been terminated and remains in effect until at least February 2005. Respondent asserts that the second agreement entitles it to continue using the disputed domain names that it previously used under the first agreement with Complainant's express or implied consent.

Respondent concedes that the disputed domain names contain Complainant's marks, but claims that it has legitimate interests in the domain names based upon its use of the names in connection with a bona fide offering of goods and services under the second agreement. Respondent also disputes Complainant's allegations of bad faith, arguing that it registered and is using the domain names for legitimate purposes and that Complainant impliedly consented to and benefited from such use.

Respondent accuses Complainant of acting in bad faith, alleging that Complainant unsuccessfully sought to hijack the domain names by attempting to change the domain registration information through the domain registrar without Respondent's consent.

### C. Additional Submission

Complainant tendered an Additional Submission responding to various points made by Respondent, and confirming that subsequent to the filing of the Complaint, Complainant filed a complaint in U.S. District Court challenging Respondent's use of its trademarks. The Panel has considered the Additional Submission to the extent that it contains material that could not reasonably have been included in the Complaint.

## FINDINGS

Complainant has failed to prove that the disputed domain names were registered in bad faith. In light of the facts that litigation is pending between the parties and the aforementioned finding is sufficient to dispose of the matter before the Panel, the Panel declines to enter findings on the remaining issues.

## DISCUSSION

Paragraph 15(a) of the Rules for Uniform Domain Name Dispute Resolution Policy (the "Rules") instructs this Panel to "decide a complaint on the basis of the statements and documents submitted in accordance with the Policy, these Rules and any rules and principles of law that it deems applicable."

Paragraph 4(a) of the Policy requires that the Complainant must prove each of the following three elements to obtain an order that a domain name should be cancelled or transferred:

(1) the domain name registered by the Respondent is identical or confusingly similar to a trademark or service mark in which the Complainant has rights;
(2) the Respondent has no rights or legitimate interests in respect of the domain name; and
(3) the domain name has been registered and is being used in bad faith.

### Identical and/or Confusingly Similar
The Panel declines to enter a finding on this issue.

### Rights or Legitimate Interests
The Panel declines to enter a finding on this issue.

### Registration and Use in Bad Faith
The disputed domain names were registered by or on behalf of a company that was an authorized supplier of parts and services for Complainant. Furthermore, Complainant itself has conceded that it subsequently gave implicit consent to Respondent's use of the domain names. Under those circumstances, Complainant cannot reasonably contend that the domain names were registered in bad faith. *See Jaccard Corp. v. GDC,* No. FA152463 (Nat. Arb. Forum June 19, 2003) (Sorkin, dissenting); *MatchMaker International Development Corp. v. Kaiser Development Corp.,* No. FA146933 (Nat. Arb. Forum May 9, 2003) (Sorkin, dissenting).

Since the Policy requires a complainant to prove both registration *and* use in bad faith, Paragraph 4(a)(iii), the failure to prove bad faith registration is dispositive of the matter before the Panel, and the Panel need not consider whether Respondent's subsequent conduct constitutes bad faith use.

### DECISION
Having determined that Complainant has failed to establish all three elements required under the ICANN Policy, the Panel concludes that relief shall be **DENIED**.

_____
Professor David Sorkin
Arbitrator

David E. Sorkin, Panelist
Dated: April 8, 2004

Click Here to return to the main Domain Decisions Page.

Click Here to return to our Home Page