UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, AND COMPAQ TRADEMARK B.V.,<br><br>Plaintiffs/Counter-Defendants<br><br>VS.<br><br>MIDWEST INFORMATION TECHNOLOGY GROUP, INC.<br><br>Defendants/ Counter-Plaintiff | §§§§§§§§§§§§§§§§§<br><br>Civil Action No. 04-3055 |

**PLAINTIFFS' RESPONSE TO MIDWEST INFORMATION TECHNOLOGY GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark, B.V. (collectively "Plaintiffs" or "HP") file this Response to Midwest Information Technology Group, Inc.'s Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and Local Rule 7.1(D) and for good cause show the Court the following.

### INTRODUCTION

Defendant Midwest Information Technology Group, Inc. ("MITG") completely misunderstands the arbitration process by which the National Arbitration Forum (the "Forum") addresses disputes under the Uniform Domain Name Dispute Policy ("UDRP") of the Internet Corporation for Assigned Names and Numbers ("ICANN"), or does not understand the law of collateral estoppel and res judicata.

Plaintiffs are not estopped to bring their trademark and unfair competition claims in this lawsuit for reasons including the following:

(1) the UDRP contemplates a separate, comprehensive, de novo adjudication of the disputants' rights through the court system, arbitration or other available proceedings , so by its very terms, it does not result in a final binding decision;
(2) decisions under the UDRP are not given the same weight as arbitration that is governed by the Federal Arbitration Act, and in fact some courts have indicated no deference should be given to such decisions, thus the Forum's decision was not a final, binding decision;
(3) the issues, claims, demands, and causes of action at issue in a trademark infringement/unfair competition case are not identical to those addressed in the UDRP proceeding so there has been no final, binding decision on these claims; and
(4) the Forum does not have the authority to impose monetary damages, which is the relief sought by HP by its Amended Complaint.

As an introduction, ICANN is an international non-profit corporation that administers the Internet domain name system by distribution of unique technical identifiers used in internet protocol addresses, and delegation of Top-Level Domain names (such as .com, .net, .info). ICANN adopted the UDRP for the purpose of resolving intellectual property based disputes involving the top-level domains biz, .com, .info, .name, .net, and .org. All registrars administering these top-level domain names adhere to the UDRP and require that domain-name registrants agree to its terms. This process is designed for and operates as an expedited procedure to seek the transfer of a domain name registered in bad faith. It was not designed for and does not operate as the arbiter of trademark rights or unfair competition under the Federal Lanham Act and/or state law.

Because collateral estoppel (issue preclusion) and res judicata (claims preclusion) require that the issue, claim, demand or cause of action brought in the second forum be identical to those raised in the first case, and that there be a final judgment or decision on the merits, MITG cannot meets its burden of proof to prevail on its Motion. The issues, claims, demands and causes of action brought in Plaintiffs' Amended Complaint, and relief requested thereon, are not identical

to the matters raised in the ICANN dispute. Further, by its own Rules and Policy, ICANN is not a forum of final jurisdiction to rule on trademarks claims or unfair competition. Thus, MITG's motion for summary judgment is meritless and should be denied.

**RESPONSE TO MITG'S LIST OF UNDISPUTED MATERIAL FACTS**

A. **Undisputed Material Facts**

Plaintiffs do not dispute the following Material Facts listed by MITG: 1- 4, 9-11, 14 and 15.

B. **Disputed Material Facts**

Plaintiffs dispute the following "facts" listed by MITG, by MITG's numbering:

5.  Prior to the merger of HP and Compaq, MITG through its employee Michael Lauber, registered domain names using HP trademarks. After the May 2002 merger, MITG began using those domain names as one of the means by which HP Direct Customers could contact MITG. [Crowley Decl. ¶5 (Exhibit 11 to Defendant's Motion); Haught Depo 43:21-47:7 and Depo Ex. 1, attached at Tab 1].

7.  HP did not consent, expressly or impliedly, to MITG's registration of the domain names that incorporate the HP trademarks. [Crowley Decl. ¶5; Haught Depo 43:21-47:7 and Depo Ex. 1].

8.  HP did not consent, expressly or impliedly, to MITG's registration of the domain names that incorporate the HP trademarks. [Crowley Decl. ¶5; Haught Depo 43:21-47:7 and Depo Ex. 1].

12. HP contests this paragraph only to the extent, as written, implies Plaintiffs acknowledged or stated that the filing of the Complaint was incompatible with the

ICANN proceeding or in violation of UDRP Policy. [*See* Plaintiffs' UDRP Complaint and Supplement, attached as Exhibits 3 and 5 to Defendant's Motion].

13. The Decision of the Forum speaks for itself. The arbitrator did not make a finding on a key issue of trademark infringement – whether the domain names registered by MITG were identical or confusingly similar to Plaintiffs' trademarks. Further, the arbitrator declined to enter a finding as to whether MITG had any legitimate rights in the domain names [*See* Exhibit 6 of Defendant's Motion].

16. To be clear, not all of the domain names at issue in this lawsuit were at issue in the ICANN dispute, as Plaintiffs' only later discovered the many domain names registered by or on behalf of MITG that use Plaintiffs' trademarks. The Complaint addresses 17 domain names, while the ICANN arbitration dealt with only 5 of those domain names. [*See* Exhibits 1 and 3 to Defendant's Motion].

### C. Immaterial Fact

6. The Middleware Agreement is irrelevant to the URDP proceeding, the trademark infringement claims and the domain names. As shown in deposition testimony, the domain names were registered and used to facilitate contact with Customers acquiring spare parts for which MITG was compensated under the Standard Support Agreement. The domain names linked the Customers to MITG. The Middleware linked MITG and CDI/HP Direct. Thus, the Middleware is irrelevant and immaterial to the matters before this Court. [*See* Exhibits 7 and 12 to Defendant's Motion].

### D. Additional Material Facts

1. ICANN is an international non-profit corporation that administers the Internet domain name system by distribution of unique technical identifiers used in internet protocol addresses, and delegation of Top-Level Domain names (such as .com, .net, .info). [See the official website of ICANN, www.icann.org/new, with relevant portions attached hereto at Tab 2]

2. ICANN adopted the UDRP for the purpose of resolving intellectual property based disputes involving the top-level domains biz, .com, .info, .name, .net, and .org. All registrars administering these top-level domain names adhere to the UDRP and require that domain-name registrants agree to its terms. [See Uniform Domain Name Dispute Resolution Policy, as approved by ICANN on October 24, 1999 (the "Policy"), Tab 2]

3. This process provides for as an expedited procedure to seek the transfer of a domain name registered in bad faith. [*See* Rules for Uniform Domain Name Dispute Resolution Policy, as approved by ICANN on October 24, 1999 (the "Rules"), Rules 5, 6 and 15, attached hereto at Tab 2]

4. The Policy states:

   > "k. **Availability of Court Proceedings**. The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding has concluded.
   >
   > **5. All other Disputes and Litigation**. All other disputes between you and any party other than us regarding your domain name registration that are not brought pursuant to this mandatory administrative proceeding provisions of Paragraph 4 shall be

   resolved between you and the other such party though any court, arbitration or other proceeding that may be available"

[www.icann.org; URDP Policy ¶¶(4)(k), 5; UDRP Rules 3-6].

5.  Plaintiffs' First Amended Complaint seeks relief arising out of MITG's violation of the Lanham Act, 15 U.S.C. §§1114 and 1125(a), and the common law of trademark infringement and unfair competition. The relief sought is strictly monetary damages. [*See* Plaintiffs' First Amended Complaint].

6.  Plaintiffs' Original Complaint filed with the National Arbitration Forum was based on ICANN Rule 3(b)(ix)(1) [domain name is confusing similar to trademark], Policy ¶4(a)(i), ICANN Rule 3(b)(ix)(2) [no rights or interest in domain name], and Policy ¶4(a)(ii), ICANN Rule 3(b)(ix)(3) and Policy 4(a)(iii)[bad faith registration]. The relief sought was the transfer of the domain names at issue. [*See* Exhibit 3 to MITG's Motion].

## ARGUMENT

**COLLATERAL ESTOPPEL AND RES JUDICATA ARE NOT APPLICABLE.**

MITG relies on two affirmative defenses in its Motion (which were not specifically pled its in Answer to Plaintiffs' Amended Complaint [*See* Defendant's Answer, filed May 19, 2005]). Regardless, neither is applicable. Before discussing the facts of this case, Plaintiffs would point out that MITG cited Illinois state court cases relating to the principles of collateral estoppel and *res judicata*. Although Plaintiffs did not find a case directly on point, based on the dictum of federal courts addressing the effect of the UDRP (discussed on pages 10-11, below), it would seem logical that a federal court addressing a question under federal law, as the court is here, and determining whether the decision of a body created to address international domain name use

and disputes should look to federal law, not state law, in addressing whether the decision of that body precludes HP from pursing its federal law claims.

"Collateral estoppel, like the related doctrine of *res judicata*, serves to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *United States v. Mendoza, 464 U.S. 154, 158, 78 L. Ed. 2d 379, 104 S. Ct. 568 (1984),* (quoting *Allen v. McCurry, 449 U.S. 90, 94, 66 L. Ed. 2d 308, 101 S. Ct. 411 (1980))*.  The doctrine applies when (1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action. *Chicago Truck Drivers, Helpers & Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc., 125 F.3d 526 (7th Cir. 1997).* It "does not apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue . . . ." *Kremer v. Chemical Construction Corp., 456 U.S. 461, 480-81, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982)* (citing *Allen v. McCurry, 449 U.S., at 95; Montana v. United States, 440 U.S. 147, 153, 59 L. Ed. 2d 210, 99 S. Ct. 970 (1979); Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328-329, 28 L. Ed. 2d 788, 91 S. Ct. 1434 (1971))*. And "'redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation.'" *Id. at 481* (quoting *Montana, 440 U.S. at 164* n.ll).

The doctrine of res judicata, or claim preclusion, provides that a "judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979).* A second suit will be barred by claim preclusion if: (1) there is identity of

parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *See Parklane, 439 U.S. at 326 n.5.* As discussed at length below, MITG cannot satisfy its burden on requirements 2 and 3 to prove collateral estoppel and/or *res judicata*.

### THE UDRP ITSELF CALLS FOR COMPREHENSIVE, DE NOVO ADJUDICATION OF THE DISPUTANTS' RIGHTS BY A COURT OF COMPETENT JURISDICTION

MITG is requesting that this Court defer to the Forum, despite the plain language of the UDRP making such deference improper. Paragraph 4(k) of the UDRP states that "[t]he mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution…." Furthermore, Paragraph 5 contemplates that there will be other disputes regarding domain name registrations that are not brought pursuant to the Policy and shall be resolved through "any court, arbitration, or other proceeding that may be available."

Trademark infringement and unfair competition are precisely the types of disputes that require resolution completely separate from the dispute that can be resolved by the UDRP, as contemplated by Paragraph 5 of the UDRP. *See, e.g.,* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 29:25 (4th ed. 2002) ("While the domain name registrant is contractually bound 'to submit to a mandatory administrative proceeding' the ICANN policy (and the agreement between registrant and gTLD registrar) does not require the registrant to agree to not challenge a panel decision or to treat it as if it were an arbitration award. [T]he ICANN UDRP explicitly states in §4(k) that the mandatory administrative proceedings requirement does not prevent either the registrant or the challenger from submitting the dispute to a court for 'independent resolution' before or after the administrative proceeding.").