in connection with a bona fide offering of goods or services; or

(ii) you (as an individual, business, or other organization) have been commonly known by the domain name, even if you have acquired no trademark or service mark rights; or

(iii) you are making a legitimate noncommercial or fair use of the domain name, without intent for commercial gain to misleadingly divert consumers or to tarnish the trademark or service mark at issue.

**d. Selection of Provider.** The complainant shall select the Provider from among those approved by ICANN by submitting the complaint to that Provider. The selected Provider will administer the proceeding, except in cases of consolidation as described in Paragraph 4(f).

**e. Initiation of Proceeding and Process and Appointment of Administrative Panel.** The Rules of Procedure state the process for initiating and conducting a proceeding and for appointing the panel that will decide the dispute (the "Administrative Panel").

**f. Consolidation.** In the event of multiple disputes between you and a complainant, either you or the complainant may petition to consolidate the disputes before a single Administrative Panel. This petition shall be made to the first Administrative Panel appointed to hear a pending dispute between the parties. This Administrative Panel may consolidate before it any or all such disputes in its sole discretion, provided that the disputes being consolidated are governed by this Policy or a later version of this Policy adopted by ICANN.

**g. Fees.** All fees charged by a Provider in connection with any dispute before an Administrative Panel pursuant to this Policy shall be paid by the complainant, except in cases where you elect to expand the Administrative Panel from one to three panelists as provided in Paragraph 5(b)(iv) of the Rules of Procedure, in which case all fees will be split evenly by you and the complainant.

**h. Our Involvement in Administrative Proceedings.** We do not, and will not, participate in the administration or conduct of any proceeding before an Administrative Panel. In addition, we will not be liable as a result of any decisions rendered by the Administrative Panel.

**i. Remedies.** The remedies available to a complainant pursuant to any proceeding before an Administrative Panel shall be limited

to requiring the cancellation of your domain name or the transfer of your domain name registration to the complainant.

**j. Notification and Publication.** The Provider shall notify us of any decision made by an Administrative Panel with respect to a domain name you have registered with us. All decisions under this Policy will be published in full over the Internet, except when an Administrative Panel determines in an exceptional case to redact portions of its decision.

**k. Availability of Court Proceedings.** The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded. If an Administrative Panel decides that your domain name registration should be canceled or transferred, we will wait ten (10) business days (as observed in the location of our principal office) after we are informed by the applicable Provider of the Administrative Panel's decision before implementing that decision. We will then implement the decision unless we have received from you during that ten (10) business day period official documentation (such as a copy of a complaint, file-stamped by the clerk of the court) that you have commenced a lawsuit against the complainant in a jurisdiction to which the complainant has submitted under Paragraph 3(b)(xiii) of the Rules of Procedure. (In general, that jurisdiction is either the location of our principal office or of your address as shown in our Whois database. See Paragraphs 1 and 3(b)(xiii) of the Rules of Procedure for details.) If we receive such documentation within the ten (10) business day period, we will not implement the Administrative Panel's decision, and we will take no further action, until we receive (i) evidence satisfactory to us of a resolution between the parties; (ii) evidence satisfactory to us that your lawsuit has been dismissed or withdrawn; or (iii) a copy of an order from such court dismissing your lawsuit or ordering that you do not have the right to continue to use your domain name.

**5. All Other Disputes and Litigation.** All other disputes between you and any party other than us regarding your domain name registration that are not brought pursuant to the mandatory administrative proceeding provisions of Paragraph 4 shall be resolved between you and such other party through any court, arbitration or other proceeding that may be available.

**6. Our Involvement in Disputes.** We will not participate in any way in any dispute between you and any party other than us regarding the registration and use of your domain name. You shall not name us as a party or otherwise include us in any such proceeding. In the event that we are named as a party in any such proceeding, we reserve the right to raise any

and all defenses deemed appropriate, and to take any other action necessary to defend ourselves.

**7. Maintaining the Status Quo.** We will not cancel, transfer, activate, deactivate, or otherwise change the status of any domain name registration under this Policy except as provided in Paragraph 3 above.

**8. Transfers During a Dispute.**

    **a. Transfers of a Domain Name to a New Holder.** You may not transfer your domain name registration to another holder (i) during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded; or (ii) during a pending court proceeding or arbitration commenced regarding your domain name unless the party to whom the domain name registration is being transferred agrees, in writing, to be bound by the decision of the court or arbitrator. We reserve the right to cancel any transfer of a domain name registration to another holder that is made in violation of this subparagraph.

    **b. Changing Registrars.** You may not transfer your domain name registration to another registrar during a pending administrative proceeding brought pursuant to Paragraph 4 or for a period of fifteen (15) business days (as observed in the location of our principal place of business) after such proceeding is concluded. You may transfer administration of your domain name registration to another registrar during a pending court action or arbitration, provided that the domain name you have registered with us shall continue to be subject to the proceedings commenced against you in accordance with the terms of this Policy. In the event that you transfer a domain name registration to us during the pendency of a court action or arbitration, such dispute shall remain subject to the domain name dispute policy of the registrar from which the domain name registration was transferred.

**9. Policy Modifications.** We reserve the right to modify this Policy at any time with the permission of ICANN. We will post our revised Policy at <URL> at least thirty (30) calendar days before it becomes effective. Unless this Policy has already been invoked by the submission of a complaint to a Provider, in which event the version of the Policy in effect at the time it was invoked will apply to you until the dispute is over, all such changes will be binding upon you with respect to any domain name registration dispute, whether the dispute arose before, on or after the effective date of our change. In the event that you object to a change in this Policy, your sole remedy is to cancel your domain name registration with us, provided that you will not be entitled to a refund of any fees you paid to us. The revised Policy will apply to you until you cancel your domain name registration.

Comments concerning the layout, construction and functionality of this site should be sent to webmaster@icann.org.

Page Updated 17-May-2002

©2000, 2002 The Internet Corporation for Assigned Names and Numbers. All rights reserved.



# Rules for Uniform Domain Name Dispute Resolution Policy

Policy Adopted: August 26, 1999
Implementation Documents Approved: October 24, 1999

Note: These rules are now in effect. See www.icann.org/udrp/udrp-schedule.htm for the implementation schedule.

# Rules for Uniform Domain Name Dispute Resolution Policy
(the "Rules")

(As Approved by ICANN on October 24, 1999)

Administrative proceedings for the resolution of disputes under the Uniform Dispute Resolution Policy adopted by ICANN shall be governed by these Rules and also the Supplemental Rules of the Provider administering the proceedings, as posted on its web site.

## 1. Definitions

In these Rules:

**Complainant** means the party initiating a complaint concerning a domain-name registration.

**ICANN** refers to the Internet Corporation for Assigned Names and Numbers.

**Mutual Jurisdiction** means a court jurisdiction at the location of either (a) the principal office of the Registrar (provided the domain-name holder has submitted in its Registration Agreement to that jurisdiction for court adjudication of disputes concerning or arising from the use of the domain name) or (b) the domain-name holder's address as shown for the registration of the domain name in Registrar's Whois database at the time the complaint is submitted to the Provider.

**Panel** means an administrative panel appointed by a Provider to decide a complaint concerning a domain-name registration.



**Panelist** means an individual appointed by a Provider to be a member of a Panel.

**Party** means a Complainant or a Respondent.

**Policy** means the Uniform Domain Name Dispute Resolution Policy that is incorporated by reference and made a part of the Registration Agreement.

**Provider** means a dispute-resolution service provider approved by ICANN. A list of such Providers appears at www.icann.org/udrp/approved-providers.htm.

**Registrar** means the entity with which the Respondent has registered a domain name that is the subject of a complaint.

**Registration Agreement** means the agreement between a Registrar and a domain-name holder.

**Respondent** means the holder of a domain-name registration against which a complaint is initiated.

**Reverse Domain Name Hijacking** means using the Policy in bad faith to attempt to deprive a registered domain-name holder of a domain name.

**Supplemental Rules** means the rules adopted by the Provider administering a proceeding to supplement these Rules. Supplemental Rules shall not be inconsistent with the Policy or these Rules and shall cover such topics as fees, word and page limits and guidelines, the means for communicating with the Provider and the Panel, and the form of cover sheets.

## 2. Communications

(a) When forwarding a complaint to the Respondent, it shall be the Provider's responsibility to employ reasonably available means calculated to achieve actual notice to Respondent. Achieving actual notice, or employing the following measures to do so, shall discharge this responsibility:

> (i) sending the complaint to all postal-mail and facsimile addresses (A) shown in the domain name's registration data in Registrar's Whois database for the registered domain-name holder, the technical contact, and the administrative contact and (B) supplied by Registrar to the Provider for the registration's billing contact; and

> (ii) sending the complaint in electronic form (including

annexes to the extent available in that form) by e-mail to:

> (A) the e-mail addresses for those technical, administrative, and billing contacts;
>
> (B) postmaster@<the contested domain name>; and
>
> (C) if the domain name (or "www." followed by the domain name) resolves to an active web page (other than a generic page the Provider concludes is maintained by a registrar or ISP for parking domain-names registered by multiple domain-name holders), any e-mail address shown or e-mail links on that web page; and

(iii) sending the complaint to any address the Respondent has notified the Provider it prefers and, to the extent practicable, to all other addresses provided to the Provider by Complainant under Paragraph 3(b)(v).

(b) Except as provided in Paragraph 2(a), any written communication to Complainant or Respondent provided for under these Rules shall be made by the preferred means stated by the Complainant or Respondent, respectively (see Paragraphs 3(b)(iii) and 5(b)(iii)), or in the absence of such specification

> (i) by telecopy or facsimile transmission, with a confirmation of transmission; or
>
> (ii) by postal or courier service, postage pre-paid and return receipt requested; or
>
> (iii) electronically via the Internet, provided a record of its transmission is available.

(c) Any communication to the Provider or the Panel shall be made by the means and in the manner (including number of copies) stated in the Provider's Supplemental Rules.

(d) Communications shall be made in the language prescribed in Paragraph 11. E-mail communications should, if practicable, be sent in plaintext.

(e) Either Party may update its contact details by notifying the

Provider and the Registrar.

(f) Except as otherwise provided in these Rules, or decided by a Panel, all communications provided for under these Rules shall be deemed to have been made:

> (i) if delivered by telecopy or facsimile transmission, on the date shown on the confirmation of transmission; or
>
> (ii) if by postal or courier service, on the date marked on the receipt; or
>
> (iii) if via the Internet, on the date that the communication was transmitted, provided that the date of transmission is verifiable.

(g) Except as otherwise provided in these Rules, all time periods calculated under these Rules to begin when a communication is made shall begin to run on the earliest date that the communication is deemed to have been made in accordance with Paragraph 2(f).

(h) Any communication by

> (i) a Panel to any Party shall be copied to the Provider and to the other Party;
>
> (ii) the Provider to any Party shall be copied to the other Party; and
>
> (iii) a Party shall be copied to the other Party, the Panel and the Provider, as the case may be.

(i) It shall be the responsibility of the sender to retain records of the fact and circumstances of sending, which shall be available for inspection by affected parties and for reporting purposes.

(j) In the event a Party sending a communication receives notification of non-delivery of the communication, the Party shall promptly notify the Panel (or, if no Panel is yet appointed, the Provider) of the circumstances of the notification. Further proceedings concerning the communication and any response shall be as directed by the Panel (or the Provider).

## 3. The Complaint

(a) Any person or entity may initiate an administrative proceeding by submitting a complaint in accordance with the Policy and

these Rules to any Provider approved by ICANN. (Due to capacity constraints or for other reasons, a Provider's ability to accept complaints may be suspended at times. In that event, the Provider shall refuse the submission. The person or entity may submit the complaint to another Provider.)

(b) The complaint shall be submitted in hard copy and (except to the extent not available for annexes) in electronic form and shall:

(i) Request that the complaint be submitted for decision in accordance with the Policy and these Rules;

(ii) Provide the name, postal and e-mail addresses, and the telephone and telefax numbers of the Complainant and of any representative authorized to act for the Complainant in the administrative proceeding;

(iii) Specify a preferred method for communications directed to the Complainant in the administrative proceeding (including person to be contacted, medium, and address information) for each of (A) electronic-only material and (B) material including hard copy;

(iv) Designate whether Complainant elects to have the dispute decided by a single-member or a three-member Panel and, in the event Complainant elects a three-member Panel, provide the names and contact details of three candidates to serve as one of the Panelists (these candidates may be drawn from any ICANN-approved Provider's list of panelists);

(v) Provide the name of the Respondent (domain-name holder) and all information (including any postal and e-mail addresses and telephone and telefax numbers) known to Complainant regarding how to contact Respondent or any representative of Respondent, including contact information based on pre-complaint dealings, in sufficient detail to allow the Provider to send the complaint as described in Paragraph 2(a);

(vi) Specify the domain name(s) that is/are the subject of the complaint;

(vii) Identify the Registrar(s) with whom the domain name(s) is/are registered at the time the complaint is filed;

(viii) Specify the trademark(s) or service mark(s) on which the complaint is based and, for each mark, describe the goods or services, if any, with which the mark is used (Complainant may also separately describe other goods and services with which it intends, at the time the complaint is submitted, to use the mark in the future.);

(ix) Describe, in accordance with the Policy, the grounds on which the complaint is made including, in particular,

> (1) the manner in which the domain name(s) is/are identical or confusingly similar to a trademark or service mark in which the Complainant has rights; and
>
> (2) why the Respondent (domain-name holder) should be considered as having no rights or legitimate interests in respect of the domain name(s) that is/are the subject of the complaint; and
>
> (3) why the domain name(s) should be considered as having been registered and being used in bad faith

(The description should, for elements (2) and (3), discuss any aspects of Paragraphs 4(b) and 4(c) of the Policy that are applicable. The description shall comply with any word or page limit set forth in the Provider's Supplemental Rules.);

(x) Specify, in accordance with the Policy, the remedies sought;

(xi) Identify any other legal proceedings that have been commenced or terminated in connection with or relating to any of the domain name(s) that are the subject of the complaint;

(xii) State that a copy of the complaint, together with the cover sheet as prescribed by the Provider's Supplemental Rules, has been sent or transmitted to the Respondent (domain-name holder), in accordance with Paragraph 2(b);

(xiii) State that Complainant will submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain