UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD COMPANY, and COMPAQ TRADEMARK B.V., <br><br>  Plaintiffs, <br><br> vs. <br><br> MIDWEST INFORMATION TECHNOLOGY GROUP, INC., <br><br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 04-3055 |

**DEFENDANT'S REPLY TO PLAINTIFFS' RESPONSE TO MIDWEST INFORMATION TECHNOLOGY GROUP'S MOTION FOR SUMMARY JUDGMENT**

Defendant, **Midwest Information Technology Group, Inc.** ("MITG"), by and through its attorneys, **Schmiedeskamp, Robertson, Neu & Mitchell**, hereby files its Reply to Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Company and Compaq Trademark B.V., ("HP") Response to MITG's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b) and Local Rule 7.1(D).

**REPLY TO PLAINTIFFS' ADDITIONAL MATERIAL FACTS**

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Disputed as to relief sought only. See Plaintiff's First Amended Complaint.

6. Undisputed.

**ARGUMENT**

MITG filed its Motion for Summary Judgment citing Illinois state court cases relating to the principals of collateral estoppel and res judicata. Plaintiffs' Response asked the Court to look to federal law, not state law, in addressing whether or not the underlying arbitration decision of the National Arbitration Forum precludes HP from pursuing its federal law claims. As Plaintiffs indicated in their response, no case law is directly on point for the issue. However, whether this Court applies state or federal law as to collateral estoppel and res judicata, federal and state law are similar on the principals to use when applying both doctrines.

I.   **Plaintiffs interpretation of the comprehensive, de novo language of the Uniform Domain Name Dispute Policy ("UDRP").**

In its Response, HP has taken the position that the language of the UDRP and case law does not allow this Court to defer to the National Arbitration Forum on its prior decision. The cases cited by HP in its Response deal almost exclusively with appeal or challenge issues to UDRP arbitration decisions.

In its Response HP relied on the case of <u>Weber-Stephen Products Co. v. Armitage Hardware and Building Supply, Inc.</u>, 2000 WL 562470 (N.D. Ill. 2000). Armitage owned a number of internet domain names that Weber alleged had been used by Armitage intentionally and in bad faith and in a deceptive, confusing and misleading manner. <u>Id</u>. Weber initiated a proceeding before the World Intellectual Property Organization ("WIPO"), pursuant to the UDRP of the Internet Corporation for Assigned Names and Numbers ("ICANN"). <u>Id</u>. Weber requested that the panel issue a decision transferring the domain names to Weber or canceling Armitage's domain names. <u>Id</u>. The following day Weber also filed suit with the Northern

District of Illinois alleging various claims against Armitage including trademark infringement. Id.

Armitage sought a ruling declaring the administrative proceeding with the WIPO non-binding and to stay the court action in favor of the administrative one. Id. The *only decision* (emphasis added) reached by the Northern District was that it would not be bound by the outcome of the ICANN administrative proceedings in deciding Armitage's request to stay the court action. Id. at 562471. However, the Court declined to determine the precise standard by which it would review the panel's decision and what degree of deference (if any) the Court would give that decision. Id. Neither the ICANN policy nor its governing rules "dictate to the courts what weight should be given to a panel's decision." Id. Therefore, the Court did not decide what deference it would give any ICANN decision or the precise standard by which any decision would be reviewed.

Further case law discusses decisions made by arbitration panels under the UDRP not being afforded deference by a district court when the district court *is reviewing an appeal or challenge of a UDRP decision* (emphasis added). Retail Services, Inc. v. Freebies Publishing, 247 F.Supp.2d 822 (E.D. Va. 2003); Parisi v. Netlearning, Inc., 139 F.Supp.2d 745 (E.D. Va. 2001); Sallen v. Corinthians Licenciamentos LTDA., 273 F.3d 14, 20 (1st Cir. 2001).

The cases discussing the availability of court litigation argued by HP are for a review of UDRP decisions or for blocking a transfer that had been ordered in the arbitration process. The cases do not discuss the proposition of giving no deference to an arbitration decision when a party is not requesting an appeal or block of a transfer from a panel decision.

II.   **Discussion of the Federal Arbitration Act.**

The case law cited by HP discussing the Federal Arbitration Act are in the context of a circuit court reviewing a challenged UDRP panel decision. Specifically, the Federal Arbitration Act does not apply to civil actions <u>challenging</u> UDRP panel decisions. <u>Retail Services, Inc. v Freebies Publishing</u>, 247 F.Supp.2d 822 (E.D. Va. 2003); <u>Parisi v. Netlearning, Inc.</u>, 139 F.Supp.2d, 745 (E.D. Va. 2001); <u>Dluhos v. Strasberg</u>, 321 F.3d 365 (3rd Cir.2003);

In the <u>Parisi</u> case, the court discussed the Federal Arbitration Act and UDRP decisions. Ultimately, it reasoned that the UDRP contemplates parallel litigation and mandates a judicial forum for *challenges to UDRP decisions* (emphasis added). <u>Id</u>. at 751-752. The Court further stated that ICANN intended to provide "a clear mechanism" for "seeking judicial review of a decision of an administrative panel canceling or transferring the domain name." <u>Id</u>. at 752 *citing* ICANN, *Staff Report on Implementation Documents for the Uniform Dispute Resolution Policy* (September 29, 1999) <http://www.icann.org/udrp/staff-report-29sept99.htm>. Therefore, the Federal Arbitration Act limitations on judicial review of arbitration awards did not apply to civil actions *seeking review* (emphasis added) of UDRP panel decisions concerning domain names. <u>Id</u>. at 753

In the <u>Dluhos</u> case, the National Arbitration Forum panel issued a decision against Dluhos ordering him to transfer the domain name in question, www.leestrasberg.com to the estate of the late Lee Strasberg. <u>Id</u>. at 368. Plaintiff filed an amended complaint in the district court on October 31, 2000 alleging breach of contract and violations of constitutional rights. <u>Id</u>. The District Court reviewed and upheld the National Arbitration Forum's decision under deferential standards. <u>Id</u>. at 369. The Third Circuit then ruled that UDRP proceedings do not

fall under the Federal Arbitration Act. Id. at 372. The Court reversed and remanded the case for further proceedings but clearly stated the decision in no way reflected that the National Arbitration Forum panel erred in its judgment; rather, UDRP resolutions do not fall under the limited judicial review of the Federal Arbitration Act. Id.

The cases HP cites discussing the Federal Arbitration Act all involved appeals or challenges of prior decisions of the panel. Again, HP does not request a review of the panel decision in this case.

**III.    The claims of HP at issue in this case.**

HP's First Amended Complaint alleges Federal Trademark Infringement under 15 U.S.C. §1114, Federal Lanham Act violation under 15 U.S.C. §1125 (a) and common law trademark infringement against MITG. HP alleges that MITG's use of the domain names was likely to cause confusion, mistake or deception in the marketplace. HP further alleges that MITG's actions were intentional to try and deceive the public at large. In its arbitration complaint, HP raised the same allegations against MITG. (See Exhibit 3 of MITG's Motion for Summary Judgement). HP alleged that MITG was using domain names that were confusingly similar to HP and Compaq marks; that MITG had no rights or legitimate interests to the marks, and that MITG had used the domain names in bad faith. (See Exhibits 3 and 5 of MITG's Motion for Summary Judgment).

Collateral estoppel and res judicata require that the issue, claim, demand or cause of action brought in the second forum to be the same as those raised in the first case. The doctrines do not require a determination of all the issues; rather, as the doctrines proclaim, the issues must

have been raised in both matters and a decision rendered in the prior adjudication. HP has raised the issues in both forums.

In the arbitration process HP had to prove three elements to prevail. (See Exhibit 6 of MITG's Motion for Summary Judgment). If one was not proven, it was dispositive of the entire matter. (See Exhibit 6 of MITG's Motion for Summary Judgment). As HP failed to prove the domain names were registered and used by MITG in bad faith, the matter was decided against HP. The fact the arbitrator did not decide the other two issues does not mean they were not raised. They had to be raised by HP to try and prevail. The arbitrator simply declined to enter a finding on the other two issues. Such a decision is similar to a court disposing of a matter on one ground without addressing other issues or claims raised. As stated in the case of Storey v. Cello Holdings, Inc., 347 F.3d 270 (2nd Cir. 2003), domain-name registrants are not without use of the tools of preclusion that bar successive litigation. Storey v. Cello Holdings, Inc., 347 F.3d 370, 378 (2nd Cir. 2003). When the merits of the first action have been litigated and resolved in the domain-name registrants favor, collateral estoppel may apply. Id.

HP raised the issues in the arbitration matter that they now allege against MITG. Under the theory of collateral estoppel the case was litigated, a final judgment was entered and HP was fully represented in the prior arbitration action. Also, based on the principles of res judicata the identity of the parties was the same, there was a judgment on the merits of the claim, and the second lawsuit herein is being brought under the same transactional facts as the first.

WHEREFORE, Defendant Midwest Information Technology, Inc. prays that this Court grant its Motion for Summary Judgment and for such other and further relief as the Court deems just and proper.

        s/_____James A. Hansen_____
        Attorney for Defendant/Counterclaim Plaintiff,
        Midwest Information Technology Group, Inc.
        Schmiedeskamp, Robertson, Neu & Mitchell
        525 Jersey Street, P. O. Box 1069
        Telephone: (217) 223-3030
        Facsimile: (217) 223-1005
        E-mail: jhansen@srnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Molly Buck Richard
    The Richard Law Group
    8411 Preston Road, Suite 890
    Dallas, TX 75201-4693

    Elizann Carroll
    Juneau, Boll & Ward
    15301 Spectrum Drive, Suite 300
    Dallas, TX 75001

    Scott Spooner
    Heyl, Royster, Voelker & Allen
    Suite 575, National City Center
    1 North Old State Capitol Plaza
    P.O. Box 1687
    Springfield, IL 62705-1687

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

        s/_____James A. Hansen_____
        Attorney for Defendant/Counterclaim Plaintiff,
        Midwest Information Technology Group, Inc.
        Schmiedeskamp, Robertson, Neu & Mitchell
        525 Jersey Street, P. O. Box 1069
        Telephone: (217) 223-3030
        Facsimile: (217) 223-1005
        E-mail: jhansen@srnm.com