IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P., HEWLETT-PACKARD CO., and COMPAQ TRADEMARK B.V., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 04-3055 |
| MIDWEST INFORMATION TECHNOLOGY GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Midwest Information Technology Group, Inc.'s (Midwest) Motion for Summary Judgment (d/e 77). Midwest claims that a prior proceeding before the National Arbitration Forum (NAF) pursuant to the Uniform Domain Name Dispute Policy (Policy) has preclusive effect to bar Plaintiffs Hewlett-Packard Development Company, L.P., Hewlett-Packard Co. and Compaq Trademark B.V. (collectively HP) from bringing this action. For the reasons set forth below, the Court denies the Motion. The decision of the NAF

1

arbitrator does not have preclusive effect.

## STATEMENT OF FACTS

The facts of this case are discussed in detail in this Court's previous Opinion entered April 11, 2006 (d/e 79). Essentially, HP's predecessor entered into an agreement with Midwest by which Midwest operated a telephone call center and websites to accept orders for HP products. In the course of that relationship, Midwest registered several Internet domain names that contained various forms of HP's trademarks, such as "Hewlett-Packard," "HP," and "Compaq." HP terminated the agreement with Midwest, effective February 7, 2004. HP asked Midwest to stop using its trademarks and to turn over the Internet domain names. HP alleges that Midwest refused. HP then brought this action claiming trademark infringement, unfair competition, and violation of the Lanham Act. Plaintiffs' Original Complaint (d/e 1).

HP also commenced a proceeding before the NAF under the Policy. The Policy was established by the Internet Corporation For Assigned Names and Numbers (ICANN) as a means to resolve disputes over Internet domain names. A party wishing to challenge the use of a domain name on the Internet may file a complaint under the Policy. The Policy refers to the

complaining party as the "Complainant" and to the owner of the domain name as "You." To prevail, the complainant must prove:

> (i) your domain name is identical or confusingly similar to a trademark or service mark in which the complainant has rights; and
>
> (ii) you have no rights or legitimate interests in respect of the domain name; and
>
> (iii) your domain name has been registered and is being used in bad faith.

<u>Plaintiffs' Response to Midwest Information Technology Group, Inc.'s Motion for Summary Judgment (d/e 80), Exhibit 2, Policy</u>, ¶4. An arbitrator reviews the complaint and evidence submitted by the parties. If the arbitrator finds that the complaint is meritorious, he will enter an order in favor of the complainant. The only remedies available in the process are either cancellation of the domain name or transfer of the domain name registration to the complainant. <u>Policy</u>, ¶ 4(c)(i). All other disputes between the parties must be resolved in a different proceeding:

> All other disputes between you and any party other than [ICANN] regarding your domain name registration that are not brought pursuant to the mandatory administrative proceeding provisions of Paragraph 4 shall be resolved between you and such other party through any court, arbitration or other proceeding that may be available.

3

Id., ¶ 5.

The parties may also submit their dispute, "to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding is concluded." Id. If a lawsuit is filed, either before the arbitrator's decision is made or within ten days thereafter, ICANN will not implement the arbitrator's decision. Id. Rather, ICANN will abide by the decision from the court proceeding. Id., ¶¶ 3(b) & 4(k).

In this case, the arbitrator noted that this proceeding was pending. Defendant's Memorandum in Support of its Motion for Summary Judgment (d/e 78), Exhibit 6, Decision of David Sorkin, Arbitrator, dated April 8, 2004 (Decision) at 4. The arbitrator then found that HP failed to prove that Midwest registered the domain names in bad faith. Id. Because HP failed to prove this element, the arbitrator found in favor of Midwest. The arbitrator made no other findings on any issue.

Midwest now asks for summary judgment. Midwest argues that the prior decision has preclusive effect under both res judicata and collateral estoppel to preclude HP from proceeding with this action. HP opposes the Motion.

4

## ANALYSIS

At summary judgment, Midwest must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to HP. Any doubt as to the existence of a genuine issue for trial is resolved against Midwest. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once Midwest has met its burden, HP must present evidence to show that issues of fact remain with respect to an issue essential to its case, and on which it will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). HP has demonstrated that the arbitrator's decision under the Policy does not have preclusive effect.

The arbitrator's decision is not collateral estoppel on any issue. Collateral estoppel applies if: (1) the issue decided in the prior adjudication is identical to that presented in the instant suit; (2) the party against whom the estoppel is asserted was a party or in privity with a party to the prior litigation; (3) the issue was actually litigated; (4) the prior suit resulted in a final judgment on the merits; and (5) the issue was essential to the final

5

judgment. Chicago Truck Drivers, Helpers and Warehouse Union (Independent) Pension Fund v. Century Motor Freight, Inc., 125 F.3d 526, (7th Cir. 1997); Bickel v. Subway Development of Chicagoland, Inc., 354 Ill.App.3d 1090, 1102, 822 N.E.2d 469, 479 (Ill.App. 2004); McCulla v. Industrial Com'n, 232 Ill.App.3d 517, 519, 597 N.E.2d 875, 877 (1992).[1]

In this case, there was no final judgment because the decision of the arbitrator was not a binding decision. Either party may take the matter "to a court of competent jurisdiction for independent resolution." Policy, ¶ 4(k). Since the arbitrator's decision is not binding, it is not a final adjudication with collateral estoppel effect. Numerous courts have agreed that an arbitrator's decision under the Policy is not binding on federal court proceedings. E.g., Barcelona.com, Incorporated v. Excelentisimo Ayuntamiento De Barcelona, 330 F.3d 617, 624 (4th Cir. 2003); Dluhos v. Strasberg, 321 F.3d 365, 373-74 (3rd Cir. 2003); Sallen v. Corinthians

---

[1] The parties dispute whether federal or Illinois principles of collateral estoppel and res judicata apply in this case. Generally, the law of the forum that issues a judgment controls the preclusive effect of the judgment. Torres v. Rebarchak, 814 F.2d 1219, 1222 (7th Cir. 1987). In this case, the decision at issue was made by a private body. The Court, however, need not resolve this choice-of-law issue because Illinois and Seventh Circuit preclusion principles are substantially identical on the relevant issues.

Licenciamentos LTDA, 273 F.3d 14, 26-27 (1st Cir. 2001).[2]

The decision by the arbitrator also does not have res judicata effect. The doctrine of res judicata bars a second suit if: (1) the second suit is based on the same claim; (2) both cases involve the same parties; and (3) the first case was decided by a final judgment on the merits by a tribunal of competent jurisdiction. Smith v. City of Chicago, 820 F.2d 916, 917 (7th Cir. 1987); Spiller v. Continental Tube Co., 95 Ill.2d 423, 432, 447 N.E.2d 834, 838 (1983). As explained above, the arbitrator's decision was not a final judgment that had binding effect on the parties. Since there was no effective final judgment, res judicata does not apply.

In addition, the NAF was not competent to hear all of HP's claims. Normally, a party must bring in a single proceeding all claims of a right to a remedy that arise from a single transaction. See Crop-Maker Soil Services, Inc. v. Fairmont State Bank, 881 F.2d 436, 438-39 (7th Cir. 1989). In some situations, however, a forum has a limited authority and cannot afford relief on all theories of recovery. In that situation, the decision in a forum with

---

[2] Even if the decision had collateral estoppel effect, the arbitrator made only one finding, that Midwest did not register the domain names in bad faith. Decision at 4. Since that was the only issue actually decided that was necessary to the decision of the arbitrator, that would be the only issue which would have collateral estoppel effect.

such limited jurisdiction does not preclude a party from bringing other theories of recovery in a separate action in a forum with broader jurisdiction. <u>Parks v. Pavkovic</u>, 753 F.2d 1397, 1404 (7th Cir. 1985); <u>Airtite, a Div. of Airtex Corp., v. DPR Ltd.</u>, 265 Ill.App.3d 214, 219, 638 N.E.2d 241, 244 (1994); <u>Restatement (Second) of Judgments</u>, § 26(c) (1982). That is the situation here. The Policy provides only the limited remedies of transfer or cancellation of an Internet domain name. The Policy states that other disputes between the parties must be resolved elsewhere. Thus, even if the decision of the arbitrator was a final judgment, it would not preclude a separate action to resolve claims over which the arbitrator did not have jurisdiction under the Policy. Summary judgment is therefore denied.

THEREFORE, Defendant Midwest Information Technology Group, Inc.'s Motion for Summary Judgment (d/e 77) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: June 2, 2006.

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE